# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LINDSAY O'BRIEN QUARRIE,

    Plaintiff,

v.                                                            Civ. No. 17-350 MV/GBW

STEPHEN WELLS, *et al.*,

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT

Defendants have filed motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. *See docs. 40, 41.* In those motions, Defendants argue that, with one exception,[1] Plaintiff's First Amended Complaint (hereinafter ("FAC") fails to state claims for which relief can be granted. *See docs. 40, 41.* In an attempt to address the deficiencies highlighted by Defendants' motions, Plaintiff filed a Motion for Leave to Amend First Amended Complaint. *See doc. 57.* Defendants oppose the motion, arguing that the proposed amendment is futile as it would also be subject to dismissal under Rule 12. *See docs. 59, 60.* On January 29, 2018, the Motion for Leave to Amend First Amended Complaint was referred to the undersigned pursuant to Title 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure. *See doc. 73.* The underlying motions to dismiss have not been similarly referred and the undersigned

---

[1] The Board of Regents of the New Mexico Institute of Mining and Technology does not seek dismissal of the claim in Count I of FAC (racial discrimination) against it.

therefore expresses no opinion about their merits. Under these circumstances and based upon review of the Motion and the attendant briefing, the Court hereby GRANTS Plaintiff's Motion. *See docs. 57, 59, 60, 63.*

When a party may no longer amend its pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Circumstances justifying denial of leave include "undue delay, bad faith or dilatory motion on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]" *Foman*, 371 U.S. at 182. In this case, Defendants primarily oppose the amendment on the ground that it would be futile.

To determine if a proposed amendment is futile, the Court is to apply "the same standards that govern a motion to dismiss under Rule 12(b)(6)." *McDaniel v. Loya*, 2015 WL 1323506, * 16 (D.N.M. March 6, 2015) (citing *Ganthier v. N. Shore-Long Island Jewish Health Sys.*, 298 F. Supp. 2d 342, 349 (E.D.N.Y. 2004)). Under Rule 12(b)(6) standards, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ("[A] plaintiff must 'nudge his claims across the line from conceivable to plausible' in order to survive a motion to dismiss.").

Furthermore, plaintiff must plead more than labels, conclusions or a "formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555. Conclusory allegations of liability, without supporting factual content, are insufficient. The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). As such, a proposed amended complaint that "tenders 'naked assertions' devoid of 'further factual enhancement'" does not meet the Rule 8 standard and is futile. *Id*. (quoting *Twombly*, 550 U.S. at 557), and Fed. R. Civ. P. 8(a)(2)).

Plaintiff seeks leave to file a second amended complaint ("SAC") in order to make additions to his FAC.[2] Specifically, Plaintiff plans to provide an additional three exhibits, including his academic transcripts, a report by the Ph.D. Advisory Committee, and three affidavits regarding the June 28, 2016 meeting. *Doc. 57-1* at 27-31, 68-82. Further, Plaintiff seeks to add paragraphs within the facts section, including ¶¶ 60-62 and ¶64 of the proposed SAC. *Doc. 57-1* at 11-13. These paragraphs primarily describe the June 28, 2016 meeting, and note the attendance of individuals previously not mentioned, some of whom are the affiants in the SAC's three supplemental affidavits. *Id. See also doc. 57* at 80-91. It does not appear that these proposed additions would materially affect the resolution of the pending dispositive motions. As such, if these

---

[2] The Court dismissed with prejudice Plaintiff's claim of racial discrimination against Defendants Wells and Liebrock after Plaintiff's Motion for Leave had been fully briefed. *See doc. 67*. Therefore, this Proposed Findings and Recommended Disposition disregards any proposed amendments relating to the dismissed claim.

3

were the only proposed changes, the Court would deny the Motion for Leave to Amend.

However, the proposed SAC also alters the legal basis of at least four of Plaintiff's claims. As can be seen in their pending dispositive motions, Defendants interpreted Counts II, III, IV and V of the FAC as arising under state law. Their arguments for dismissal hinged on the general grant of immunity provided by the New Mexico Tort Claims Act ("NMTCA") and the lack of applicable exception thereto. *See* N.M.S.A. § 41-4-1, et. seq. The SAC makes clear that these claims are brought under federal law pursuant to 42 U.S.C § 1983. Consequently, the SAC would moot their arguments for dismissal.

The Court recognizes that, in their Responses, Defendants broadly argue that these claims would also not survive under federal law. These arguments appear to be based upon qualified immunity. However, because of the procedural posture, the analysis is understandably truncated. *See docs. 59, 60*. Under these circumstances, the most efficient course is to allow Plaintiff to file his SAC and have Defendants file updated dispositive motions, enabling the Court to review the facts and law fully briefed in a procedurally clean manner. Therefore, the Court GRANTS Plaintiff's Motion for Leave to Amend (*doc. 57*). Plaintiff may file the proposed Second Amended Complaint (*doc. 57*-1).

GREGORY B. WORMUTH
United States Magistrate Judge