# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LINDSAY O'BRIEN QUARRIE,

    Plaintiff,

v.                                   No. CIV 17-350-MV-GBW

STEPHEN WELLS, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING SAUCEDO DEFENDANTS' MOTION TO DISMISS
## & GRANTING IN PART AND DENYING IN PART
## NMT DEFENDANTS' MOTION TO DISMISS

THIS MATTER is before the Court on Plaintiff's Objections (*doc. 89*) to the Magistrate

Judge's Proposed Findings and Recommended Disposition ("PFRD") (*doc. 88*).  The Magistrate

Judge recommended granting in full Saucedo Defendants' Motion to Dismiss (*doc. 78*) and

granting in part and denying in part NMT Defendants' Motion to Dismiss (*doc. 76*).  Having

conducted an independent, *de novo* review of both Motions to Dismiss (*docs. 76, 78*), the

attendant briefing (*docs. 79, 80, 81, 83*), and the Magistrate Judge's PFRD (*doc. 88*), this Court

overrules Plaintiff's objections and adopts the PFRD.

## BACKGROUND

Plaintiff filed his Second Amended Complaint, the operative complaint in this action, on

February 14, 2018.[1]  *Doc. 75*.  He alleged claims against Defendants Board of Regents of the

---

[1] As noted in the PFRD, *see doc. 88* at 3, this is not Plaintiff's first suit involving the New Mexico Institute of Mining and Technology.  Plaintiff's prior suit was dismissed with prejudice on January 6, 2015. *See Quarrie v. New Mexico Inst. of Mining & Tech., et al.*, No. 13-cv-0349 MV/SMV, 2014 WL 11456614 (D.N.M. Jan. 6, 2015). Plaintiff does not object to the Magistrate Judge's conclusion that any relitigation of the issues involved in that suit is precluded.  *See doc. 89* at 8 ("Plaintiff is in full concurrence with the magistrate judge's position" on this point).

New Mexico Institute of Mining and Technology, Lorie Liebrock, Daniel Lopez, Warren Ostergren, Kevin Wedeward, and Stephen Wells ("NMT Defendants") and against SaucedoChavez, P.C. and Christopher Saucedo ("Saucedo Defendants"). On February 28, 2018, NMT Defendants, who were named in all counts of the Second Amended Complaint, moved to dismiss all claims against them except for the Title VI claim of racial discrimination. *Doc. 76.* Also on February 28, 2018, Saucedo Defendants moved to dismiss all claims against them. *Doc. 78.* Saucedo Defendants, however, were only included in Counts I and V of the Second Amended Complaint, in claims for defamation and a permanent injunction prohibiting further defamation. *Doc. 75* at 19–24.

On August 21, 2018, this Court referred the case to Magistrate Judge Gregory B. Wormuth, pursuant to 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990). *See doc. 85.* The Magistrate Judge subsequently issued a Proposed Findings and Recommended Disposition ("PFRD") on October 22, 2018. *Doc. 88.* The Magistrate Judge recommended dismissal of the following for failure to state a claim: Counts I and II (constitutional defamation claims against NMT Defendants and Saucedo Defendants), Count IV (unconstitutional deprivation of a property right in application fees under 42 U.S.C. § 1983), and the portion of Count V requesting an *Ex Parte Young* injunction prohibiting future defamation. *See id.* at 1, 2, 26–27. He recommended denial of NMT Defendants' Motion to Dismiss as it pertained to the Count V request for injunctive relief against racial discrimination. *See id.* at 27.

Plaintiff filed his objections to the PFRD on November 5, 2018. *Doc. 89.* He objects to all of the Magistrate Judge's recommendations except for the recommendation to deny NMT Defendants' Motion to Dismiss on the Count V claim for injunctive relief against racial

discrimination. *See id.* at 2. Ultimately, following a *de novo* review, the Court finds Plaintiff's objections to be without merit and adopts the recommendations of the Magistrate Judge.

