IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LINDSAY O'BRIEN QUARRIE,

    Plaintiff,

v.                                                     Civ. No. 17-350 MV/GBW

STEPHEN WELLS, *et al.*,

    Defendants.

## ORDER DENYING MOTION FOR SANCTIONS

THIS MATTER comes before the Court on NMT Defendants' Motion for Rule 11 Sanctions. *Doc. 105*. Defendants ask the Court to impose sanctions on Plaintiff for misconduct in filing his Motion for Leave to Amend Second Amended Complaint (*doc. 94*). For the reasons that follow, the Court finds that Plaintiff's conduct does not merit sanctions under Rule 11, and therefore DENIES Defendants' Motion.

### I.    BACKGROUND

Defendants filed their Motion for Rule 11 Sanctions on April 11, 2019, seeking sanctions of attorney's fees and costs related to Plaintiff's Motion for Leave to Amend Second Amended Complaint (*doc. 94*). *Doc. 105*. Prior to filing their sanctions motion, Defendants served the motion on Plaintiff via email on March 20, 2019. *Id*. at 1. Defendants then waited twenty-one days before filing as required by Fed. R. Civ. P. 11(c)(2).

Plaintiff filed a response on April 25, 2019, in which he argued that 1) Defendants' sanctions motion was untimely because they had already responded to Plaintiff's Motion to Amend, 2) Defendants themselves should be sanctioned, and 3) Plaintiff's Motion to Amend did not merit sanctions. *Doc. 113*. Rather than presenting an independent argument as to why the Motion to Amend did not merit sanctions, Plaintiff "incorporate[d] by reference" his Reply to his Motion to Amend (*doc. 100*) and his Objections to the PFRD on the Motion to Amend (*doc. 110*), apparently believing that an appropriate response to the Motion for Sanctions was contained somewhere therein.

Defendants filed their reply on May 9, 2019. *Doc. 119*. The Motion for Sanctions is now before the Court.

### II. LEGAL STANDARD

Rule 11 of the Federal Rules of Civil Procedure permits the court to sanction any attorney, law firm, or party that has violated the provisions of Rule 11(b). Fed. R. Civ. P. 11(c). The court may impose sanctions *sua sponte*, "after notice and a reasonably opportunity to respond," or upon motion of a party. Fed. R. Civ. P. 11(c)(1)–(2). "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Motions for sanctions must be served under Rule 5, and may not be filed or otherwise presented to the court if the challenged filing is withdrawn or corrected within 21 days. *Id*.

2

An attorney or unrepresented party is subject to sanctions for violations of Rule 11(b). This rule states:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of that person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b). Therefore, Rule 11 enables sanctions against attorneys or unrepresented parties "who file signed pleadings, motions or other papers in district court which are not well grounded in fact, are not warranted by existing law or a good faith argument for its extension, or are filed for an improper purpose." *Enterprise Management Consultants, Inc. v. United States*, 883 F.3d 890, 895 (10th Cir. 1989) (citation omitted). The standard of Rule 11 is one of "reasonableness under the circumstances." *Burkhart ex rel. Meeks v. Kinsley Bank*, 804 F.2d 588, 589 (10th Cir. 1986) (citing Rule 11 Notes of Advisory Committee on 1983 amendments). District courts have "broad discretion to impose Rule 11 sanctions." *King v. Fleming*, 899 F.3d 1140, 1148 (10th Cir. 2018) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 407 (1990)).

"[A] plaintiff proceeding pro se is not excused from complying with rule 11's requirements." *Duncan v. Citibank (S.D.), N.A.*, 2007 WL 1302648, at *4 (D.N.M. Mar. 31, 2007) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). "In order to comply with Rule 11 and avoid sanctions thereunder, a *pro se* party's actions must be objectively reasonable." *Clements v. Chapman*, 189 F. App'x 688, 692–93 (10th Cir. 2006) (citing *White v. Gen. Motors Corp.*, 908 F.2d 675, 680 (10th Cir. 1992)). However, "[a] litigant's pro se status may certainly be considered when determining whether to impose Rule 11 sanctions." *McCormick v. City of Lawrence*, 218 F.R.D. 687, 690 (D. Kan. 2003) (citing Rule 11 Notes of Advisory Committee on 1983 amendments). Under the Rule 11 standard, "the court must determine what a reasonable person in the *pro se* litigant's position would have done." *Sieverding v. Colorado Bar Ass'n*, 2003 WL 22400218, at *28 (D. Colo. October 14, 2003) (*aff'd* 126 F. App'x 457 (10th Cir. 2005)).

III. ANALYSIS

Defendants argue that both the previously dismissed claims and the new claims contained in the proposed Third Amended Complaint ("TAC") (*doc. 94-1*) attached to Plaintiff's Motion to Amend are presented for an improper purpose and lack legal and factual support.

A. Previously Dismissed Claims

Plaintiff's proposed TAC included several claims previously dismissed by the Court's Memorandum Opinion and Order (*doc. 90*). *See doc. 94-1*; *doc. 1040* at 3 (listing

4

all dismissed claims in the TAC). Defendants ask the Court to sanction Plaintiff for the inclusion of the previously-dismissed claims, as well as for reviving issues related to his 2012 termination from NMT's PhD program. *Doc. 105* at 6–7.

The Court notes, at the outset, the highly unsatisfactory nature of Plaintiff's response to the Motion for Sanctions. *See doc. 113*. Plaintiff spends the majority of his response discussing Defendants' conduct, devoting only a single paragraph to the question of whether his Motion to Amend violates Rule 11. *See id.* at 4. In that single paragraph, he states simply that his Motion to Amend and proposed TAC do not violate Rule 11 "for the reasons that Plaintiff has already articulated at length in both his Reply to NMT Defendants' Response and his Objections." *Id*. He therefore "incorporates…by reference" those filings, without any specific citations or any explanation of his reasoning. *See id*.

The Court will not "sift through" the record to find evidence, "nor manufacture a party's argument for him." *Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1513 (10th Cir. 1990) (citations omitted). Parties must provide "specific references to the relevant passages" in documents that they wish the Court to consider. *Id*. at 1514 (citations omitted). Plaintiff is therefore warned that the Court will not salvage arguments that are not clearly articulated (or that are not articulated at all), nor will it sift through entire documents to find vaguely referenced information.

5

Notwithstanding Plaintiff's lack of cogent argument in response,[1] however, the Court in its discretion finds that inclusion of the previously-dismissed claims in the proposed TAC does not rise to the level of Rule 11 misconduct. Though the inclusion of these claims was certainly not procedurally proper, it represented a relatively minor procedural error that was not unreasonable in light of Plaintiff's *pro se* status. *See Sieverding*, 2003 WL 22400218, at *28 (*aff'd* 126 F. App'x 457) ("the court must determine what a reasonable person in the *pro se* litigant's position would have done"). "The imposition of Rule 11 sanctions is properly reserved for exceptional circumstances, and motions 'should not be made or threatened for minor, inconsequential violations of the standards.'" *United States ex rel. Maxwell v. Kerr Mc-Gee Oil & Gas Corp.*, 2010 WL 582393, at *8 (D. Colo. Feb. 17, 2010) (quoting *Wartsila NSD North America, Inc. v. Hill International, Inc.*, 315 F.Supp.2d 623, 627–28 (D.N.J. 2004)).

Plaintiff has acknowledged his error in this instance, and the Court will accept Plaintiff's representation that his albeit-misguided intention was to preserve the issues for appeal rather than to attempt to relitigate them. *See doc. 110* at 12. The Court therefore finds that Plaintiff's error was minor and reasonable for a litigant in his position, and declines to impose Rule 11 sanctions.

---

[1] The other arguments in Plaintiff's response are no more enlightening. Plaintiff cites no case law or other source, and this Court is aware of none, to support his assertion that Defendants' Motion for Sanctions was untimely because they had already responded to the objectionable Motion to Amend. *See doc. 113* at 2–3. His second argument, that Plaintiff should not be sanctioned because Defendants' own actions merit sanctioning, is similarly without merit. *See id.* at 3 – 4. Defendants' alleged misconduct does not affect whether Plaintiff's Motion to Amend violated Rule 11. If Plaintiff wishes to move for sanctions against Defendants, he must do so in a separate motion—as, indeed, he has already done, *see doc. 118*.

The Court also finds no Rule 11 violation in Plaintiff's references to issues regarding his termination from the PhD program. The issue preclusive effect of prior litigation concerning Plaintiff's dismissal from NMT has not been squarely addressed or decided by this Court. *See doc. 88* at 3.[2] As a result, the Court cannot say that Plaintiff's arguments are so legally baseless as to be considered frivolous. Rule 11(b) requires only that filings be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b).

Finally, the Court discerns no improper purpose in Plaintiff's inclusion of the previously dismissed claims or elsewhere in his Motion to Amend. The Court is convinced that Plaintiff filed his Motion to Amend (*doc. 94*) for the genuine purpose of adding the proposed new claims. While this purpose may not justify amendment under Rule 15, and may even in some cases constitute an improper reason for amendment, it is not improper within the meaning of Rule 11(b). *See* Fed. R. Civ. P. 11(b)(1) (examples of improper motive include filing to "harass, cause unnecessary delay, or needlessly increase the cost of litigation"). The Court therefore finds no Rule 11 violation.

---

[2] The PFRD's mention of issue preclusion was not only brief and in passing, but did not identify which specific issues may or may not have been essential to any previous claim determinations.

B. <u>New Claims</u>

Defendants also argue that the newly added claims in the proposed TAC violate Rule 11 because they are essentially identical to previous claims that were dismissed by the Court, and are therefore without legal support. *Doc. 105* at 7 – 9.

While the "new" claims are certainly similar to some of the dismissed ones, the Court does not find that they are identical. The equal protection claim in the proposed TAC, for example, is not the same as the constitutional defamation claims contained in the Second Amended Complaint ("SAC"). Nor, contrary to Defendants' assertion, *see doc. 105* at 8, was the equal protection issue decided by the Court's previous order. The Court found that a constitutional defamation claim could not be based on an equal protection violation, *see doc. 90* at 6; it did not find that an equal protection claim could not be based on defamation unequally applied.

There exists a greater level of similarity between the liberty interest claim of the proposed TAC and the dismissed property interest claim of the SAC. In the proposed TAC, Plaintiff claims a deprivation of the liberty to apply for readmission to NMT, *doc. 94-1* at 37; in the SAC, Plaintiff claimed deprivation of a financial property right to receive a decision in return for his application fee, *doc. 74* at 22. These claims are facially different and based on different facts (right to apply versus right to receive a decision in exchange for application fees). Defendants are certainly correct in stating that the Court established the nonexistence of a right to higher education in its prior order, *see doc. 90* at 8, and that the existence of such a right is essential to the liberty interest claim of the

8

proposed TAC. However, a bad or meritless legal argument is not necessarily a frivolous one. The Court discerns no improper purpose such as delay or harassment in Plaintiff's filing his Motion to Amend, and finds that it was not unreasonable for a *pro se* litigant in Plaintiff's position to believe that these newly added constitutional claims were sufficiently distinct to represent new claims rather than ones previously dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court finds no Rule 11 violation with respect to Plaintiff's Motion to Amend (*doc. 94*).[3] NMT Defendants' Motion for Rule 11 Sanctions (*doc. 105*) is therefore DENIED.

Rule 11(c)(2) provides that, "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). The Court finds that Defendants were not unreasonable in filing their Motion for Sanctions, and such award is not warranted here.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

[3] The current sanctions motion, and this Order, applies only to Plaintiff's *first* Motion for Leave to Amend Second Amended Complaint (*doc. 94*). Upon initial review, Plaintiff's *subsequent* Motion for Leave to Amend Second Amended Complaint (*doc. 119*) (filed prior to any ruling on his motion to withdraw his first Motion to Amend), as well as his Motion for Sanctions (*doc. 118*), may indeed be frivolous and sanctionable under Rule 11. However, these must be addressed, if at all, in a separate Rule 11 sanctions motion should Defendants elect to file one after the required twenty-one day "safe harbor" period has elapsed.