IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LINDSAY O'BRIEN QUARRIE,

    Plaintiff,

v.                                                 No. 2:17-cv-00350-MV-GBW

STEPHEN WELLS, individually and in his
official capacity, LORIE LIEBROCK,
individually and in her official capacity,
KEVIN WEDEWARD, individually and in
his official capacity, DANIEL LOPEZ,
individually, WARREN OSTERGREN,
individually, SAUCEDO CHAVEZ, P.C.,
individually and their official capacities,
CHRISTOPHER SAUCEDO, individually
and in his official capacity, and the BOARD
of REGENTS of the NEW MEXICO
INSTITUTE of MINING and TECHNOLOGY,
in their official capacities,

    Defendants.

## NMT DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS UNDER RULE 11 AGAINST NMT DEFENDANTS' COUNSEL

Defendants Board of Regents of the New Mexico Institute of Mining and Technology ("NMT"), Stephen Wells, Lorie Liebrock, Kevin Wedeward, Daniel Lopez, and Warren Ostergren (collectively "NMT Defendants"), by and through their attorneys, Conklin, Woodcock & Ziegler, P.C., submit their Response in Opposition to Plaintiff's Motion for Sanctions under Rule 11 Against NMT Defendants' Counsel (Doc. 118). Plaintiff is asking this Court to sanction another parties' counsel for setting forth factual and legal argument to which Plaintiff does not agree. This is not a proper basis for entering a sanctions award under Rule 11. The NMT Defendants request that Plaintiff's Motion be denied in its entirety.

**ARGUMENT**

Rule 11 mandates that when presenting to the court a pleading, written motion, or other paper:

> an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;
>
> (4) the denials of factual contentions are warranted on the evidence….

Fed. R. Civ. P. 11(b)(1)-(4). Plaintiff argues that undersigned counsel violated subparagraph (3) of Rule 11 with three purported misrepresentations contained in the NMT Defendants' Response in Opposition to Plaintiff's Motion for Leave to Amend Second Amended Complaint (Doc. 99), as follows:

- "In fact, Plaintiff's Motion for Leave and TAC does not even acknowledge that his claim for Malicious and Conspiratorial Deprivation of Financial Property Right was dismissed." (Doc. 99, p. 3)

- "Plaintiff acknowledged that he seeks to file his proposed TAC in response to this Court's Memorandum Opinion and Order." (Doc. 99, p. 5)

- "Plaintiff's argument is difficult to follow as he appears to suggest under the doctrine of issue preclusion, he is permitted to re-litigate any prior claims he had concerning his termination from the PhD program in 2012." (Doc. 99, p. 7)

*See* Motion for Sanctions, pp. 3, 5, and 7. Defendants will address each of these statements in turn.

### I. The statement found at page 3 of the Response was corrected by the Notice of Errata, and withdrawn as permitted by the Safe Harbor Provision of Rule 11.

On April 11, 2019, the NMT Defendants filed a Notice of Errata (Doc. 106) withdrawing the statement cited above at page 3 of the Response. In the Notice of Errata, the NMT Defendants noted that the statement was based on a misreading of Plaintiff's Motion for Leave. *See* Doc. 106. The NMT Defendants acknowledge that the error in the briefing was not noticed until Plaintiff served his Motion for Sanctions, and upon review of the served Motion for Sanctions, the NMT Defendants promptly filed the Notice of Errata. Thus, the erroneous statement was corrected and withdrawn once it was brought to the attention of undersigned counsel.

Evidently, this is not enough for Plaintiff. In a footnote, Plaintiff acknowledges that the Notice of Errata was filed. *See* Motion for Sanctions, fn. 1. However, he argues that undersigned counsel should still be sanctioned because the Motion for Leave "could not possibly have been misread, since it was crystal clear," and that somehow undersigned counsel "has failed to explicitly take responsibility for her own behavior." *Id.*

Plaintiff's position is contrary to the safe harbor provision of Rule 11. The safe harbor provision "is intended to give the parties at whom the motion is directed an opportunity to withdraw or correct the offending contention." *Hutchison v. Pfeil*, 208 F.3d 1180, 1184 (10th Cir. 2000) (internal citations and quotations omitted). With the filing of the Notice of Errata, this is precisely what was done. It does not matter if Plaintiff believes undersigned counsel could not

have possibly misread his briefing.  Likewise, the filing of the Notice of Errata provided notice to Plaintiff and the Court that a mistake was made, and the mistake was corrected.

Undersigned counsel vehemently denies any ill intent and certainly denies this statement was malicious or defamatory as suggested by Plaintiff.  Moreover, Plaintiff has made no showing in his Motion that the statement was malicious or defamatory.  Finally, Plaintiff's belief that his Motion for Leave and corresponding proposed Third Amended Complaint were "crystal clear" is not supported by a review of those filings.  The Motion acknowledged the dismissal of his claim for Malicious and Conspiratorial Deprivation of Financial Property Right (which the NMT Defendants noted in the Notice of Errata), but the proposed Third Amended Complaint continued to allege this claim (as well as all other claims dismissed in the Memorandum Opinion and Order). Plaintiff has since admitted that the inclusion of this dismissed claim was based upon his mistaken belief as to the pleading requirements and practices, but his admitted mistake does not make his briefing "crystal clear" as he suggests.  *See* Plaintiff's Objections to Proposed Findings and Recommended Disposition (Doc. 110), p. 12.

Because the erroneous statement was withdrawn and corrected in accordance with Rule 11's safe harbor provision, sanctions are not appropriate under Rule 11.  Plaintiff's Motion is properly denied.

**II. Statements concerning Plaintiff's motivations in moving to amend were based upon the NMT Defendants' view of the posture of the case, and such statements had factual and evidentiary support.**

In the Response in Opposition to Plaintiff's Motion for Leave, the NMT Defendants presented several arguments to support denial of Plaintiff's Motion to include the Motion's untimeliness, and that its presentation was made to salvage lost claims and/or to create a moving target of the Plaintiff's pleading.  To support these legal arguments, the NMT Defendants argued that "Plaintiff acknowledged that he seeks to file his proposed TAC in response to this Court's

4

Memorandum Opinion and Order." *See* Doc. 99, p. 5. To support this statement, the NMT Defendants cited to Plaintiff's Motion for Leave whereby he stated that his "proposed Third Amended Complaint and corresponding Motion were drafted and filed as quickly as possible after the Court issued its decision in its Memorandum Opinion and Order." *See* Motion for Sanctions, pp. 5-6. While Plaintiff provides an explanation in his Motion for Sanctions as to what he "clearly meant" in his briefing, the quoted language can be and in fact, was construed as it was written; the proposed amendment was submitted in response to the Court's Memorandum Opinion and Order.

While Plaintiff may disagree with the NMT Defendants' assessment of the timing of his filing as well as the reasons he requested permission to file his proposed Third Amended Complaint, the statement contained in the Response had factual and evidentiary support. The NMT Defendants do not accept Plaintiff's version of events or even accept his view of his motives in submitting the proposed amendment. Presenting a counter-argument to Plaintiff's view does not make it wrong, false, or worthy of a Rule 11 sanction. Plaintiff's Motion is properly denied.

### III. Statements concerning Plaintiff's ability to relitigate his termination from the PhD program were based upon the NMT Defendants' view of existing law as to Plaintiff's ability to relitigate that claim or issue.

Plaintiff's disagreement over the NMT Defendant's position on the application of the doctrines of claim preclusion or issue preclusion does not support a Rule 11 sanction. As noted in the Response, the NMT Defendants stated that "Plaintiff's argument is difficult to follow as he appears to suggest under the doctrine of issue preclusion, he is permitted to re-litigate any prior claims he had concerning his termination from the PhD program in 2012." *See* Doc. 99, p. 7. Plaintiff takes issue with this statement and then provides this Court with a cursory recitation of the differences between claim preclusion and issue preclusion. *See* Motion for Sanctions, pp. 6-8.

5

It is undisputed (even by Plaintiff) that he cannot relitigate the claims that were dismissed in his 2013 lawsuit.  *See* Motion for Sanctions, p. 6.  However, he claims that he can relitigate the "issue" of his 2012 termination from the PhD program.  *Id.*  The source of confusion in following Plaintiff's argument concerns his statements to the effect that the doctrine of issue preclusion allows him to litigate this "issue."  *See* Motion for Sanctions, p. 6 (citing to Motion for Leave).  The doctrine of issue preclusion is raised by the defense to potentially dismiss already litigated issues.  It is not a doctrine used to allow or permit the litigation of such issues.

More importantly, there is a fundamental disagreement between Plaintiff and the NMT Defendants as to Plaintiff's ability to litigate any issues related to his 2012 termination from PhD program.  The NMT Defendants maintain that under the doctrines of both claim preclusion and issue preclusion (as well as statute of limitations grounds) that Plaintiff is barred from litigating any claims or issues related to his 2012 termination.  The NMT Defendants have not expressly moved to dismiss "this issue" because in reading the controlling Complaint and the proposed Third Amended Complaint (1st version), how Plaintiff intended to litigate this "issue" was unclear.  Tellingly, the "issue" does not appear to be part of his legal claims, but rather, simply contained in the controlling complaint and the proposed Third Amended Complaint as a factual allegation[1].  Hence, there is confusion on how Plaintiff is posturing his every changing claims.

Whether or not Plaintiff believes that the doctrine of issue preclusion allows him to litigate the "issue" of his 2012 termination, the NMT Defendants disagree on both factual and legal grounds.  The NMT Defendants do not have to accept Plaintiff's view of the facts or the law.  Presenting a counter-argument with factual and legal support that is contrary to Plaintiff's view

---

[1] Notably, the controlling Complaint and the proposed Third Amended Complaint makes factual allegations from when he started the PhD program through his termination and for events after his termination.

does not make the counter-argument wrong, false, or worthy of a Rule 11 sanction. Plaintiff's Motion is properly denied.

### IV. The NMT Defendants request an award of fees and costs for having to respond to Plaintiff's Motion for Sanctions.

Pursuant to Rule 11, "the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). Plaintiff's Motion for Sanctions is properly denied. The NMT Defendants seek an award of attorney's fees and costs associated with the preparation and filing of the present Response to the Motion for Sanctions.

### CONCLUSION

WHEREFORE, the NMT Defendants respectfully request an Order denying Plaintiff's Motion for Sanctions, awarding their fees and costs, and for such other and further relief as the Court deems just and proper.

> Respectfully Submitted,
>
> CONKLIN, WOODCOCK, & ZIEGLER, P.C.
>
> By: __/s/ Alisa Wigley-DeLara__
> Christa M. Hazlett
> Alisa Wigley-DeLara
> 320 Gold SW, Suite 800
> Albuquerque, NM  87102
> Tel. (505) 224-9160
> Fax (505) 224-9161
> cmh@conklinfirm.com
> awd@conklinfirm.com
> *Attorneys for NMT Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 20th day of May, 2019, the foregoing was filed electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means, and was served separately on Plaintiff via email transmission.


  */s/ Alisa Wigley-DeLara*
Alisa Wigley-DeLara