# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LINDSAY O'BRIEN QUARRIE,

    Plaintiff,

v.                                                       Civ. No. 17-350 MV/GBW

STEPHEN WELLS, *et al.*,

    Defendants.

## ORDER DENYING MOTION FOR SANCTIONS

THIS MATTER comes before the Court on Plaintiff's Motion for Sanctions Under Rule 11 Against NMT Defendants' Counsel. *Doc. 118*. Having read the motion and the attendant briefing (*docs. 126*, *135*), and being otherwise fully advised, the Court hereby DENIES Plaintiff's Motion.

### I. BACKGROUND

Twenty-one days prior to filing his Motion for Sanctions, Plaintiff served it on Defendants via email on April 10, 2019, as required by Rule 11(c)(2). *Doc. 118* at 2. In response to Plaintiff's email, and before the Motion for Sanctions was filed, Defendants entered a Notice of Errata on April 11, 2019 stating the following:

> Defendants…respectfully inform the Court of an error contained in the NMT Defendants' Response in Opposition to Plaintiff's Motion for Leave to Amend Second Amended Complaint (Doc. 99). On page 3, the Response reads, "[i]n fact, Plaintiff's Motion for Leave and TAC does not even acknowledge that his claim for Malicious and Conspiratorial Deprivation of Financial Property Right was

> dismissed (Count IV in SAC and Count VI in proposed TAC). *See* Motion for Leave, p. 2." The NMT Defendants omit this sentence from its Response as it was based upon a misreading of Plaintiff's Motion for Leave.

*Doc. 106*.

Plaintiff filed his Motion for Sanctions on May 6, 2019, requesting that the Court sanction Defendants for making "several factually false statements" in their response to Plaintiff's Motion to Amend. *Doc. 118*. Defendants responded on May 20, 2019. *Doc. 126*. Plaintiff filed his reply on June 3, 2019. *Doc. 135*. The Motion for Sanctions is now before the Court.

## II. LEGAL STANDARD

Rule 11 of the Federal Rules of Civil Procedure permits the court to sanction any attorney, law firm, or party that has violated the provisions of Rule 11(b). Fed. R. Civ. P. 11(c). The court may impose sanctions *sua sponte*, "after notice and a reasonable opportunity to respond," or upon motion of a party. Fed. R. Civ. P. 11(c)(1)–(2). "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Motions for sanctions must be served under Rule 5, and may not be filed or otherwise presented to the court if the challenged filing is withdrawn or corrected within 21 days. *Id*.

An attorney or unrepresented party is subject to sanctions for violations of Rule 11(b). This rule states:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of that person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>>
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b). Therefore, Rule 11 enables sanctions against attorneys "who file signed pleadings, motions or other papers in district court which are not well grounded in fact, are not warranted by existing law or a good faith argument for its extension, or are filed for an improper purpose." *Enterprise Management Consultants, Inc. v. United States*, 883 F.3d 890, 895 (10th Cir. 1989) (citation omitted). The standard of Rule 11 is one of "reasonableness under the circumstances." *Burkhart ex rel. Meeks v. Kinsley Bank*, 804 F.2d 588, 589 (10th Cir. 1986) (citing Rule 11 Notes of Advisory Committee on 1983 amendments). District courts have "broad discretion to impose Rule 11 sanctions." *King v. Fleming*, 899 F.3d 1140, 1148 (10th Cir. 2018) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 407 (1990)).

III. ANALYSIS

Plaintiff identifies four separate statements in Defendants' response (*doc. 99*) which he alleges to be false and therefore sanctionable. *See doc. 118*. The Court addresses each in turn.

A. **Acknowledgement of dismissed claims**

The first statement in Defendants' response to which Plaintiff objects reads as follows:

> In fact, Plaintiff's Motion for Leave and TAC does not even acknowledge that his claim for Malicious and Conspiratorial Deprivation of Financial Property Right was dismissed (Count IV in SAC and Count VI in proposed TAC). *See* Motion for Leave, p. 2.

*Doc. 99* at 3; *doc. 118* at 3. Plaintiff refers the Court to the second page of his Motion to Amend, in which he stated: "Three of these five counts—namely, Counts I, II, and IV—were dismissed in their entirety with prejudice by the Court in its Memorandum Opinion and Order[.]" *Doc. 94* at 2; *doc. 118* at 3. Therefore, Plaintiff argues, he "most definitely" acknowledged the dismissal of Count IV of his SAC, and Defendants' assertion to the contrary was both "factually false" and "maliciously defamatory." *Doc. 118* at 3.

However, Defendants' statement is not a proper subject for a Rule 11 motion because it was properly withdrawn within the twenty-one day "safe harbor" period. *See* Fed. R. Civ. P. 11(c)(2) (a motion for sanctions "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or

4

appropriately corrected within 21 days after service"). Defendants filed their Notice of Errata on April 11, 2019, precisely one day after service, withdrawing the above-referenced statement. *See doc. 106*. Even if the statement had been originally sanctionable, therefore, it is not subject to Rule 11 sanctions at this juncture and the Court will not consider it further.[1]

B. **Response to the Court's Order**

Plaintiff next objects to Defendants' assertion that his Motion to Amend was filed in response to the Court's dismissal of most of his claims. Specifically, Plaintiff objects to the following statement:

> In his Motion for Leave, Plaintiff acknowledged that he seeks to file his proposed TAC in response to this Court's Memorandum Opinion and Order. *See* Motion for Leave, p. 10.

*Doc. 99* at 5; *doc. 118* at 5. Plaintiff claims that he "clearly" did not file his Motion to Amend in response to the Court's Order (*doc. 90*), and that Defendants' statement to the contrary is a "misrepresentation…knowingly made with no evidentiary support." *Doc. 118* at 6.

Defendants evidently drew their conclusion based on Plaintiff's statement that the Motion to Amend was "drafted and filed as quickly as possibly after the Court issued its decision," *doc. 94* at 10. The fact that this conclusion does not merit Rule 11

---

[1] The Court nevertheless notes that Plaintiff's acknowledgement of the dismissal of Count IV was equivocal at best, given its subsequent inclusion in his proposed Third Amended Complaint. *See doc. 94-1* at 33.

5

sanctions should be abundantly obvious, because the Court itself reached the same conclusion regarding Plaintiff's intent. *See doc. 129* at 7 ("Notwithstanding Plaintiff's assertions to the contrary, it appears objectively obvious that Plaintiff moved to amend his complaint in response to the Court's Memorandum Opinion and Order (*doc. 90*) dismissing the majority of his claims."). The reasons for this finding have been amply addressed in the Magistrate Judge's PFRD (*doc. 104* at 7–10) and the Court's Memorandum Opinion and Order Denying Plaintiff's Motion to Amend (*doc. 129* at 7–8) and will not be further addressed here. In short, the Court does not find that Defendants' statement is either factually false or lacking in evidentiary support and it will not award sanctions on this basis.

### C. **Preclusion**

Finally, Plaintiff objects to Defendants' characterization of his arguments regarding issue preclusion. *See doc. 118* at 6–9. In their response to Plaintiff's Motion to Amend, Defendants made the following statements:

> Plaintiff's argument is difficult to follow as he appears to suggest under the doctrine of issue preclusion, he is permitted to re-litigate any prior claims he had concerning his termination from the PhD program in 2012.
>
> […]
>
> As it stands, the Rule 41(b) dismissal of the prior lawsuit precludes Plaintiff from re-litigating facts, issues, or claims surrounding his termination from the PhD program in 2012.

*Doc. 99* at 7, 8; *doc. 118* at 7, 8.

The allegedly sanctionable nature of the first statement is premised on the idea that Defendants again "misrepresented" Plaintiff's filing. *See doc. 135* at 10–11. To the extent that Defendants may have misunderstood Plaintiff's argument, the Court finds no sanctionable misconduct. Defendants clearly explain, in their response to the instant Motion, the basis for their statement about Plaintiff's understanding of issue preclusion. *See doc. 126* at 6. Whether or not their understanding was correct, it comes nowhere near the kind of serious misconduct contemplated by Rule 11(c) and does not merit sanctions.

As to the second statement, Plaintiff offers a lengthy legal argument about the application of issue preclusion to his case. *See doc. 118* at 7 – 9; *doc. 135* at 6–10. The Court expresses no opinion on the validity of Plaintiff's conclusions and will not decide this complicated issue in the context of a motion for sanctions. The only question relevant to the instant Motion is whether Defendants' stance on the applicability of issue preclusion to the case was so egregiously incorrect that it was not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Indeed, if the mere presentation of an incorrect legal argument was enough to warrant Rule 11 sanctions, Plaintiff would have been subject to such sanctions many times over. Whether or not Defendants' legal argument is correct, it is certainly not frivolous.

Because none of Defendants' arguments were frivolous or wholly unsupported by law, the Court finds no Rule 11 violation and will not impose sanctions.

## IV. CONCLUSION

Based on the foregoing, the Court finds that Plaintiff's Motion for Sanctions (*doc. 118*) is utterly without merit, and it is hereby DENIED.

Defendants also seek an award of their attorney's fees and costs in preparing their response to the Motion for Sanctions. *See doc. 126* at 7. Pursuant to Rule 11(c)(2), the Court may, "if warranted…award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed R. Civ. P. 11(c)(2). Given the frivolous nature of Plaintiff's arguments, particularly in requesting sanctions for a statement already withdrawn,[2] the Court finds that such award is warranted here.

IT IS THEREFORE ORDERED that, within ten days of the filing of this Order, Defendants shall submit an affidavit detailing the reasonable attorney's fees and costs expended in preparing their response to Plaintiff's Motion. Plaintiff's objections to the amount claimed, if any, shall be filed within ten days of the filing of the affidavit.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

[2] This request for sanctions in violation of Rule 11(c)(2) is not Plaintiff's only frivolous argument. Virtually the entirety of his Motion for Sanctions is entirely lacking in legal or factual basis and is, quite frankly, a waste of the Court's time and resources.