IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LINDSAY O'BRIEN QUARRIE,

    Plaintiff,

v.                                                        Civ. No. 17-350 MV/GBW

STEPHEN WELLS, *et al.*,

    Defendants.

## ORDER GRANTING PLAINTIFF'S THIRD MOTION
## TO AMEND SECOND AMENDED COMPLAINT

THIS MATTER comes before the Court on Plaintiff's third successive Motion to Amend Second Amended Complaint and Memorandum in Support Thereof (*doc. 144*) and the attendant briefing (*docs. 146, 147*). For the reasons stated below, Plaintiff's Motion is GRANTED.

### I.    PLAINTIFF'S MOTION

The Motion now before the Court is the third filing in which Plaintiff has sought leave to amend his currently operative Second Amended Complaint (*doc. 75*). The Court denied Plaintiff's previous two motions on the bases of undue delay and presentation of *theories seriatim*. *See docs. 104*, *129*, *143*. In both instances, Plaintiff sought leave to add new claims without any demonstration that the new claims were based on information not previously available. *See doc. 143* at 4. The Court therefore

found that granting leave to amend for a third time would allow Plaintiff to use his complaint as a "moving target" to the detriment of Defendants. *See docs. 104, 129, 143.*

In the Motion now before the Court, filed on June 25, 2019, Plaintiff does not seek to add any new claims. Instead he requests leave to make the following amendments:

(1) Add the word "intentional" to his claim of Title VI racial discrimination;

(2) Remove the word "conspiratorial" from his Title VI claim, thereby dropping any separate claim of conspiracy;

(3) Remove Defendant Board of Regents of the New Mexico Institute of Mining and Technology ("Regents of NMT") from his *Ex Parte Young* claim for prospective injunctive relief; and

(4) Add a number of new factual allegations (paragraphs 21, 22, 34–39, 57–59, 70, and 72).[1]

*See generally doc. 144.*

Defendants responded in opposition on July 9, 2019, arguing that Plaintiff's motion is untimely, unduly delayed, and frivolous, given the Court's denial of Plaintiff's two previous motions to amend. *See doc. 146* at 5–9. Defendants further ask

---

[1] The Court notes that, although Plaintiff does not discuss this alteration in his present Motion to Amend, the proposed Third Amended Complaint also contains a larger request for damages ($3 million) than the operative Second Amended Complaint ($2 million). *Compare doc. 144* at 23 *with doc. 75* at 75. The Court assumes that Plaintiff's failure to mention this additional amendment was an error in good faith, as he did discuss this modification in a prior Motion to Amend, *see doc. 94* at 3. Defendants make no objection in their response to this specific change. *See generally doc. 146.*

the Court to sanction Plaintiff under its inherent authority, in light of Plaintiff's "pattern and practice of filing frivolous motions to amend his pleading." *Id*. at 9.

Plaintiff filed a reply on July 23, 2019, arguing that, as a *pro se* party, he should be allowed to amend his complaint in order to render his claims meritorious. *See doc. 147* at 2–7. Plaintiff additionally urges the Court to "reprimand" Defendants for violating Rule 11(c)(2) of the Federal Rules of Civil Procedure, which requires a twenty-one day "safe harbor" period before a party may file a motion for sanctions with the Court. *See id*. at 7–10. Plaintiff's Motion to Amend is now before the Court.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to grant or deny a motion to amend is "within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)). However, the purpose of Rule 15 is "to provide litigants the maximum opportunity for each claim to be decided on its merits." *Id*. (internal quotation marks omitted) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

A court may deny leave where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

3

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Where, as here, a party is proceeding *pro se*, the court is to liberally construe his pleadings. *Casanova*, 595 F.3d at 1125. "But the court [is] not [to] 'assume the role of advocate for the pro se litigant.'" *Baker v. Holt*, 498 F. App'x 770, 772 (10th Cir. 2012) (unpublished) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). In other words, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110.

### III. ANALYSIS

The crux of Defendants' argument in opposition to Plaintiff's Motion to Amend is that it is subject to denial for the same reasons as his previous two motions. *See doc. 146* at 7 ("Plaintiff has already been cautioned that any future amendments must be based upon new information. Plaintiff did not meet this standard.").

In ruling on those prior motions, the Court found that Plaintiff was requesting leave to amend his Complaint in order to evade the Court's dismissal of the majority of his claims. *See doc. 129* at 7–8; *doc. 143* at 4 ("Plaintiff will not be permitted to add new theories indefinitely in an effort to evade the Court's rulings."). In short, the Court determined that Plaintiff was attempting to amend in order "to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of

4

recovery, [and] to present theories seriatim in an effort to avoid dismissal." *Minter*, 451 F.3d at 1206 (internal quotations omitted) (quoting *Viernow v. Euripedes Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998); *Hayes v. Whitman*, 264 F.3d 1017, 1027 (10th Cir. 2001); *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994)). Because such efforts to evade dismissal are improper, the Court denied leave to amend.

Plaintiff's instant Motion to Amend, however, does not seek to add any new theories or claims. *See generally doc. 144*. On the contrary, Plaintiff requests leave to drop two of his remaining claims: conspiracy against all parties and the request for injunctive relief against the Regents of NMT. *See id*. at 29, 32. The addition of the word "intentional" to Plaintiff's Title VI claim, as Plaintiff himself notes, *see id*. at 2, in no way alters the underlying claim because the allegation of intentionality was already clear. The only other change in the proposed Third Amended Complaint ("TAC") is the addition of several new factual allegations, which, again, presents no additional theories of relief. Therefore, the first rationale for the Court's prior decisions—namely, the improper presentation of *theories seriatim* in response to the dismissal of claims—is inapplicable to the present Motion to Amend.

The second reason for the Court's previous denials was undue delay. "Where the party seeking the amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *State Distributors, Inc. v. Glenmore Distilleries*

5

*Co.*, 738 F.2d 405, 416 (10th Cir. 1984). As Defendants point out, *see doc. 146* at 6, only one of Plaintiff's proposed amendments allegedly rests on newly discovered facts. In paragraph 93 of the proposed TAC, Plaintiff seeks to add the factual allegation that seven non-black comparator students were treated more favorably than he was in NMT admissions. *Doc. 144* at 31. Plaintiff argues that he could not reasonably have discovered this information earlier than the spring of 2019, because their names were first made available online at that time. *Id*. at 8. However, Plaintiff offers no similar argument for the other factual allegations that he seeks to add, nor indeed for the claims that he seeks to drop.

However, the cited cases are distinguishable on the basis of the nature of the requested amendments. In *State Distributors*, for example, the plaintiff sought by its amendment to join parties against whom its allegations were "only tangentially related to the issues and series of transactions in the present case." 738 F.2d at 417. In *Minter*, again, the court addressed the situation in which a plaintiff seeks to add new *claims*, not merely new factual allegations. 451 F.3d at 1206. Ultimately, where the plaintiff has delayed in filing a motion to amend, the Tenth Circuit "focuses primarily on the *reasons* for the delay." *Id*. (emphasis added) (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365–66 (10th Cir. 1993)). Though this Court agrees with Defendants' conclusion that most of Plaintiff's proposed amendments are not based on newly discovered factual information, it also finds that, because Plaintiff does not seek to add claims or join

parties, Plaintiff's Motion to Amend is neither presented in bad faith nor for the purpose of transforming his complaint into a moving target.

In addition, although the Court's previous rulings were not based on a finding of prejudice to Defendants, *see doc. 104* at 9; *doc. 129* at 6–7; *doc. 143*, "undue prejudice to the opposing party by virtue of allowance of the amendment" is a proper consideration in granting or denying leave to amend. *See Foman*, 371 U.S. at 182. Here, the Court considers the *lack* of prejudice to Defendants that will be caused by the granting of Plaintiff's Motion. Defendants note, for example, that "to the extent Plaintiff is seeking to drop his claim of conspiracy and/or to remove the Board of Regents of NMT from his request for injunctive relief, Plaintiff does not need to amend his pleading under Rule 15 to accomplish this goal." *Doc. 146* at 5, n.1. This may be true, but the amendment of Plaintiff's complaint to effect these changes certainly will not prejudice Defendants; if anything, it simplifies the issues in the case going forward. Similarly, it is not required that a plaintiff include every single specific factual allegation related to his claims in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations'") (quoting *Bell Atlantic Corp. v. Twombly* , 550 U.S. 544, 555 (2007)). Indeed, both Plaintiff and Defendants apparently agree that the addition of the seven comparator students, for instance, is not vital to the survival of Plaintiff's claims. *See doc. 146* at 7; *doc. 147* at 7. By the same token, however, the inclusion of these facts cannot prejudice Defendants. Defendants will be neither

obligated to address new claims or theories, nor deprived of an opportunity to move for dismissal, by the filing of the proposed TAC.

In sum, the Court finds that, unlike in his previous motions to amend, Plaintiff's aim is truly to "clarify and strengthen" his existing claims, *see doc. 144* at 1, without adding additional theories. The Supreme Court has instructed that:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Minter*, 451 F.3d 1196, 1204 (quoting *Foman*, 371 U.S. at 182). This liberal standard is particularly cogent where, as here, the amendment deadline has not yet passed.[2] Therefore, given the lack of prejudice to the Defendants, the Court will grant leave to amend.[3]

## IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Plaintiff's Motion to Amend Second Amended Complaint (*doc. 144*). Plaintiff is therefore granted leave to file the proposed Third Amended Complaint attached to his Motion.

---

[2] Due in part to Plaintiff's repeated efforts to amend, no amendment deadline or other discovery deadlines have yet been scheduled in this case.

[3] The Court here observes, however, that even under the liberal standard of Rule 15, the consideration of "repeated failure to cure deficiencies by amendments previously allowed" holds additional weight with each new amendment. *See Foman*, 371 U.S. at 182. Just as Plaintiff will not be allowed to "add new theories indefinitely," *doc. 143* at 4, so he will not be permitted to add new factual allegations indefinitely.

8

Because the Court finds that Plaintiff's Motion to Amend should be granted, it does not reach Defendants' request for sanctions except to note, as before, that sanctions must be requested in a separate motion under Rule 11.  *See doc. 124* at 9 n.3; Fed. R. Civ. P. 11(c)(2).

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE