IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LINDSAY O'BRIEN QUARRIE,

    Plaintiff,

v.                                                                           Civ. No. 17-350 MV/GBW

STEPHEN WELLS, *et al.*,

    Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR CONTEMPT OF COURT AND SANCTIONS

THIS MATTER comes before the Court on Plaintiff's Motion for Contempt of Court and Sanctions Under Rule 37(b). *Doc. 233*. For the reasons explained below, the Court will GRANT Plaintiff an award of expenses in bringing this Motion. However, the Court will DENY Plaintiff's other requested sanctions, including contempt.

### I.    Legal Standards

Under Federal Rule of Civil Procedure 37(a), a party may move for an order compelling the opposing party to respond to discovery requests. If the Court grants a motion to compel, Local Rule 37.2 provides that responses must be served within the time specified by the Court or, if the Court does not specify a time, within the time allowed for responses to the original request. D.N.M.LR-Civ. 37.2. A party must respond to interrogatories and requests for admissions within 30 days of being served. Fed. R. Civ. P. 33(b)(2), 36(a)(3).

If a party fails to obey an order under Rule 37(a), the Court may impose sanctions in its discretion to serve the interests of justice. Fed. R. Civ. P. 37(b)(2)(A); *Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1555 (10th Cir. 1996). Such sanctions may include taking matters embraced by the Court's order as established as the prevailing party claims or treating the party's failure as contempt of court. Fed. R. Civ. P. 37(b)(2)(A).

> Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d)(3); *see also* Fed R. Civ. P. 37(b)(2)(C).

If a party fails to timely respond to a request for admission, the matter is deemed admitted. Fed. R. Civ. P. 36(a)(3). The party who failed to respond will be bound by the admission, although the practical effect of an admission may be limited. *Dixon v. Kirkpatrick*, 553 F.3d 1294, 1303 (10th Cir. 2009). A matter admitted by operation of Rule 36 may be withdrawn or amended, on a party's motion, "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). When a party moves to withdraw an admission, "more than a failure to meet deadlines is required to deny a party relief from an admission." *Raiser v. Utah Cty.*, 409 F.3d 1243, 1247 (10th Cir. 2005).

## II.     FACTUAL BACKGROUND

On December 19, 2019, this Court issued an order (hereinafter, "December 19 Order") addressing two Motions to Compel filed by Plaintiff. *Doc. 214*. The first motion addressed objections to particular interrogatories in Plaintiff's First Set of Interrogatories to Defendant Wells. *Doc. 193*. The Court partially granted Plaintiff's motion, compelling Defendant Wells to respond to Plaintiff's Interrogatories Nos. 4, 6, 7, 8, 9, and 10. *Doc. 214* at 5–18. The second motion concerned Defendants' objection to several discovery requests[1] on the grounds that Plaintiff had exceeded his allotted twenty-five interrogatories and twenty-five requests for admission. *Doc. 197*. The Court granted Plaintiff's motion, ruling that each Defendant counts as a separate party for discovery purposes and permitting Plaintiff to address twenty-five discovery requests to each of them. *Doc. 214* at 1–5. The Court did not specify a time for Defendants to respond to the subject discovery requests. Therefore, pursuant to Local Rule 37.2, Defendants were required to respond within 30 days.

While Plaintiff's motions were pending before this Court, Plaintiff sent additional discovery requests to Defendants.[2] *See doc. 203*. Defendants objected to these

---

[1] These discovery requests are as follows: Plaintiff's First Set of Requests for Admission to Defendant Wells; Plaintiff's Second Set of Requests for Admission to Defendant Wells; Plaintiff's Third Set of Requests for Admission to Defendant Wells; and Plaintiff's First Set of Interrogatories to Defendant El-Osery. *See doc. 197* at 1–2. For purposes of clarity, these requests, as well as Plaintiff's First Set of Interrogatories to Defendant Wells, shall be hereinafter referred to as the "First Set" of discovery requests.
[2] These requests are as follows: Plaintiff's Fourth Set of Interrogatories to Defendant New Mexico Institute of Mining and Technology ("NMT"); Plaintiff's Second Set of Interrogatories to Defendant Wells; Plaintiff's Third Set of Requests for Admission to NMT; Plaintiff's Fourth Set of Requests for Admission

3

discovery requests on the basis of the numerosity issue at the center of Plaintiff's second motion. *Id*. at 2. Given that the numerosity issue was then pending before the Court, Plaintiff sought an extension of the time to file a motion to compel. *Id*. On January 6, 2020, the Court issued an order (hereinafter, "January 6 Order") denying Plaintiff's Motion to Extend the D.N.M.LR-Civ. 26.2 Deadline as moot. *Doc. 223*. With respect to the pending additional discovery requests, the Court explained that "[b]ased on the Court's unfavorable ruling as to numerosity, Defendants are now obligated to provide updated responses. Should Defendants object to Plaintiff's requests on other grounds, the twenty-one-day period for Plaintiff to file a motion will begin anew." *Id*. at 2.

As of January 22, 2020, Defendants failed to provide responses or renew any non-numerosity objections to Plaintiff's discovery requests. According to Plaintiff, upon being notified of their failure, Defendants informed Plaintiff that their responses "were not due by Court Order on January 21, 2020, or otherwise." *Doc. 233* at 5. When Plaintiff pointed out to Defendants that Local Rule 37.2 requires responses within 30 days, Defendants asked Plaintiff for an extension until January 31, 2020. *Id*. at 6. Plaintiff refused this request and filed the present motion, asking the Court to hold Defendants in contempt, order immediate responses, and impose further sanctions for "having prejudiced Plaintiff by their willful failure" to respond. *Id*. at 7–8.

---

to Defendant Wells; Plaintiff's Second Set of Interrogatories to Defendant El-Osery; and Plaintiff's First Set of Requests for Admission to Defendant El-Osery. *See doc. 203* at 2. For purposes of clarity, these requests shall be hereinafter referred to as the "Second Set" of discovery requests.

4

On February 6, 2020, Defendants provided supplemental responses to the First Set of discovery requests.  *Doc. 244* at 3.  On February 21, 2020, Defendants provided supplemental responses to the Second Set.  *Doc. 251*.

III. **ANALYSIS**

The parties now agree that Defendants were required to respond to Plaintiff's First Set of discovery requests by January 21, 2020.  *Doc. 233* at 4; *doc. 244* at 1.  Defendants contend that their failure to provide timely responses was due to "the intervening holiday and a calendaring error."  *Doc. 244* at 2.  They do not clarify the nature of the calendaring error,[3] nor do they address the email exchange related by Plaintiff in which they apparently asserted they were under no deadline at all.  Additionally, while Defendants initially sought an extension until January 31, 2020, they ultimately sent the responses on February 6, 2020.  Notably, Defendants' response to this motion was due the next day.  From the available evidence, it is not clear that Defendants would have ever responded to the First Set of discovery requests were it not for Plaintiff's filing the present motion.

---

[3] Had Defendants sought an extension from this Court on the time to serve their responses, the principal question would be whether the calendaring error constitutes excusable neglect.  *See* Fed. R. Civ. P. 6(b)(1)(B).  This question largely depends on the nature of the error.  "Generally, courts are more forgiving of missed deadlines caused by clerical calendaring errors, mathematical miscalculations of deadlines and mishandling of documents, but are less forgiving when deadlines are missed due to lawyering mishaps, such as where counsel misconstrues or misinterprets the rules or makes poor tactical decisions."  *Scott v. Raudin McCormick, Inc.*, 2010 WL 3125955, at *2 (D. Kan. Aug. 6, 2010) (footnotes omitted).  In the absence of a detailed explanation of the calendaring error, the Court is unable to determine whether it was the sort of clerical error that might have been excused.

Defendants dispute that they were required to respond to the Second Set of discovery requests by January 21, 2020, asserting that these requests were "not addressed in [Plaintiff's] prior briefing or encompassed in this Court's Order." *Doc. 244 at 2*. Although not specifically referenced in Plaintiff's motion to compel, they were the subject of Plaintiff's Motion to Extend the D.N.M.LR-Civ. 26.2 Deadline. *Doc. 223*. Defendants responded to each and every interrogatory and request for admission in the Second Set with the numerosity objection that this Court ultimately rejected in its December 19 Order. *See doc. 233-1 at 43–82*. Even if Defendants initially failed to realize the effect of the December 19 Order, the Court made clear in its January 6 Order that Defendants were obligated to provide new responses to the Second Set. *Doc. 223 at 2*. Because Defendants were on notice of this obligation by January 6, 2020 *at the latest*, they were required under Local Rule 37.2 to provide new responses no later than February 5, 2020. Therefore, their February 21 responses were unjustifiably late.

For their failure to provide timely responses, Plaintiff asks the Court to hold Defendants in contempt and to impose additional unspecified sanctions. The sanction of civil contempt is primarily remedial rather than punitive. *Ager v. Jane C. Stormont Hosp. & Training Sch. for Nurses*, 622 F.2d 496, 500 (10th Cir. 1980). Civil contempt may be imposed "to compel or coerce obedience to a court order" or "to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance." *Acosta v. Paragon Contractors Corp.*, 884 F.3d 1225, 1238 (10th Cir. 2018) (quoting

*O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1211 (10th Cir. 1992)). Coercive sanctions "remain only until the contemnor complies with the order." *Id*. at 1239. Compensatory sanctions are limited to the amount of "actual losses sustained as a result of the contumacy." *Id*. at 1240 (quoting *O'Connor*, 972 F.2d at 1211). Because Defendants have now provided responses to the discovery requests at issue (albeit belatedly), the Court considers contempt an improper sanction. The Court has no need to coerce Defendants' compliance, and a compensatory sanction is already available under Rule 37.

The Court must award expenses under Rule 37 unless the disobedient party's failure to act was substantially justified or the award of expenses would be unjust. Fed R. Civ. P. 37(b)(2)(C).[4] Defendants' failure to provide timely responses was not substantially justified, and the Court sees no reason why an award of expenses would be unjust. Therefore, the Court finds it proper to award Plaintiff his reasonable expenses, including attorney's fees, in briefing this motion.

Defendants' counsel asks that any sanction entered by the Court be against counsel alone. *Doc. 244* at 7. Rule 37 allows the Court to require a party, a party's attorney, or both to pay the other party's expenses. Fed R. Civ. P. 37(b)(2)(C). There is

---

[4] Of course, the party must be given an opportunity to be heard as well. This requirement is met where, as here, the opposing party seeks sanctions in its briefing and the sanctioned party has an opportunity to respond thereafter. *See e.g., McCoo v. Denny's Inc.*, 192 F.R.D. 675, 697 (D. Kan. 2000).

7

no indication that Defendants were responsible for the lateness of the responses. Therefore, the Court will require only Defendant's counsel to pay Plaintiff's expenses.

Finally, Defendants raise a concern that "entering an order deeming the admissions admitted would be akin to entering a default judgment as to all or portions of the Defendants' defenses." *Doc. 244* at 6. Plaintiff has not asked the Court to enter such an order. *Doc. 248* at 8. As Rule 36 provides, Defendants may file a motion to have admissions withdrawn or amended. The practical effect of these admissions and the propriety of withdrawing them are matters not properly before the Court at present, thus the Court expresses no opinion on them.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Contempt of Court and Sanctions Under Rule 37(b) (*doc. 233*) is **GRANTED in part and DENIED in part.**

**IT IS ORDERED** that Defendants' counsel shall be required to pay Plaintiff's reasonable expenses, including attorney's fees, in bringing this Motion.

**IT IS FURTHER ORDERED** that, within ten (10) days of the filing of this Order, Plaintiff shall submit an affidavit detailing the reasonable attorney's fees and costs expended in briefing this Motion. Defendants' objections to the amounts claimed, if any, shall be filed within ten (10) days of the filing of the affidavit.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE