IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LINDSAY O'BRIEN QUARRIE,

    Plaintiff,

v.                                                             Civ. No. 17-350 MV/GBW

STEPHEN WELLS, *et al.*,

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION
## FOR EXTENSION OF TIME TO FILE A MOTION TO COMPEL

THIS MATTER comes before the Court on Plaintiff's Motion to Extend the 21-Day Time Limit Pursuant to D.N.M.LR-Civ. 26.6. *Doc. 265*. For the following reasons, the Court will GRANT Plaintiff's request for extension.

**I.**     **BACKGROUND**

Plaintiff seeks an extension of time to file a motion to compel Defendant Board of Regents of the New Mexico Institute of Mining and Technology ("NMT")'s responses to his Fifth Set of Interrogatories. Plaintiff acknowledges that the deadline to do so was March 2, 2020. *Id*. at 1. On March 2, 2020, Plaintiff filed[1] an unopposed motion for extension (*doc. 256*) which the Court denied without prejudice on March 3, 2020, due to

---

[1] Although Plaintiff is careful to emphasize that his now-withdrawn attorney, and not Plaintiff himself, filed the previous motion for extension, parties are "held accountable for the acts and omissions of their chosen counsel." *Federated Towing & Recovery, LLC v. Praetorian Ins. Co.*, 283 F.R.D. 644, 652 n.2 (D.N.M. 2012) (quoting *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993)). Therefore, the Court will treat the previous motion for extension exactly the same as if Plaintiff had filed it *pro se*.

its failure to specify which discovery requests were included in the requested extension. *See doc. 259*. Following the withdrawal of Plaintiff's counsel on March 4, 2020, *see doc. 261*, Plaintiff filed the instant Motion to Extend (*doc. 265*) on March 5, 2020.

The Court set an expedited briefing schedule for Plaintiff's motion, requiring Defendants to respond by March 12, 2020, and ordering that no reply would be permitted. *Doc. 267*. Defendants timely filed their response on March 10, 2020. *Doc. 272*. Unlike Plaintiff's previous motion for extension, the present motion is opposed. Defendants agreed to an extension only until March 9, 2020. *Doc. 265* at 3 n.1; *doc. 272* at 2. Plaintiff requests an extension until March 16, 2020. *Doc. 265* at 3. As justification for this requested extension, Plaintiff explains that he gave Defendant NMT until March 11, 2020 to provide additional supplementations to their responses, which may obviate the need to file a motion to compel. *Id*. However, Defendants allege they informed Plaintiff on March 5, 2020 that "the parties had reached an impasse and the disputed issues would have to be resolved by the Court." *Doc. 272* at 2.

## II.    LEGAL STANDARD

The Local Rules state that a party served with objections to an interrogatory must file a motion to compel within twenty-one days of service. D.N.M.LR-Civ. 26.6. There appears to be no dispute that Plaintiff's deadline to file a motion to compel was March 2, 2020. Rule 26.6 further provides:

> Failure to proceed within this time period constitutes acceptance of the objection. For good cause, the Court may, *sua sponte* or on motion by a party, change the twenty-one (21) day period.

D.N.M.LR-Civ. 26.6.

The Federal Rules of Civil Procedure also apply to Plaintiff's request for extension. Pursuant to Rule 6, "[w]hen an act may or must be done within a specific time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In deciding whether a party has demonstrated excusable neglect, courts consider: "(1) the danger of prejudice; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reasons for the delay which includes whether it was within the reasonable control of the party seeking to show excusable neglect; and (4) whether that party acted in good faith." *Utah Republican Party v. Herbert*, 678 F. App'x 697, 701 n.2 (10th Cir. 2017) (unpublished) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391 (1993)) (quotation marks omitted).

### III.   ANALYSIS

Because Plaintiff filed this motion on March 5, 2020, after the Rule 26.6 deadline had already passed, he must demonstrate both good cause for the extension and excusable neglect in failing to act previously. The only "good cause" or "excusable neglect" argued by Plaintiff in favor of his requested extension is his continued communication with Defendants and Plaintiff's voluntarily-imposed deadline of March

3

11, 2020 for Defendants to provide any additional supplementation of their responses. *See doc. 265* at 3. Based on Defendants' response, it appears they have no intention of providing such supplementation. *See doc. 272* at 2.

Applying the *Pioneer* factors, however, the Court finds evidence of excusable neglect in Plaintiff's failure to meet the March 2 deadline. First, the Court anticipates no substantial prejudice from a further one-week extension of the deadline.[2] Defendants' arguments about the potential prejudice resulting from further discovery delays are well-taken, as discovery in this case has been ongoing since 2017 and has been repeatedly interrupted and delayed, including a recent two-month extension of the discovery deadline, *see doc. 257*. But a further seven-day extension will not measurably prejudice Defendants' ability to complete discovery within the time frame allowed, and Defendants offer no more specific reason for opposing the additional extension. A similar analysis applies with respect to the extension's impact on judicial proceedings. Although the repeated delays in this case have certainly impacted proceedings, the detrimental effect of an additional seven-day extension will be minimal.

On the third and fourth *Pioneer* factors—the reasons for the delay and the good faith of the moving party—Plaintiff does not explain his choice to offer Defendants a supplementation deadline after his Rule 26.6 deadline, thereby creating the need for an

---

[2] Because Defendants have already agreed to an extension until March 9, 2020, Plaintiff's requested extension of March 16, 2020, represents only an additional seven days.

extension, nor does he explain his failure to move for such extension in a more timely fashion. However, the Court accepts that Plaintiff's motion represents a good-faith effort to confer with Defendants and avoid the need to file a motion to compel. Given the circumstances of the case, including the ongoing discussions between Plaintiff and Defendants and the recent withdrawal of Plaintiff's attorney, the Court finds that the third and fourth factors weigh in favor of a short extension.

In sum, the Court finds excusable neglect in Plaintiff's lateness and good cause for an extension of time to file a motion to compel. The Court will therefore grant the requested extension.

**IV. CONCLUSION**

Plaintiff's Motion to Extend the 21-Day Time Limit Pursuant to D.N.M.LR-Civ. 26.6 (*doc. 265*) is GRANTED. Plaintiff shall file his motion to compel Defendant' NMT's responses to his Fifth Set of Interrogatories, if any, no later than **March 16, 2020**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE