# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LINDSAY O'BRIEN QUARRIE,

    Plaintiff,

v.                                                Civ. No. 17-350 MV/GBW

STEPHEN WELLS, *et al.*,

    Defendants.

## ORDER GRANTING MOTION TO SUPPLEMENT AFFIDAVIT
## AND AWARDING ATTORNEY FEES

THIS MATTER comes before the Court on Plaintiff Lindsay O'Brien Quarrie's Affidavit in Support of Attorney's Fees (*doc. 268*), Defendants' Objections to Plaintiff's Affidavit (*doc. 273*), and Plaintiff's Motion to Supplement Affidavit in Support of Attorney's Fees (*doc. 275*).

### I. Background

On February 27, 2020, the Court issued an Order granting in part Plaintiff's Motion for Contempt of Court and Sanctions Under Rule 37(b) (*doc. 233*). *Doc. 253*. Though declining to hold Defendants in contempt, the Court ordered Defendants to pay Plaintiff his reasonable expenses in briefing the motion pursuant to Federal Rule of Civil Procedure 37(b). In order to determine the proper amount of such expenses, Plaintiff was ordered to "submit an affidavit detailing the reasonable attorney's fees and costs expended in briefing this Motion." *Id*. at 8.

Plaintiff timely submitted his affidavit on March 6, 2020. *Doc. 268*. Because Plaintiff filed his original motion for sanctions *pro se*, expenses were claimed only for the preparation of Plaintiff's reply by attorney Santiago Juarez. *Id*. at 4. Based on his "review and . . . personal knowledge" of Mr. Juarez's fees, Plaintiff claimed fees for 3.5 hours of work at an hourly rate of $325.00. *Id*. at 4–5. He additionally claimed $89.58 in gross receipts tax, at a rate of 7.875%. *Id.* at 5.

Defendants filed objections to Plaintiff's affidavit on March 10, 2020. *Doc. 273*. It was their contention that Plaintiff "fail[ed] to meet his burden to prove that the hourly rate charged is reasonable and in accordance with the prevailing market rate[.]" *Id*. at 1. More specifically, they argued that Plaintiff had provided insufficient information about Mr. Juarez's qualifications and about the prevailing market rate in the district. Defendants therefore asked the Court to either deny or reduce Plaintiff's request for attorney's fees.

In response to Defendants' objections, Plaintiff filed a Motion to Supplement Affidavit in Support of Attorney's Fees. *Doc. 275*. Plaintiff requested the Court's permission to supplement his affidavit with the following information:

(i) Santiago E. Juarez has been practicing law since 1974. He has over four decades of experience as a civil rights lawyer and has successfully represented clients in several courts, including the New Mexico Supreme Court and Tenth Circuit Court of Appeals.

(ii) Defendants are already quite familiar with Mr. Juarez's legal skills, given that he recently prevailed against them in the New Mexico Court of Appeals case *Karim Salehpoor v. New Mexico Institute of*

2

*Mining and Technology*, 2019-NMCA-046, 447 P.3d 1169.

>  (iii) The hourly rate of $325.00 that Mr. Juarez has billed Plaintiff is a reasonable rate in this district for attorneys with comparable experience and reputation.

*Id*. at 2.

Defendants oppose this supplementation, arguing that Plaintiff should not be "excused from meeting the Court's original deadline" and that, in any event, his affidavit remains insufficient even with the requested supplementation. *Doc. 279*. In his reply, Plaintiff asserts that the supplementation would cause no prejudice to Defendants and that the provided information about Mr. Juarez's qualifications is sufficient to support the requested award. *Doc. 280*.

Both Plaintiff's Motion to Supplement (*doc. 275*) and the original matter of Plaintiff's attorney's fees are now before the Court.

## II.  Legal Standard

The Court ordered Plaintiff to submit an affidavit detailing his "reasonable attorney's fees and costs" in briefing his motion. *Doc. 253* at 8. In submitting such affidavits, prevailing attorneys are "required . . . to justify the reasonableness of the requested rate or rates."[1] *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "[A] 'reasonable

---

[1] The cited opinion addresses fee awards under 42 U.S.C. § 1988. For the purpose of assessing reasonableness, courts in this circuit make no distinction between fees awarded pursuant to Fed. R. Civ. P. 37(b) and those awarded pursuant to other rules and statutes. *See Centennial Archaeology, Inc. v. Aecom, Inc.*, 688 F.3d 673, 680 (10th Cir. 2012) ("We see no reason to impose a different construction on the language of Rule 37[.]"); *Pipeline Prods. v. Madison Cos., LLC*, 2019 WL 3252743, at *2 (D. Kan. July 19, 2019) (unpublished) (applying the same standards for fee awards under Rule 37 as for those under Rule 11).

3

attorney's fee' [is] reasonable compensation, in light of all the circumstances, for the time and effort expended by the attorney for the [party], no more and no less." *Centennial Archaeology, Inc. v. Aecom, Inc.*, 688 F.3d 673, 679 (10th Cir. 2012) (alterations in original) (quoting *Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989)). This means, in practice, that attorneys must demonstrate both the reasonableness of the number of hours spent and the reasonableness of the hourly rate claimed. *See Ramos v. Lamm*, 713 F.2d 546, 553–55 (10th Cir. 1983).

To the first point, affidavits should be "accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983); *see also Ramos*, 713 F.2d at 553. "Block billing," or "lumping multiple tasks into a single entry of time," is not permitted. *Cadena v. Pacesetter Corp.*, 224 F.3d 1203, 1214 (10th Cir. 2000). However, this circuit "has not established a rule mandating reduction or denial of a fee request if the prevailing party submits attorney-records which reflect block billing"; this decision rests within the trial court's discretion. *Id*. at 1215.

Second, the attorney must demonstrate that the hourly rate claimed is commensurate with "what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time." *Ramos*, 713 F.2d at 555. This method of determining reasonableness is referred to as the "prevailing market

4

rate." *Blum*, 465 U.S. at 895 n.11. In addition to providing evidence regarding his own skill, experience, and reputation, the attorney should provide evidence "of the prevailing market rate for similar services by lawyers of reasonably comparable skill, experience, and reputation in the relevant community." *Lippoldt v. Cole*, 468 F.3d 1204, 1224 (10th Cir. 2006) (internal quotation marks omitted). This burden remains at all times with the fee applicant. *Blum*, 465 U.S. at 895 n.11. The attorney's regular hourly rate is a "relevant but not conclusive factor" in the analysis. *Ramos*, 713 F.2d at 555. The proper amount of attorney's fees is "not the amount actually paid or owed by the party to its attorney, but the value of attorney services provided to the party." *Aecom*, 688 F.3d at 679.

### III. Analysis

#### A. Motion to Supplement

The first question before the Court is whether to permit Plaintiff's supplementation. This matter may be speedily addressed. Defendants urge the Court that Plaintiff does not articulate legal argument or cite to legal authority in support of his request to supplement. *See doc. 279* at 1. However, Defendants likewise offer no legal argument or authority that prohibits such supplementation. As a *pro se* litigant proffering evidence about services rendered by his former attorney, Plaintiff undeniably faces an uphill battle. There is no evidence that Plaintiff's supplementation is offered in bad faith or for any improper purpose. On the contrary, Plaintiff's motion appears to

represent a good faith attempt to amend his fee affidavit to conform with the requirements of Tenth Circuit law. Courts generally are "lenient with pro se litigants," *Jiron v. Swift*, 671 F. App'x 705, 706 (10th Cir. 2016) (unpublished), and the considerations supporting such a policy are notably present here. Because good cause exists for Plaintiff's supplementation and Defendants have provided no compelling argument to the contrary, the Court will GRANT Plaintiff's Motion to Supplement (*doc. 275*).

B. <u>Fee Award</u>

The burden was on Plaintiff to demonstrate both the reasonableness of the hours spent and the reasonableness of Mr. Juarez's hourly rate. *See Ramos*, 713 F.2d at 553–55. For the reasons explained below, the Court finds that Plaintiff has succeeded in the first endeavor but failed in the second.

Defendants have not argued that the 3.5 hours spent by Mr. Juarez in preparing Plaintiff's reply brief was unreasonable, nor that Mr. Juarez failed to adequately document his time. The affidavit's description of Mr. Juarez's work is not detailed, but given the simple nature of the task—preparing an eleven-page reply brief to a motion for sanctions—the Court finds that it is sufficient. The affidavit describes, generally, the "hours for which compensation is requested and how those hours were allotted to specific tasks." *Ramos*, 713 F.2d at 553. Furthermore, the documented number of hours

is appropriate to the task performed. Therefore, the Court finds that Plaintiff may properly claim attorney's fees for 3.5 hours of Mr. Juarez's work.

Unfortunately, even as supplemented, Plaintiff's fee affidavit is insufficient to demonstrate the reasonableness of Mr. Juarez's hourly rate. The supplemented affidavit lacks evidence to support both Mr. Juarez's qualifications and the prevailing market rate in the relevant community. The only information provided is as follows: (1) Mr. Juarez has four decades of experience "as a civil rights lawyer"; (2) at some point in his career, he has successfully represented clients in the New Mexico Supreme Court and the Tenth Circuit Court of Appeals; and (3) he recently prevailed against Defendant New Mexico Institute of Mining and Technology in another case.[2] No more specific evidence is provided regarding Mr. Juarez's education, experience, areas of practice, or reputation in the community.

As to "the prevailing market rate for similar services by lawyers of reasonably comparable skill, experience, and reputation in the relevant community," *Lippoldt*, 468 F.3d at 1224, Plaintiff's supplemented affidavit is notably silent. Plaintiff argues in his reply that "Defendant NMT itself addressed [the hourly rate of comparable lawyers] in its Objections" by citing a case comparing hourly rates in New Mexico. *Doc. 280* at 3 (citing *XTO Energy, Inc. v. ATD, LLC*, 2016 WL 1730171, at *32 (D.N.M. April 1, 2016)

---

[2] Plaintiff's additional statement that "[t]he hourly rate of $325.00 that Mr. Juarez has billed Plaintiff is a reasonable rate in this district for attorneys with comparable experience and reputation," *doc. 275* at 2, is a conclusory assertion of no value to the present determination.

(unpublished)). Certainly, the cited case provides a frame of reference for the Court to make its own determination about Mr. Juarez's rates. But even setting aside the fact that it was Plaintiff's burden, not Defendants', to establish the prevailing market rate, the information provided about Mr. Juarez's skill, experience and reputation remains insufficient to justify the claimed $350 hourly rate within that frame of reference.

The court in *XTO Energy* conducted a thorough review of hourly rates for attorneys in New Mexico and found that the prevailing market rate was roughly $150 to $350 per hour. 2016 WL 1730171, at *32. *See also Mackey v. Staples, Inc.*, 2011 WL 13262381, at *3 (D.N.M. Mar. 4, 2011) (unpublished) (collecting cases and conducting a similar review). Fees on the high end of that range were generally awarded where the attorney demonstrated superlative skill or experience. *See*, *e.g.*, *Martinez v. Carson*, 2011 WL 13261992, at *4 (D.N.M. Aug. 11, 2011) (unpublished) (finding a rate of $350 per hour reasonable for "one of New Mexico's preeminent trial lawyers"); *Mackey*, 2011 WL 13262381, at *2–3 (awarding $350 per hour, the "upper end of the fee scale for New Mexico attorneys," to attorneys "among the most respected practitioners in their field in this district"). On the low end of the scale, $150 per hour was found to be "a reasonable rate for a lawyer who has practiced very little law." *Martinez*, 2011 WL 13261992, at *4.

While several years have passed since some of the above-referenced cases were decided, the Court finds that a rate of $325 per hour still represents an unusually high fee among New Mexico attorneys. Plaintiff's affidavit provides no evidence of Mr.

8

Juarez's excellence or preeminence as a civil rights attorney in his community. Indeed, Plaintiff's affidavit does not even conclusively demonstrate that Mr. Juarez is *average* in skill and reputation among his peers. The most the Court can glean from the supplemented affidavit is that Mr. Juarez has been practicing for a relatively long period of four decades. But this fact, standing alone, does not establish that Mr. Juarez has practiced with any particular level of success, that he enjoys a favorable reputation in the community, or that he has charged or been awarded similar hourly rates in the past. Indeed, there is no information before the Court even of the approximate or average number of cases litigated by Mr. Juarez during his career. The Court agrees with Plaintiff that Plaintiff's own opinion of Mr. Juarez, whether positive or negative, is irrelevant to the reasonableness of his hourly rate. *See doc. 280* at 4; *doc. 279* at 2. However, based on the objective information provided in Plaintiff's supplemented affidavit, the Court cannot award fees at the requested rate of $325 per hour.

The deficiencies of evidence regarding Mr. Juarez's qualifications make it considerably difficult to fix an appropriate hourly rate for his work. Nonetheless, the Court will deny Defendants' request to deny Plaintiff fees altogether. Attorney's fees awarded pursuant to Rule 37(b) are "punitive" in nature, *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1556–57 (10th Cir. 1996), and the Court is disinclined to excuse Defendants' discovery violations. *See, e.g.*, *MPD Accessories, B.V. v. Urban Outfitters, Inc.*, 2013 WL 5761421, at *8–9 (S.D.N.Y. Oct. 24, 2013) (unpublished) (reducing Rule 37 fee award by

40% as a result of defendants' insufficient evidence regarding hourly rates). Plaintiff remains entitled to the reasonable value of Mr. Juarez's services, whatever that value may be. *Aecom*, 688 F.3d at 679. In addition, as noted above, the Court recognizes Plaintiff's especial difficulty in compiling sufficient evidence about Mr. Juarez's qualifications as a *pro se* litigant.

The burden was on Plaintiff to demonstrate his entitlement to the requested fee award. *See Blum*, 465 U.S. at 895 n.11. In light of his substantial failure to provide evidence of Mr. Juarez's qualifications and of the prevailing market rate, the Court must assume that Mr. Juarez is only minimally qualified among his peers. Therefore, the Court will reduce the awarded hourly rate to $175 for 3.5 hours of work, plus gross receipts tax of 7.875%. *See Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 2010 WL 11493787, at *2 (D.N.M. Oct. 19, 2010) (unpublished) (citing *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986)) ("The Tenth Circuit has endorsed an award of gross receipts tax on fees awarded to New Mexico counsel."). Proceeding on the limited available information, the Court believes this to be a fair assessment of the reasonable value of Mr. Juarez's legal services.

### IV. Conclusion

For the foregoing reasons, Plaintiff's Motion to Supplement Affidavit in Support of Attorney's Fees (*doc. 275*) is GRANTED.

Defendants' Objections to Plaintiff's Affidavit in Support of Attorney's Fees (*doc. 273*) are SUSTAINED IN PART and OVERRULED IN PART. Defendants' request to vacate Plaintiff's fee award is denied. However, their request to reduce the award to a reasonable hourly rate will be granted.

IT IS THEREFORE ORDERED that Defendants shall pay to Plaintiff, within **fourteen (14)** days of this Order, Plaintiff's reasonable attorney's fees expended in briefing his motion for sanctions in the total amount of **$660.73**. This includes 3.5 hours of work at a reduced rate of $175 per hour, plus $48.23 in gross receipts tax at a rate of 7.875%.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE