# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LINDSAY O'BRIEN QUARRIE,

    Plaintiff,

v.                                                        Civ. No. 17-350 MV/GBW

STEPHEN WELLS, *et al.*,

    Defendants.

## ORDER GRANTING EXTENSION OF PRETRIAL DEADLINES
## AND DENYING LEAVE TO CONDUCT REMOTE DEPOSITIONS

THIS MATTER comes before the Court pursuant to Plaintiff's Emergency Motion for Leave to Attend and Conduct Remote (Via Live Video/Telephonic) Depositions Due to the Coronavirus (COVID-19) Pandemic (*doc. 277*), Defendants' Opposed Motion to Extend Certain Pretrial Deadlines (*doc. 285*), and the attendant briefing, including Plaintiff's notice of his medical condition and increased susceptibility to the coronavirus (*docs. 282*, *289*, *294*, *296*). All parties agree that in-person depositions should not be conducted in light of the COVID-19 crisis. However, Plaintiff believes that depositions should proceed remotely, while Defendants oppose remote depositions and request an extension of all discovery deadlines relating to depositions.

    **I.**     **Remote Depositions**

The Federal Rules grant courts the discretion to permit depositions by remote means. Fed. R. Civ. P. 30(b)(4). Courts "retain substantial discretion to determine the

site of a deposition," including whether to allow a remote deposition. *Alpha Capital Anstalt v. Real Goods Solar, Inc.*, 323 F.R.D. 177, 178–79 (S.D.N.Y. 2017). Prior to the current crisis, Plaintiff previously requested this Court's permission to conduct depositions telephonically, which the Court denied. *See docs. 204, 231*. For substantially the same reasons articulated in that Order, the Court still will not permit Plaintiff to conduct remote depositions without Defendants' stipulation. *See doc. 231* (citing the complex nature of the witnesses' testimony and Plaintiff's lack of experience in conducting depositions); *Almonacid v. Cessna Aircraft Co.*, 2012 WL 1059681, at *1 (D. Kan. Mar. 29, 2012) (unpublished) ("The Court is doubtful that these critical depositions, which are central to the case, can be effectively and efficiently taken by video conference in light of the probable length of the depositions [and] the need for exhibits[.]").

The Court remains persuaded by Defendants' arguments regarding the prejudicial nature of remotely-taken depositions here, including the complexity of the case, the need to present documents, the probable length of the deponents' testimony, the possibility of technological difficulties, and the difficulty of preparing witnesses remotely. *See doc. 282* at 3–7. In addition, Defendants cite persuasive legal authority for the proposition that Rule 30 would require the presence of an officer in the same

2

location as the deponents, creating an undue health risk.[1] *See id*. at 7–8 (citing *Phye v. Thill*, 2007 WL 2681106, at *1–2 (D. Kan. Sept. 7, 2007) (unpublished)). Plaintiff neither disputes nor, indeed, addresses this second point, and his arguments regarding the potential prejudice to Defendants are unconvincing. Considering the circumstances in their entirety, the Court in its discretion will DENY Plaintiff's motion to conduct remote depositions (*doc. 277*).

**II.    Extension of Discovery Deadlines**

However, the Court takes very seriously the threat to the health of all parties involved in proceeding with in-person depositions at this time. The Federal Rules provide that a scheduling order may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In this Court's judgment, there can be no question that the current global pandemic and the "Stay-at-Home" order issued by New Mexico's Governor qualify as good cause to delay discovery deadlines.

Plaintiff argues that the requested extension represents an unnecessary delay to the litigation of the case, and that, because the duration of the current crisis is unknown, future extensions and delays may be necessary. *See doc. 294*. Given the Court's denial of Plaintiff's request to conduct remote depositions and Plaintiff's concern for his own

---

[1] Conversely, Defendants provide no legal support for their argument that remotely conducted depositions would require a court reporter in the same location as the deponent, nor is such a proposition clear from the plain language of Rule 30. *See* Fed. R. Civ. P. 30(b)(3)(A) ("testimony may be recorded by audio, audiovisual, or stenographic means").

health (*doc. 296*), it nevertheless appears that an extension to the discovery deadlines will be beneficial to all parties. Moreover, no trial has yet been scheduled, minimizing the prejudicial effect of any discovery delays. Defendants' motion for extension (*doc. 285*) is therefore GRANTED for good cause.

### III. Conclusion

IT IS HEREBY ORDERED that the discovery deadlines in this case are EXTENDED as follows:

(1) Fact and expert witness deposition deadline: **August 3, 2020**;[2]

(2) Dispositive pretrial motions deadline: **September 2, 2020**.

Because no trial date has yet been scheduled, the Court finds that the currently-set pretrial order deadlines are premature and should be VACATED.

If, as the amended deadlines approach, the current health crisis continues and the parties feel that in-person depositions remain inadvisable, they may move the Court for further extension and/or other requested relief at that time.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

[2] The parties shall note that this Order, as requested, includes no extension to the deadline for written discovery.