IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LINDSAY O'BRIEN QUARRIE,

    Plaintiff,

v.                                                           Civ. No. 17-350 MV/GBW

STEPHEN WELLS, *et al.*,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION
## FOR PROTECTIVE ORDER AND RECONSIDERATION

THIS MATTER comes before the Court on Plaintiff's Motion for a Protective Order Against Defendant NMT's Request for Classified/Privileged Employment Information, and for Reconsideration of the Court's Order (Doc. 283) with Respect to Defendant NMT's Request for Residential Addresses. *Doc. 299*. Plaintiff filed his motion on April 10, 2020. Defendant NMT filed its response on April 24, 2020. *Doc. 306*. Plaintiff replied on May 8, 2020, *doc. 310*, followed shortly thereafter by a Notice of Errata to clarify the status of his former employer L3 Technologies, *doc. 313*. Having considered the motion and attendant briefing, the Court will DENY Plaintiff's motion with respect to both the request for protective order and the request for reconsideration.

    **I.**     **REQUEST FOR PROTECTIVE ORDER**

Plaintiff seeks a protective order to prevent disclosure of the information requested in Defendant NMT's Request for Production No. 2, which asked Plaintiff to

return a signed Authorization to Release Employment/Personnel Records. *Doc. 299* at 2. Specifically, the form would authorize release of the following information with respect to Plaintiff's employment: (1) "any and all employment/personnel records" from March 1, 2007 to present, (2) "any and all records" contained in Plaintiff's personnel file, (3) performance evaluations, (4) time and attendance records, (4) wage, salary and payroll records, (5) any records relating to physical examinations, fitness for duty, accidents, injuries, illness, disability, or disciplinary action, and (6) any records relating to separation from employment and eligibility for re-hire. *Id.*[1]

Federal Rule of Civil Procedure 26(c) permits the Court, with good cause, to issue an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The burden is on the moving party to demonstrate good cause for a protective order. *Benavidez v. Sandia Nat'l Labs.*, 319 F.R.D. 696, 721 (D.N.M. 2017) (quotation and citations omitted). *See also Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

Based on Plaintiff's commentary,[2] it appears that he objects specifically to releases of the following from former employers Space Sciences Corporation and L3: "any and all" of his employment/personnel records; "any and all" records contained in

---

[1] Unfortunately, neither party saw fit to provide the Court with an unaltered copy of the release form attached to Request for Production No. 2. The quotation in Plaintiff's motion includes a number of markings and comments clearly not found in the original. *See* doc. 299 at 2. However, as Defendant NMT has not objected to the version presented herein, the Court assumes that it is, otherwise, an accurate reproduction.

[2] Plaintiff added "[classified, privileged]" after each of these items on the quoted release.

his personnel file; performance evaluations; time and attendance records; and payroll records. *Doc. 299* at 2. Plaintiff contends that because both employers were Department of Defense contractors, the requested information is "classified and thus privileged" pursuant to the following sources: Executive Order 13526; 46 C.F.R. § 503.59; 35 U.S.C. §§ 181–88; 50 U.S.C. §§ 3161–64; and Executive Order 12829.

Plaintiff summarizes his argument as follows:

(1) The two defense contractors that Plaintiff has worked for over the past ten years—namely, L3 and Space Sciences Corporation—are Department of Defense Secure Facilities Laboratories and operate under the NISP pursuant to Executive Order 12829; (2) the nature of Plaintiff's work for these two defense contractors is classified—sometimes at the highest level of classification; and (3) the requested information in Defendant NMT's Request for Production No. 2 cannot be provided by Plaintiff without compromising the classification of Plaintiff's work.

*Doc. 310* at 4–5.

Though he makes no particularized argument with respect to why his performance evaluations are "classified," Plaintiff specifically argues that his "time and attendance and payroll records . . . are considered classified information as they also include specific task information and classified accounting." *Doc. 299* at 3.

Plaintiff appears to rely principally on Executive Order 13526, which states in relevant part:

(a) Information may be originally classified under the terms of this order only if *all* of the following conditions are met:
(1) an original classification authority is classifying the information;
(2) the information is owned by, produced by or for, or is under the control of the United States Government;

3

> (3) the information falls within one or more of the categories of information listed in section 1.4 of this order; *and*
> (4) the original classification authority determines that the unauthorized disclosure of the information reasonably could be expected to result in damage to the national security, which includes defense against transnational terrorism, and the original classification authority is able to identify or describe the damage.

75 Fed. Reg. 707, 707 (Jan. 5, 2010) (emphases added). Plaintiff argues that his work with Space Sciences Corporation and L3 cannot be disclosed due to its "inherent classified nature pursuant to Executive Order 13526." *Doc. 310* at 7. As for providing any further evidence that the requested information falls within the ambit of Executive Order 13526, he states:

> Plaintiff's past research at L3 and his past and present research at Space Sciences Corporation falls under all classification categories in subsections (a) through (h) of Section 1.4 above. More than that, Plaintiff is forbidden to disclose. Any disclosure of Plaintiff's research at L3 and Space Sciences Corporation over the past ten years would "cause identifiable or describable damage to the national security."

*Id*. at 6 (citation omitted).

But Executive Order 13526 recognizes information as classified *only* if it has been so designated by an "original classification authority,"[3] *and* if the original classification authority determines that its disclosure "reasonably could be expected to result in damage to the national security." 75 Fed. Reg. at 707. Plaintiff comes nowhere close to

---

[3] Pursuant to the terms of Executive Order 13526, "original classification authority" is exercised only by the President and Vice President and other government officials to whom authority has been delegated. 75 Fed. Reg. at 708.

4

demonstrating that either condition is satisfied.  It strains credulity to imagine that the kind of personnel information sought by Defendant NMT could implicate national security concerns, and there is no evidence of record showing that this information has been designated classified by an original classification authority.  The Court cannot and will not issue a protective order based on Plaintiff's unsupported assurance that his payroll records, performance evaluations, and so forth "fall[] under all classification categories in subsections (a) through (h) of Section 1.4 above." *Doc. 310* at 6.  For that matter, even assuming *arguendo* that they did, this would satisfy only the third requirement of Section 1.1(a).  Plaintiff would still need to show that "an original classification authority is classifying the information," and that the original classification authority—*not* Plaintiff acting unilaterally—has "determine[d] that the unauthorized disclosure of the information reasonably could be expected to result in damage to the national security." 75 Fed. Reg. at 707.  He has shown neither.

Plaintiff's other arguments are similarly unavailing. Executive Order 12829, 46 C.F.R. § 503.59, and 50 U.S.C. §§ 3161–64, all cited by Plaintiff, define classification by reference to Executive Order 13526.  *See* Executive Order 12829, 58 Fed. Reg. 3479, 3479 (providing "for the protection of information classified pursuant to Executive Order No. 12356"[4]); 46 C.F.R. § 503.51(d) ("Classified national security information . . . means

---

[4] Executive Order 12356 is a predecessor to Executive Order 13526 and was revoked and replaced by it. Therefore, the definition of "classified information" found in Executive Order 13526 applies.

5

information that has been determined pursuant to Executive Order 12958 or any predecessor order[5] in force to require protection against unauthorized disclosure and is marked to indicate its classified status when in documentary form."); 50 U.S.C. § 3164 ("the term 'classified information' means any information that has been determined pursuant to Executive Order No. 12356 of April 2, 1982, or successor orders, or the Atomic Energy Act of 1954,[6] to require protection against unauthorized disclosure and that is so designated").  Therefore, none of these three sources creates an independent source, definition, or authority of classification to support Plaintiff's argument.

The Invention Secrecy Act, codified at 35 U.S.C. § 181–88, permits the Commissioner of Patents to keep secret certain patents or inventions deemed "detrimental to the national security."  *Id*. § 181.  When this occurs, a secrecy order is issued and the patent applicant is notified.  *Id*.  Plaintiff has shown neither that Defendant NMT's release form would authorize the release of any patents or inventions, nor that the Commissioner of Patents has issued a secrecy order with respect to any of the requested information.  The Court therefore concludes that the Invention Secrecy Act is simply inapplicable.

---

[5] Executive Order 12958 is also a predecessor to Executive Order 13526.  *See supra* note 4.
[6] Plaintiff does not cite to the Atomic Energy Act of 1954 to establish the classified status of his personnel files.  The Atomic Energy Act appears inapplicable in any event, as it provides only that the Atomic Energy Commission may restrict and classify data relating to the design and production of nuclear weapons and special nuclear material.  42 U.S.C. §§ 2014(y), 2162.  As with the other cited statues, orders, and regulations, Plaintiff provides no evidence that the Atomic Energy Commission has actually done this with respect to his personnel file.

Because Plaintiff has not shown that the information authorized by the proposed released is "classified" pursuant to any of the cited authority, and because he has not demonstrated any other good cause for restricting discovery of his former employment information, the Court hereby DENIES his request for a protective order.

## II.   REQUEST FOR RECONSIDERATION

Entirely separate and distinct from his request for a protective order, Plaintiff seeks reconsideration of the Court's March 30, 2020 Order (*doc. 283*) as it relates to the definition of the term "residence" in Defendant NMT's Interrogatory No. 1(f).  *See doc. 299* at 4–5.  Specifically, it appears that Plaintiff would like the Court: (1) to redefine "residence" to mean "the place where one actually lives as distinguished from one's domicile or a place of temporary sojourn,"[7] or (2) in the alternative, to "permit him to respond to Defendant NMT's Interrogatory No. 1(f) by providing a list of hotels and other accommodations . . . that is limited to the best of Plaintiff's recollection and that is therefore not meant to be interpreted as exhaustive or 100% accurate[.]"  *Id*. at 5.

It is unclear under what rule or other law Plaintiff seeks reconsideration of the Court's order.  Pursuant to the Local Rules, parties in their motions "must cite authority in support of the legal positions advanced."  D.N.M.LR-Civ. 7.3(a).  Plaintiff's motion is so greatly out of compliance with Rule 7.3(a) that the Court has no way of determining

---

[7] The Court expresses no opinion about whether this proposed definition substantively differs from the one selected by the Court, *see doc. 283* at 5–6.

whether Plaintiff intended to seek reconsideration under Fed. R. Civ. P. 72(a), Fed. R. Civ. P. 60(a), Fed. R. Civ. P. 54(b), or some other legal authority.  *See*, *e.g.*, *Illiana Surgery & Med. Ctr. LLC v. Hartford Fire Ins. Co.*, 2012 WL3264981, at *3 (N.D. Ind. Aug. 9, 2012) (unpublished) ("Both Rule 72 and Rule 60(a) provide a vehicle for amending decisions."); *Anderson Living Trust v. WPX Energy Production, LLC*, 308 F.R.D. 410, 433 (D.N.M. 2015) (Rule 54(b) governs modification of interlocutory orders).  Moreover, though Plaintiff urges the Court to grant his motion for reconsideration on the basis that Defendant NMT failed to respond, *see doc. 310* at 2, not one of these rules provides for automatic amendment of a Court's Order by consent of the parties.  The Court therefore declines to grant the motion on the basis of Defendant NMT's inferred consent.

Because Plaintiff has failed to cite any authority pursuant to Local Rule 7.3(a), and has similarly failed to present any evidence or argument supporting modification of the Court's Order under Rule 54(b) or Rule 60(a), his motion for reconsideration is hereby DENIED.  However, to the extent that Plaintiff's intention was to serve and file objections to the Magistrate Judge's Order pursuant to Rule 72(a), his time to serve and file such objections shall be extended by three (3) days from the date of this Order.[8]

---

[8] Fed. R. Civ. P. 72(a) grants parties fourteen (14) days in which to serve and file objections to a magistrate judge's order on nondispositive matters.  Plaintiff's instant motion for protective order and reconsideration was filed eleven (11) days after the Court's March 30, 2020 Order.  Therefore, Plaintiff is now granted the three additional days that remained to him at the time of filing his motion.

Finally, to the extent that Plaintiff seeks an individualized assessment of whether his proposed response to Defendant NMT's Interrogatory No. 1(f) is in conformity with the Court's definition of the term "residence," that question is not properly before the Court. The Court will consider the adequacy of individual discovery responses only on a motion to compel or for sanctions by the opposing party.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for a Protective Order Against Defendant NMT's Request for Classified/Privileged Employment Information, and for Reconsideration of the Court's Order (Doc. 283) with Respect to Defendant NMT's Request for Residential Addresses (*doc. 299*) is DENIED in its entirety.

Should Plaintiff wish to file objections to the Magistrate Judge's March 30, 2020 Order (*doc. 283*) under Fed. R. Civ. P. 72(a), he may do so no later than **three (3) days** from the filing date of this Order.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE