## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

LINDSAY O'BRIEN QUARRIE,

     Plaintiff,

v.                                           Civ. No. 17-350 MV/GBW

STEPHEN WELLS, *et al.*,

     Defendants.

### ORDER GRANTING DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE

THIS MATTER comes before the Court on Defendant Board of Regents of the New Mexico Institute of Mining and Technology ("NMT")'s Motion for Order to Show Cause. *Doc. 307.* Having reviewed the motion and the parties' briefing (*docs. 315, 321*), the Court will GRANT Defendants' motion and ORDER Plaintiff to show cause why he should not be sanctioned for his failure to comply with the Court's Order.

### I.    THE COURT'S MARCH 30, 2020 ORDER

The basis of Defendant's motion is Plaintiff's alleged failure to comply with the Court's March 30, 2020 discovery order. *Doc. 283.* In that order, the Court granted in part Defendant's Motion to Compel Discovery (*doc. 236*) and ordered Plaintiff to produce "complete responses" to Defendant's Interrogatory No. 1(f),[1] Interrogatory No.

---

[1] Defendant NMT has not alleged any violation of the Court's order with respect to Interrogatory No. 1(f). *See generally doc. 307.*

3, Request for Production ("RFP") No. 2, and RFP No. 3, no later than April 10, 2020. *Doc. 283* at 16–17.

On April 11, 2020,[2] Plaintiff served his Third Supplemental Responses to the above-listed discovery requests. *See doc. 307-1* at 2; *doc. 307-2*.  In a letter dated April 24, 2020, and sent via email, counsel for Defendant NMT indicated that the supplemented responses to Interrogatory No. 3, RFP No. 2, and RFP No. 7 were non-compliant with the Court's order.  *Doc. 307-6*.  The letter further informed Plaintiff that Defendant NMT intended to file a Motion for Order to Show Cause if the requested information had not been received by April 29, 2020.  On May 1, 2020, having received no response, Defendant NMT filed the instant motion.  *Doc. 307*.

"District courts have broad discretion to sanction a party who violates discovery orders." *United States v. Golyansky*, 291 F.3d 1245, 1249 (10th Cir. 2002) (citing *United States v. Gonzales*, 164 F.3d 1285, 1291 (10th Cir. 1999)).  To the extent that Plaintiff violated the Court's order of March 30, 2020, he is subject to sanctions under Federal Rule of Civil Procedure 37, which reads in pertinent part:

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.  They may include the following:

---

[2] Defendant alleges that Plaintiff served his Third Supplemental Responses at 1:19 AM on April 11, 2020. *Doc. 307* at 2.  Plaintiff argues that he sent two emails, one at 12:16 AM and one at 1:18 AM.  *Doc. 315* at 5–6.  Regardless, the Court notes that Plaintiff's Third Supplemental Responses were served one day late and were therefore untimely.  However, the Court declines to impose sanctions on that basis.

(i)    directing that matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)    striking pleadings in whole or in part;

(iv)    staying further proceedings until the order is obeyed;

(v)    dismissing the action or proceeding in whole or in part;

(vi)    rendering a default judgment against the disobedient party; or

(vii)    treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

Furthermore, "[i]nstead of or in addition to the orders above, the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

## II.    REQUIREMENTS TO CONFER AND TO REQUEST CONCURRENCE

As an initial matter, Plaintiff argues that Defendant's motion should be denied for its alleged failure to comply with Federal Rule of Civil Procedure 37(a) and Local Rule 7.1(a). For the following reasons the Court disagrees, and will not deny the motion on either basis.

A. **Rule 37(a)**

Rule 37(a) states that before a party may move for "an order compelling disclosure or discovery," it must "in good faith confer[] or attempt[] to confer" with the opposing party.  Fed. R. Civ. P. 37(a)(1).  Plaintiff alleges that he never received defense counsel's April 24, 2020 letter regarding the insufficiency of his supplemented discovery responses, and "would have immediately responded to it" if he had.  *Doc. 315* at 3. Defendant's subsequent email communication to Plaintiff was not sent until the day of filing, and it read only as follows:

> I intend to file a Motion for Order to Show Cause for the reasons set forth in my correspondence of April 24.  Please advise as to you [sic] position.

*Doc. 315-1.*  Because Plaintiff had not received the April 24 communication, he was unable to understand the substance of this message until a second email communication was sent at 4:49 P.M. on May 1, 2020, after the motion had already been filed with the Court.  *See doc. 315* at 2.

The Court declines to enter into any more detailed discussion about the timing and substance of the email messages exchanged between Plaintiff and Defendant NMT. The pertinent issue is whether Defendant NMT's April 24 communication constituted an adequate attempt to confer.  No evidence of record suggests that Defendant NMT was aware of Plaintiff's non-receipt of the letter dated April 24.  In fact, Defendant NMT attached an affidavit by paralegal Yvonne Nieto to the effect that the email appeared in

her "sent" folder and that no undeliverable message was returned.  *Doc. 321-1*.

Therefore, the Court finds that Defendant NMT made a good faith effort to confer with

Plaintiff in compliance with Rule 37(a).

Plaintiff argues that compliance with Rule 37(a) "requires more than a single

letter or other communication before a motion is filed."  *Doc. 315* at 4.  However, neither

of the cases cited by Plaintiff indicates that a detailed letter explaining the moving

party's position, to which the moving party receives no response for approximately a

week, represents an insufficient effort to confer.  *See Lintz v. American Gen. Fin., Inc.*,

1999 WL 450197, at *1 (D. Kan. June 24, 1999) (unpublished) (plaintiffs ignored

defendants' explanatory response to their communication and filed a motion to compel

without further discussion); *Franks v. Flint-McClung Capital, LLC*, 2011 WL 5244412, at *2

(D. Colo. Nov. 3, 2011) (unpublished) (plaintiff sent a single email "merely indicat[ing]

an intention to file a motion to compel and . . . not suggest[ing] any negotiation or

compromise").  While a single communication may not satisfy Rule 37(a) in all cases,

Defendant NMT's April 24 letter contained a detailed and lengthy statement of its

position regarding Plaintiff's supplementation and represented a clear attempt to

negotiate.  *See doc. 307-6*.  After an extended period of non-response, during which

Defendant had no reason to believe that Plaintiff had not received its email, Defendant

NMT was justified in filing the present motion.[3]

**B.  Local Rule 7.1(a)**

Per Local Rule 7.1(a), the moving party "must determine whether a motion is

opposed, and a motion that omits recitation of a good-faith request for concurrence may

be summarily denied."  D.N.M.LR-Civ. 7.1(a).  Plaintiff contends that Defendant NMT

violated this rule because counsel's May 1, 2020 email seeking Plaintiff's position: (1)

referenced the April 24 communication, which Plaintiff never received, (2) was sent

only a few hours before the motion was filed, and (3) did not attach a copy of the

motion.  *See doc. 315* at 2–3.

The Court acknowledges that an email sent just four hours prior to filing[4] would

in many cases be insufficient to meet the requirements of Local Rule 7.1(a).  Indeed this

Court has formerly admonished Plaintiff for seeking concurrence just two hours prior to

filing, though declining to dispose of Plaintiff's motion on that basis.  *See doc. 214* at 5

n.2.  In this instance, Defendant's failure was mitigated by the fact that it had previously

informed Plaintiff of its intention to file a motion for order to show cause, and had

received no response.  *See doc. 307-6* at 2.  Moreover, given the adversarial nature of the

---

[3] Because Defendant made a reasonable attempt to confer in good faith, the Court leaves aside the question—not briefed by either party—of whether a motion for order to show cause constitutes an "order compelling disclosure or discovery" within the meaning of Rule 37.  *See* Fed. R. Civ. P. 37(a)(1).
[4] Defendant's email was sent at 12:36 PM MDT on May 1, 2020, *see doc. 321-2,* and the motion was filed at 4:47 PM MDT.

motion, the repeated necessity for the Court's intervention in these particular discovery

requests, and the overall tenor of the recent litigation, Defendant was at least partly

justified in assuming Plaintiff's non-consent.  Since Plaintiff quite evidently does *not*

consent to granting of the motion, he has suffered no prejudice from any possible

violation of Local Rule 7.1(a).  The Court therefore declines to exercise its discretion to

summarily deny Defendant's motion on that basis.

### III.   PLAINTIFF'S SUPPLEMENTAL RESPONSES

### A.  <u>Interrogatory No. 3</u>

Interrogatory No. 3 of Defendant NMT's First Set of Interrogatories asked

Plaintiff to:

> Identify the names and addresses of each of your employers for the past
> ten (10) years and up to the present date, and include in your answer, the
> dates you were employed by each such employer, address and telephone
> number for each employer, full name of your direct supervisor, your
> approximate salary or compensation while working for each employer,
> and the type of work you were employed to do.

*Doc. 236-1* at 4.

In its order of March 30, 2020, the Court ordered Plaintiff to provide a "full and

complete" response to this discovery request.  *Doc. 283* at 14–15.  The Court noted,

however, that Plaintiff should file a motion for protective order if he believed that

confidential information would be implicated in his responses with respect to certain

employers.  *See id.* at 14.  While Plaintiff did file a motion for protective order, it was not

based on Interrogatory No. 3, to which he claimed he had already "fully supplemented

his response . . . on April 10, 2020." *See doc. 299* at 2. Accordingly, the Court cannot

now agree that Plaintiff's response to Interrogatory No. 3 with respect to employers L3

and Space Sciences Corporation "is not properly before the Court," *doc. 315* at 6.

Plaintiff provided the following response to Interrogatory No. 3:

2010–Current[,] Space Sciences Corporation 181A West Frontage Road,
Lemitar NM 87823 (858) 334-9997, Chief Executive and Technology
Officer, [p]lease refer to IRS Transcripts and IRS Tax Returns for accurate
salary information.

3/20/2011–11/4/2014 Principal Radiation Engineer, L3 Telemetry West
Space Division, 9202 Balboa Avenue, San Diego CA 92123, [p]lease refer to
IRS Transcripts and IRS Tax Returns for accurate salary information,
Principal Radiation and Reliability Engineer[.]
L3 has since been through a series of changes and mergers including with
Harris Corporation and Plaintiff have [sic] no idea if the facility or people
still exist. Plaintiff is unable to find any relevant contact information.
Work records at former L3 are also privileged, classified, company does
not allow identifying or contacting its personnel.

5/23/2016–Present, National University La Jolla, California, adjunct
professor contractor, no supervisor. 11255 N Torrey Pines Rd, La Jolla,
CA 92037, (858) 642-8000.

*Doc. 315-6* at 2–3.

This response contains numerous deficiencies. Most notably, Plaintiff does not

provide approximate salary or compensation for a single one of his employers. With

respect to his positions at Space Sciences Corporation and L3, he refers Defendant to his

"IRS Transcripts and IRS Tax Returns." *Id*. For his position at National University he

includes no salary or compensation information at all. *Id*.

8

As Defendant notes, the individual tax returns provided to the Court are jointly filed, and do not include W-2 forms or other clear indication of which portion of Plaintiff's salary came from which employer, or even which portion of the taxable amount was earned by Plaintiff rather than his spouse. *See doc. 315-6* at 10–32. The documents attached as Exhibit O to Plaintiff's response, each entitled "Form W-2 and Tax Statement," appear somewhat more informative. *Doc. 315-9.* However, it is unclear whether either exhibit was attached to Plaintiff's supplemental discovery responses, and it is patently unclear to which specific documents Plaintiff's response refers. Plaintiff was already on notice that interrogatories must be answered "separately and fully in writing under oath," Fed. R. Civ. P. 33(b)(3), without reference to outside documentation. *Doc. 283* at 14. He was, in fact, specifically warned that a reference to his "IRS transcripts" was an insufficient response to Interrogatory No. 3. *Id.* at 11, 14. Plaintiff's repeated failure to state his salary and compensation information is therefore all the more glaring.

The omission of properly presented salary and compensation information is not the only deficiency in Plaintiff's response to Interrogatory No. 3. While Plaintiff explicitly stated that he has "no supervisor" at National University, which is a sufficient response if accurate,[5] he provided no supervisor information at all for his positions at

---

[5] Defendant NMT argues in its reply: "In reality, it is highly likely that there is someone at National University that Plaintiff answers to, but under his own hyper-technical definition of the word 'supervisor,' he is refusing to provide responsive and court ordered information." *Doc. 231* at 4. The

L3 and Space Sciences Corporation.  *Doc. 315-6* at 2–3.  This is in direct contravention of the Court's order to answer Interrogatory No. 3 in full.

Defendant NMT further objects that Plaintiff "did not provide detail regarding the type of work he was employed to do."  *Doc. 321* at 4–5.  However, the Court does not find Plaintiff's response manifestly deficient in this respect.  Interrogatory No. 3 does not ask for a "detailed" description of the type of work Plaintiff was employed to do.  Plaintiff's response, while admittedly underwhelming, makes sufficiently clear that he was employed to perform work, respectively, as a Chief Executive and Technology Officer, a radiation engineer, and an adjunct professor contractor.  *See doc. 315-6* at 2–3. Therefore, the Court does not find that Plaintiff violated its order by his response to this subpart.

Finally, although this issue is not raised by Defendant, Plaintiff's response that "[w]ork records at former L3 are also privileged, classified, company does not allow identifying or contacting its personnel," *doc. 315-6* at 3, is troubling given his failure to pursue a motion for protection against Interrogatory No. 3 and his previous assertion that he had "fully supplemented his response" thereto.  *See doc. 299* at 2.  Of course, Plaintiff *also* asserts that he "is unable to find any relevant contact information" for L3 or its employees.  *Doc. 315-6* at 3.  It is therefore unclear whether Plaintiff's privacy

---

Court agrees.  In the supplemental disclosures ordered herein, Plaintiff shall identify his supervisor at National University, or explain how he worked without any supervision.

concerns actually contributed to the withholding of any information about his employment with L3.  To the extent that it did, Plaintiff is directed to provide a complete response, as previously ordered, regardless of any concerns about privilege and/or confidentiality.

### B.  Request for Production No. 2

Defendant NMT's RFP No. 2 asked Plaintiff to produce "[t]he employment records release authorization *in the form attached hereto* as Exhibit A."  *Doc. 236-2* at 2 (emphasis added).  Pursuant to the Court's March 30, 2020 order, Plaintiff was directed to respond in full.

Plaintiff's release authorizations for employers L3 and Space Sciences Corporation were the subject of a motion for protective order filed April 10, 2020, and denied on May 18, 2020, while the present motion was already partly briefed.  *See docs. 299, 316*.  Those releases are not, therefore, properly before the Court at this time.[6]  However, Plaintiff did return a signed release for employer National University, *see doc. 315-6* at 8, which Defendant NMT contends is noncompliant with the Court's order.

The Court agrees.  The form ultimately signed and produced by Plaintiff differs noticeably and substantially from the one which he was ordered to complete.  *Compare doc. 307-5* at 1 with *doc. 315-6* at 8.  This modification is in direct defiance of the Court's

---

[6] Plaintiff is hereby warned, in the strongest possible terms, that any failure to provide the ordered releases with respect to employers L3 and Space Sciences Corporation will not be taken lightly.

order, and the Court will not now entertain any arguments about the alleged

requirements of California law.  Plaintiff will be ordered both to produce the correct

release form and to show cause why he should not be sanctioned for his flagrant non-

compliance with the Court's directive.

## C.  <u>Request for Production No. 7</u>

RFP No. 7 directed Plaintiff to "[p]roduce copies of any business and personal

income tax returns for the tax years 2011 to 2019."  *Doc. 236-2* at 3.  Pursuant to the

Court's March 30, 2020 order, Plaintiff was clearly directed to provide the requested

documentation.  *Doc. 283* at 16.  In his Third Supplemental Responses, Plaintiff

produced his individual Form 1040 for each year from 2011 through 2018, and the

corporate Form 1120 for Space Sciences Corporation for the years 2011 through 2018,

with the notable exception of the year 2014.[7]  *See doc. 315-6* at 10–32.

Defendant NMT argues that Plaintiff "produced incomplete copies of his tax

returns, such that no attachments were provided."  *Doc. 307* at 3.  Indeed, Plaintiff's

produced forms do appear to indicate that other forms were originally attached.  *See,*

*e.g., doc. 315-6* at 10 ("7 . . . Attach Form(s) W-2"); *doc. 315-6* at 27 ("20 . . . attach Form

---

[7] Curiously, Plaintiff states in his response that he does not currently have a copy of his "personal tax return for 2014" in his possession, and that he has requested one from the IRS.  *Doc. 315* at 7 n.4. Plaintiff's U.S. Individual Income Tax Return, Form 1040, for the year 2014 appears to be attached to his briefing.  *Doc. 315-6* at 16.  Plaintiff does not mention the absence of a 2014 corporate tax return for Space Sciences Corporation, which conversely appears to be missing.  In any event, Defendant NMT makes no specific argument about or objection to Plaintiff's delay in providing tax returns for certain years (including 2019, which he has allegedly not yet filed).  The Court therefore declines to delve any further into the question.

4562"). Moreover, although Forms W-2 are no longer required to be sent directly by the individual filer to the IRS, this Court finds that they are properly considered as attachments to the individual's tax return. *See* IRS, Frequently Asked Questions: Forms W2 & Other Documents, https://www.irs.gov/faqs/electronic-filing-e-file/forms-w-2-other-documents/forms-w-2-other-documents (last updated Sept. 20, 2019).

The Court concludes that the production of complete "income tax returns" properly includes *all* attachments, including all W-2 forms. However, due to the arguable lack of clarity in the Court's original order, Plaintiff will not be ordered to show cause why he should not be sanctioned for this omission. Instead he will be ordered to produce his complete tax returns with all attachments to include the W-2 forms.

## IV.   CONCLUSION

For the foregoing reasons, Defendant NMT's Motion for Order to Show Cause (*doc. 307*) is hereby GRANTED. Plaintiff is ORDERED TO SHOW CAUSE no later than **June 22, 2020**, why he should not be sanctioned in accordance with Fed. R. Civ. P. 37(b)(2) for his failure to comply with the Court's March 30, 2020 discovery order as to Interrogatory No. 3 and RFP No. 2.

Plaintiff is further ORDERED to provide full and complete discovery responses to Interrogatory No. 3, RFP No. 2, and RFP No. 7 in compliance with this Order no later than **June 19, 2020**.

Finally, IT IS ORDERED that, within **ten (10) days** of the filing of this Order, Defendant NMT shall submit an affidavit detailing its reasonable expenses including attorney's fees expended in (1) briefing this motion and (2) otherwise addressing Plaintiff's non-compliance with the Court's March 30, 2020 discovery order.  Plaintiff's objections to the amounts claimed, if any, shall be filed within **five (5) days** of the filing of the affidavit.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE