IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LINDSAY O'BRIEN QUARRIE,

    Plaintiff,

v.                                                                             Civ. No. 17-350 MV/GBW

STEPHEN WELLS, *et al.*,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO PAY ATTORNEY'S FEES

THIS MATTER is before the Court pursuant to the Court's Order Granting Defendant's Motion for Order to Show Cause (*doc. 327*), Plaintiff's Response to the Court's Order to Show Cause (*doc. 331*), Defendant Board of Regents of New Mexico Institute of Mining and Technology ("NMT")'s Affidavit in Support of Attorney's Fees (*doc. 332*), and Plaintiff's Objections to Defendant NMT's Affidavit in Support of Attorney's Fees (*doc. 335*).

### I.     Appropriate Sanction

On June 16, 2020, the Court granted Defendant NMT's Motion for Order to Show Cause (*doc. 307*) and directed Plaintiff to show cause why he should not be sanctioned for his failure to comply with the Court's March 30, 2020 discovery order. *Doc. 327* at 13. Specifically, the Court determined that Plaintiff was in violation of the Court's order by his responses to Defendant NMT's Interrogatory No. 3 and Request for Production

No. 2. *See id*. Plaintiff responded as ordered on June 22, 2020. *Doc. 331*. He asserts that the violations were unintentional and that monetary sanctions will suffice to deter any future misconduct.

The Court agrees that monetary sanctions are sufficient at this time. Federal Rule of Civil Procedure 37(b), which provides sanctions for failure to comply with a court order, states:

> Instead of or in addition to [the sanctions listed in 37(b)(2)(A)(i)–(vii)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C). Having read and considered Plaintiff's Response, the Court finds that a payment of Defendant NMT's reasonable expenses will suffice to redress Plaintiff's discovery violations. No additional sanction will be imposed at this time. However, should Plaintiff continue to fail to comply with the Court's orders, further sanction will be imposed.

## II. Expense Award

The only issue remaining is the exact amount of the expense award to be paid by Plaintiff to Defendant NMT. On June 25, 2020, Defendant NMT submitted an affidavit detailing its attorney fees expended in addressing Plaintiff's failure to comply with the Court's March 30, 2020 order. *Doc. 332*; *see also doc. 327* at 14. Counsel for Defendant NMT claimed 14.9 total hours of time, itemized as follows:

2

- 1.5 hours preparing correspondence and email communications to Plaintiff about the deficiency and potential motion practice,
- 7.2 hours preparing Motion for Order to Show Cause[,]
- 1 hour reviewing filings and discovery supplementation by Plaintiff in response to Motion for Order to Show Cause,
- 5.2 hours preparing Reply to Plaintiff's Response to Motion for Order to Show Cause and supporting Declaration[.]

*Doc. 332* at 4.  At an hourly rate of $165.00, and with the addition of 7.785% gross receipts tax, the claimed amount came to $2,649.89.  *Id*.

Attorneys submitting fee affidavits to the Court must demonstrate both the reasonableness of the number of hours spent and the reasonableness of the hourly rate claimed.  *See Ramos v. Lamm*, 713 F.2d 546, 553–55 (10th Cir. 1983).  Plaintiff does not object to defense counsel's hourly rate of $165.00, which is set by the Risk Management Division of the state of New Mexico.  *See doc. 335* at 3; *doc. 332* at 3.  The Court agrees that the claimed hourly rate is reasonable.  However, Plaintiff argues that the 7.2 hours claimed by defense counsel in preparing Defendant NMT's Motion for Order to Show Cause is unreasonable, because the Motion is only three pages long and contains no legal citations.  *Doc. 335* at 2.

Unlike in the case cited by Plaintiff, there is nothing "sloppy" or "imprecise" about defense counsel's method of time-keeping.  *See Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).  The provided affidavit clearly accounts for every hour of defense counsel's time in addressing Plaintiff's discovery violations.  The Court therefore finds that defense counsel has satisfactorily established "all hours for which compensation is

3

requested and how those hours were allotted to specific tasks," thereby "establish[ing] the reasonableness of each dollar, each hour, above zero." *Id*. (internal quotations and citations omitted).

Moreover, the Court finds nothing patently unreasonable in the devotion of 7.2 hours to a three-page Motion for Order to Show Cause including numerous attachments, and addressing a relatively complex and lengthy discovery dispute. *See doc. 307*. This Court is aware of no rule, and Plaintiff has cited none, establishing that attorney's fees are limited to one hour per page as Plaintiff asserts. In fact, other courts have found that "capping . . . fees based solely on an hours-per-page limitation is unsupported by Tenth Circuit precedent." *Pipeline Prods. v. Madison Cos., LLC*, 2019 WL 3252743, at *3 (D. Kan. Jul. 19, 2019) (unpublished) (citing *Farmer v. Astrue*, 2010 WL 4904801, at *3 (D. Kan. Nov. 24, 2010) (unpublished); *Seamands v. Sears Holding Corp.*, 2011 WL 884391, at *12 (D. Kan. Mar. 11, 2011) (unpublished); *Howard v. Segway, Inc.*, 2013 WL 869955, at *8 (N.D. Okla. Mar. 7, 2013) (unpublished)). *See also In re Toys "R" Us-Del., Inc. Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 466 (C.D. Cal. 2014) (just over three hours per page found reasonable in a "not particularly complex" class action); *Walton v. Massanari*, 177 F. Supp. 2d 359, 365 (E.D. Pa. 2001) (approximately two hours per page found reasonable).

In the circumstances of the present case, the Court concludes that the hours claimed by defense counsel in preparing Defendant NMT's Motion for Order to Show

4

Cause are reasonable. The fact that counsel previously claimed fewer hours per page in preparing other motions, *see doc. 335* at 2–3, is largely irrelevant to the question before the Court. *See, e.g., Fed'n of Fly Fishers v. Daley*, 200 F. Supp. 2d 1181, 1190 (N.D. Cal. 2002) (rejecting argument that fee hours on one brief should be limited to the per-hour rate on prior briefs). The proper question is whether the number of hours spent was "reasonable." *Centennial Archaeology, Inc. v. Aecom, Inc.*, 688 F.3d 673, 679 (10th Cir. 2012). The Court finds that it was.

### III. Conclusion

In light of the foregoing, Plaintiff's Objections to Defendant NMT's Affidavit in Support of Attorney's Fees (*doc. 335*) are OVERRULED.

IT IS HEREBY ORDERED that Plaintiff shall pay an expense award in the amount of **$2,649.89** to Defendant NMT no later than **July 21, 2020**. This award covers 14.9 hours of work at a rate of $165.00 per hour, plus $191.39 in gross receipts tax at a rate of 7.785%.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE