# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LINDSAY O'BRIEN QUARRIE,

     Plaintiff,

v.                            No. 2:17-cv-00350 MV/GBW

STEPHEN WELLS in his official capacity,
ALY EL-OSERY in his official capacity,
and the BOARD of REGENTS of the
NEW MEXICO INSTITUTE OF MINING
AND TECHNOLOGY in their official capacities,

     Defendants.

## DEFENDANTS' MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER AND NOTICE OF NON-APPEARANCE

Defendants Board of Regents of the New Mexico Institute of Mining and Technology, Stephen Wells, and Aly El-Osery ("NMT Defendants"), by and through their attorneys Conklin, Woodcock & Ziegler, P.C., submit this Motion to Quash Subpoena and for Protective Order pursuant to Fed. R. Civ. P. 26 and 45, and provide Notice of Non-Appearance concerning the deposition of Robin Goble set for July 21, 2020.

## FACTUAL BACKGROUND

1.  On July 7, 2020, Plaintiff served a Subpoena and corresponding Notice of Deposition seeking the deposition of Robin Goble.

2.  The subpoena and notice directed to Robin Goble was served on undersigned counsel, and does not appear to have been served on Ms. Goble or any attorney representing Ms. Goble.  *See* Subpoena and Notice of Deposition to Robin Goble, attached as Exhibit A.  Under Rule 45, service of the Subpoena directed to Ms. Goble upon undersigned counsel was not valid.  *See* Fed. R. Civ. P. 45(b)(1).

3.  Robin Goble was an attorney employed by Conklin, Woodcock & Ziegler, P.C., and during the 2017 to the mid-2018 time period, performed discreet tasks related to the defense of the present litigation.  Robin Goble retired and is no longer employed by Conklin, Woodcock & Ziegler, P.C.  She has not been employed by Conklin, Woodcock & Ziegler, P.C. in any capacity since mid-2018.  *See* Affidavit of Alisa Wigley-DeLara, attached hereto as Exhibit B.

4.  In addition to the service of the above Subpoena and Notice of Deposition, Plaintiff "apprised" undersigned counsel of his intent to take the depositions of counsel of record, Ms. Christa Hazlett and Ms. Alisa Wigley-DeLara.  *See* Email correspondence attached as Exhibit C.

5.  The only knowledge these witnesses have with respect to Mr. Quarrie and the present lawsuit is information learned through legal representation and the attorney-client relationship between counsel and NMT.  *See* Exhibit B.

## EFFORTS TO CONFER IN GOOD FAITH

Prior to the filing of the present Motion, undersigned counsel advised Plaintiff that it would not make Ms. Goble available for deposition because depositions of opposing counsel are disfavored.  In doing so, undersigned counsel specifically asked Plaintiff to look at the case law on the issue.  *See* Exhibit C.  Likewise, undersigned counsel advised Plaintiff that she would request fees and costs if Plaintiff's position necessitated a Motion.  *Id.*  Plaintiff did not respond to that email, but instead served undersigned counsel (without effect) the Subpoena and Notice of Deposition directed to Robin Goble.

On July 15, 2020, undersigned counsel advised Plaintiff of her intent to file a Motion to Quash Subpoena and for Protective Order and set forth the basis for the relief being sought.  *See* Email correspondence attached as Exhibit D.  Plaintiff noted his preliminary opposition to the

Motion, and after additional communication, it was evident that Plaintiff did not agree with the relief being sought and opposed the Motion. *Id.*

## ARGUMENT AND AUTHORITY

I.     **The Court may properly enter an Order quashing a subpoena and entering a Protective Order prohibiting the depositions of opposing counsel upon a showing of good cause.**

Pursuant to Fed. R. Civ. P. 45, "the court…must quash or modify a subpoena that…requires disclosure of privileged or other protected matter, if not exception of waiver applies. Fed. R. Civ. P. 45(d)(3). Rule 26(c) provides that upon a showing of good cause, a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The decision to enter a protective order is within the court's discretion. *Thomas v. International Bus. Mach.,* 48 F.3d 478, 482 (10th Cir.1995). The party seeking a protective order has the burden to demonstrate good cause. *Sentry Ins. v. Shivers,* 164 F.R.D. 255, 256 (D.Kan.1996); *Velasquez v. Frontier Med. Inc.,* 229 F.R.D. 197, 200 (D.N.M. 2005). Good cause is shown through "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981). Additionally, the moving party must show that disclosure will result in a "clearly defined and serious injury to that moving party." *Klesch & Co. Ltd. v. Liberty Media Corp.,* 217 F.R.D. 517, 524 (D.Colo.2003) (citing *Exum v. United States Olympic Committee,* 209 F.R.D. 201, 206 (D.Colo.2002)); and *Pia v. Supernova Media, Inc.*, 275 F.R.D. 559, 560 (D. Utah 2011) (Good cause is established upon a showing of specific prejudice or oppression that will be caused by the discovery). In evaluating whether good cause for a protective order preventing a deposition has been shown, "a court should balance the non-moving party's interest in obtaining discovery and preparing for trial against the moving party's proffer of harm that would result from the

3

deposition." *Baratta v. Homeland Housewares, LLC,* 242 F.R.D. 641, 642 (S.D.Fla.2007) (citing

*Farnsworth v. Procter & Gamble Co.,* 758 F.2d 1545, 1547 (11th Cir.1985)); *Exum,* 209 F.R.D.

at 206 (citations omitted).

> **II.  Good cause exists to quash the Subpoena to Ms. Goble and to enter a Protective Order to prevent the noticed deposition of Ms. Goble and the unnoticed depositions of Ms. Hazlett and Ms. Wigley-DeLara.**

While there is no express rule prohibiting the depositions of opposing counsel, this Circuit

scrutinizes such depositions and views them with disfavor.  Under the Shelton criteria adopted by

the Tenth Circuit, depositions of opposing counsel are only permitted "where the party seeking to

take the deposition has shown that: (1) no other means exist to obtain the information than to

depose opposing counsel; (2) the information sought is relevant and nonprivileged;, and (3) the

information is crucial to the preparation of the case."  *See Boughton v. Cotter Corp.*, 65 F.3d 823,

829 (10th Cir. 1995) (citing to *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir.

1986).  It is Plaintiff's burden to satisfy the *Shelton* criteria, and the court "has the *discretion* under

Rule 26(c) to issue a protective order against the deposition of opposing counsel when ay one or

more of the three *Shelton* criteria for deposition listed above are *not* met."  *Id.*, at 829-30 (emphasis

in original).

Plaintiff cannot satisfy the *Shelton* criteria.  Presumably, Plaintiff is seeking the deposition

of Robin Goble as she was identified as the author of a Memorandum appearing on Defendant

NMT's Amended Privilege Log.  The Court has already ruled that this Memorandum is protected

by the attorney-client privilege and the work product doctrine.  *See* Order (Doc. 308).  Any

testimony from Ms. Goble about the preparation of and/or the contents of this Memorandum would

be similarly protected.  *Id.*  As such, Plaintiff is unable to satisfy the second *Shelton* criteria.

To the extent Plaintiff is seeking to depose Ms. Goble for any other reason, her only

association with this lawsuit was as a result of her representation of the NMT Defendants. *See* Exhibit B. Similarly, any knowledge of Ms. Hazlett or Ms. Wigley-DeLara is based strictly on their involvement in the defense of the present lawsuit as counsel of record as well as two state court lawsuits filed by Plaintiff against NMT or former and current employees of NMT that are on appeal. While certainly opposing counsel would have knowledge of factual information concerning the events leading up to the lawsuit and during the pendency of the lawsuit, this type of factual information is available to Plaintiff through any number of other witnesses who have direct, personal knowledge of the events. All other knowledge of these witnesses would be information learned through the attorney-client relationship and protected from disclosure by the attorney-client privilege and/or the work product doctrine. Further, Plaintiff cannot establish that any non-privileged information known to opposing counsel is "crucial to the preparation of his case."

Plaintiff is unable to make any showing whatsoever under the *Shelton* criteria which would allow the depositions of opposing counsel to proceed. Even if such a showing was made, however, the prejudice that would be inflicted on the NMT Defendants far outweighs the need for any information that would not be privileged and subject to discovery. As noted in *Boughton*,

> [t]aking the depositions of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation. It is not hard to imagine additional pretrial delays to resolve work-product and attorney-client objections, as well as delays to resolve collateral issues raised by the attorney's testimony. Finally, the practice of deposing counsel detracts from the quality of client representation. Counsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent.

*Boughton*, at 829.

Allowing Plaintiff to conduct the depositions of Ms. Goble, Ms. Hazlett, or Ms. Wigley-

DeLara serves no purpose and would adversely impact the attorney-client relationship between counsel and the NMT Defendants. The very purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). By allowing the depositions of opposing counsel to move forward, the complete and full disclosure between attorney and client is threatened all to the detriment of the NMT Defendants. This in turn threatens the defense of the present lawsuit.

Because Plaintiff cannot satisfy the *Shelton* criteria and because the NMT Defendants will be unfairly prejudice if the depositions were allowed to proceed, an Order quashing the subpoena directed to Ms. Goble[1] should be entered and a Protective Order entered prohibiting the depositions of Ms. Goble, Ms. Hazlett, and Ms. Wigley-DeLara.

WHEREFORE, the NMT Defendants respectfully request an Order quashing the Subpoena directed to Ms. Goble and prohibiting the depositions of Ms. Goble, Ms. Hazlett, and Ms. Wigley-DeLara, and awarding fees and costs pursuant to Fed. R. Civ. P. 26(c)(3), and for such other and further relief as the Court deems just.

Respectfully submitted,

CONKLIN, WOODCOCK & ZIEGLER, P.C.

By:  */s/ Alisa Wigley-DeLara*_____
     Christa M. Hazlett
     Alisa Wigley-DeLara
     320 Gold Ave SW, Suite 800
     Albuquerque, NM  87102
     Telephone:  (505) 224-9160
     *Attorneys for Defendants*

---

[1] As noted above, Service of the Subpoena directed to Ms. Goble upon undersigned counsel was not valid.  *See* Fed. R. Civ. P. 45(b)(1).

I hereby certify that on the 16th day of July, 2020, I filed the foregoing electronically through the CM/ECF System which caused all parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.


  _/s/ Alisa Wigley-DeLara_
Alisa Wigley-DeLara