## LEGAL STANDARD

Defendants' Motions (*docs. 76*, *78*) were referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). *See doc. 85.* Under that referral provision, the Court's standard of review of a magistrate judge's PFRD is *de novo*. *See* 28 U.S.C. § 636(b)(1)(C). When resolving objections to a magistrate judge's PFRD, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Moreover, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). *See also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.")

In adopting a PFRD, the district court need not "make any specific findings; the district court must merely conduct a de novo review of the record." *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000). "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient." *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996) (citing *In re Griego*, 64 F.3d at 583–84). "[E]xpress references to de novo review in its order must be taken to mean it

properly considered the pertinent portions of the record, absent some clear indication otherwise." *Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42*, 8 F.3d 722, 724 (10th Cir. 1993). A "terse" order containing one sentence for each of the party's "substantive claims," which did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion," has been held sufficient. *Garcia*, 232 F.3d at 766. The Supreme Court has explained that "in providing for a de novo determination rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (quoting 28 U.S.C. § 636(b)) (citing *Mathews v. Weber*, 423 U.S. 261, 275 (1976)).

Federal Rule of Civil Procedure 12(b)(6) permits the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Specifically, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing whether a complaint meets this standard, the Court is to first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Then, accepting only the well-pleaded factual allegations as true and viewing them in the light most favorable to the plaintiff, the court is to consider whether "they plausibly give rise to an entitlement to relief." *Barrett v. Orman*, 373 F. App'x 823, 825 (10th Cir. 2010) (unpublished) (quoting *Iqbal*, 556 U.S. at 677–78); *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Where, as here, a party is proceeding *pro se*, the court is to liberally construe his pleadings. *Casanova*, 595 F.3d at 1125. "But the court [is] not [to] 'assume the role of advocate for the pro se litigant.'" *Baker v. Holt*, 498 F. App'x 770, 772 (10th Cir. 2012) (unpublished) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). In other words, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110.

## ANALYSIS

### I. Defamation Claims

Plaintiff objects to the Magistrate Judge's recommendation to dismiss his constitutional defamation claims on the following grounds: (1) the Fourteenth Amendment guarantees equal protection and treatment; (2) Plaintiff is not required to show that he has a constitutional or state right to public higher education, but only that New Mexico has undertaken to provide public higher education; (3) Plaintiff was deprived of his right to equal protection by NMT Defendants' refusal to admit him based on their defamation; and (4) Plaintiff has met the requirements of the stigma-plus rule of *Paul v. Davis*, 424 U.S. 693 (1976). *Doc. 89* at 13. For the following reasons, the Court will overrule Plaintiff's objections and adopt the recommendations contained in the PFRD.

### A. Plaintiff may not raise new theories at the objections stage.

At the outset, the Court notes that Plaintiff is barred from raising any new theories in his Objections to the PFRD. *See Garfinkle*, 261 F.3d at 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). Therefore, to the extent that Plaintiff raises a Fourteenth Amendment equal protection argument for the first time in these Objections, that theory is waived and the Court is

not required to consider it. There is no mention of equal protection or treatment in the Second Amended Complaint (*doc. 75*), Plaintiff's Response to Saucedo Defendants' Motion to Dismiss (*doc. 79*), or Plaintiff's Response to NMT Defendants' Motion to Dismiss (*doc. 80*). Instead, Plaintiff proceeded under the theory that the alleged defamation violated his liberty interest and property rights. *See doc. 75* at 19–21. However, in the interest of cleanly disposing of Plaintiff's Objections, the Court will briefly discuss why Plaintiff fails to state a defamation claim in conjunction with the Equal Protection Clause as well.

    B. <u>Plaintiff fails to state a defamation claim based on a violation of equal protection.</u>

    Plaintiff argues that, because Defendants violated his right to equal protection under the Fourteenth Amendment by refusing to readmit him based on their defamation, his claim satisfies the "stigma-plus" rule of *Paul v. Davis*. *See doc. 89* at 13. Even construing Plaintiff's claims liberally, this argument fails for two reasons.

    First, Plaintiff appears to have confused equal protection rights with due process rights. A constitutional violation of equal protection, even if it could be shown,[2] would not give rise to a constitutional defamation claim. Defamation may rise to the level of a constitutional claim where it "involve[s] the deprivation of a liberty or property interest protected under the Constitution." *Hadley v. Moon*, 1994 WL 582907 at *1 (10th Cir. Oct. 21, 1994) (unpublished) (citing *Davis*, 424 U.S. at 709–12). This Court, upon *de novo* review, agrees with the Magistrate Judge's analysis and conclusion that Plaintiff has failed to identify a liberty or property interest of which he was deprived. *See doc. 88* at 6–15. Plaintiff argues that he was, contrary to the Magistrate Judge's determination, deprived of a property interest in public higher education and

---

[2] The Court declines to analyze Plaintiff's equal protection argument outside of the defamation context because Plaintiff's claim is one of constitutional defamation, not denial of equal protection. Plaintiff may not, at this stage, transform his constitutional defamation claim into an equal protection claim.

identifies the "determinative questions" as follows: "(1) Is there a right to public higher education in New Mexico? (2) If so, did NMT deny Plaintiff the equal protection of that right?" *Doc. 89* at 4. While the first question is certainly determinative, the second confuses the rule of *Davis* and its progeny. Though both are enumerated in the Fourteenth Amendment, *see* U.S. Const. amend. XIV, § 1, "the Due Process Clause and Equal Protection Clause 'trigger[]…distinct inquir[ies].'" *O'Neal v. Newton-Embry*, 501 F. App'x 718, 726 (10th Cir. 2012) (modifications in original) (quoting *Evitts v. Lucey*, 469 U.S. 387, 405 (1985)). A constitutional defamation claim may be supported by an accompanying deprivation of liberty or property interests, but the *Davis* rule does not allow constitutional defamation claims accompanied solely by a violation of the right to equal protection. *See Davis*, 424 U.S. at 709–12.

Second, a right to equal protection in higher education does not establish a property interest in higher education. The fact that state governments providing public higher education must do so in a non-discriminatory fashion does not, contrary to Plaintiff's assertion (*see doc. 89* at 4–5), create a property interest in public higher education. Indeed, Plaintiff's own cited legal authority contradicts him. He states: "Thus, even though '[t]he United States Constitution does not secure to [one] the right to an education', it does secure his 'right to *equal treatment* where the state has undertaken to provide public education to the persons within its borders.'" *Doc. 89* at 5 (modifications and emphasis in original) (quoting *Flemming v. Adams*, 377 F.2d 975, 977 (10th Cir. 1967)). The Tenth Circuit in *Flemming*, however, specifically explained the distinction between a constitutional right to education (which does not exist) and an equal protection-based right to equal treatment in education where the state has undertaken to provide public education. *Id.* at 977–78 (citing *Brown v. Bd. of Educ.*, 347 U.S. 483 (1954)). Students

and applicants have a right to equal treatment in public higher education, but this does not confer a *right to public higher education*. Plaintiff cites no case law to the contrary. Therefore, the Court adopts the Magistrate Judge's conclusion that Plaintiff has demonstrated no state or federal right to public higher education.[3] Plaintiff raises no objections to the Magistrate Judge's conclusions that he was not deprived of an interest in continued or future employment. Accordingly, this Court agrees with and adopts the PFRD's determination that Plaintiff has failed to state a claim of constitutional defamation.

    C.   The Court is not required to accept Plaintiff's legal conclusions as true.

Plaintiff argues that "NMT Defendants have refused, contrary to the standard of review, to accept as true Plaintiff's well-pled factual allegations that he was defamed by NMT Defendants and that their defamation of him has a direct causal link to their refusal to readmit him." *Doc. 89* at 7. This characterization of the 12(b)(6) pleading standard is inaccurate. While the Court must accept as true all of Plaintiff's well-pleaded *factual* allegations on a motion to dismiss, it is not required to accept as true his *legal* conclusions. *Iqbal*, 556 U.S. at 678. Neither Defendants nor the Court must accept as true Plaintiff's allegation that Defendants defamed him. Indeed, whether Defendants defamed Plaintiff is one of the very legal questions at issue in this case.

Similarly, the Court is not required to accept as true all of Plaintiff's allegations about his prior dismissal from NMT's PhD program. For instance, the Court is certainly not required to accept as true Plaintiff's allegation that his due process rights were violated by his termination

---

[3] Because Plaintiff has failed to demonstrate the deprivation of an educational or other property right or liberty interest, the Court need not (and does not) address any of the further considerations mentioned by Plaintiff, *see doc. 89* at 7, 10.

from the program (*see doc. 89* at 10). Even setting aside the question of preclusion, this allegation is a legal conclusion not entitled to automatic acceptance by the Court.

In any event, however, facts relating to the reasons for Defendants' alleged defamation are irrelevant because of Plaintiff's failure to demonstrate the deprivation of an accompanying property or liberty interest. Therefore, Plaintiff fails to state a constitutional defamation claim as against both NMT Defendants and Saucedo Defendants.

## II.    Application Fee Deprivation Claim

Plaintiff presents two arguments in favor of his position that NMT Defendants' acceptance of his $45 application fee without responding to his application deprived him of a property right without due process. The first is that because NMT Defendants violated Plaintiff's Fourteenth Amendment right to equal protection, and New Mexico has undertaken to provide public higher education, Plaintiff has established a property interest in receiving a response for his application fee. *See doc. 89* at 11–12. The second, alternative argument is that the New Mexico Constitution creates such a property interest, because it protects the "inherent and inalienable rights" of persons including "possessing and protecting property." *Doc. 89* at 15 (quoting N.M. Const. art. II, § 4).

Plaintiff's first argument is untenable for the same reasons discussed above in relation to his defamation claims. A right to equal treatment in a particular arena does not, without more, create a property interest. *Flemming*, cited by Plaintiff once again, establishes only that public higher education must not be provided in a discriminatory manner; it does *not* establish a freestanding right to public higher education. 377 F.2d at 977. Therefore, Plaintiff's argument that he can establish a constitutionally protected property right by way of showing unequal treatment, *see doc. 89* at 14–15, is without merit. Moreover, once again, Plaintiff is not entitled

to introduce new theories at the objections stage. *See Garfinkle*, 261 F.3d at 1031. Plaintiff's Second Amended Complaint contains no reference to the Equal Protection Clause or to equal treatment. *See doc. 75* at 22.

As for Plaintiff's second argument, while the New Mexico Constitution does establish a general right to *possess property*, it does not establish a right to receive a response to one's application in exchange for one's application fees. *See* N.M. Const. art. II, § 4. This Court agrees with the Magistrate Judge's reasoning that Plaintiff "has not cited to any state law (or any other independent source) that would serve as the source of a property interest in application fees." *Doc. 88* at 18. None of the arguments made in Plaintiff's Objections successfully challenge this conclusion. Accordingly, Plaintiff's due process argument fails and the claim must be dismissed.

## III.    Injunctive Relief Claim

Plaintiff objects to the Magistrate Judge's recommendation to dismiss his claim for injunctive relief against further defamation on the grounds that "Plaintiff has indeed stated a valid federal defamation claim against both NMT Defendants and Saucedo Defendants." *Doc. 89* at 16. In light of the foregoing determinations that Plaintiff has not stated a valid federal defamation claim against either defendant, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's recommendation.

## CONCLUSION

It is therefore ORDERED, ADJUDGED, AND DECREED that Plaintiff's Objections (*doc. 89*) are overruled, and the Magistrate Judge's Proposed Findings and Recommended Disposition (*doc. 88*) is ADOPTED upon *de novo* review.

IT IS FURTHER ORDERED that Saucedo Defendants' Motion to Dismiss (*doc. 78*) is GRANTED in its entirety. NMT Defendants' Motion to Dismiss (*doc. 76*) is GRANTED as it pertains to Counts I and II (defamation), Count IV (deprivation of property right in application fee), and the Count V request for injunctive relief against further defamation; and DENIED as it pertains to the Count V request for injunctive relief against discrimination. Plaintiff's claims in Counts I, II, IV, and V (for defamation, deprivation of property right in application fee, and injunctive relief against further defamation) are hereby DISMISSED WITH PREJUDICE.

_____
**MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE**