IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LINDSAY O'BRIEN QUARRIE,

    Plaintiff,

v.                                                               Civ. No. 17-350 MV/GBW

STEPHEN WELLS, *et al.*,

    Defendants.

## ORDER GRANTING EXTENSION OF PRETRIAL DEADLINES AND GRANTING LEAVE TO CONDUCT REMOTE DEPOSITION OF MS. MERRIFIELD

THIS MATTER comes before the Court on Defendants' Motion for Extension of Time of the Deadlines to Conduct Expert Depositions and to File Pretrial Motions Addressing Expert Testimony, for Leave to Conduct the Deposition of Out of State Witness by Remote Means, and for an Expedited Briefing Schedule (*doc. 350*) and Plaintiff's Motion for Extension of Deposition and Pretrial Motions Deadlines and for Expedited Briefing Schedule (*doc. 354*). Having reviewed the Motions and the attendant briefing (*docs. 358, 360, 363, 366*), the Court will GRANT both Motions.

    **I.**     **Remote Deposition of Ms. Merrifield**

The question of remote depositions first arose in this case on December 6, 2019, well before the COVID-19 pandemic. *Doc. 204*. The Court denied Plaintiff's request to conduct remote depositions due to the complex nature of the witnesses' testimony and Plaintiff's lack of experience in conducting depositions. *Doc. 231*. Plaintiff next sought

leave to conduct remote depositions on March 16, 2020, in response to COVID-19. *Doc. 277*. By Order dated April 10, 2020, the Court again denied leave due to Defendants' continued concerns regarding the complexity of the testimony and Plaintiff's lack of experience in conducting depositions. *Doc. 297* at 1–3. Although Defendants continued to oppose remote depositions, they agreed that in-person depositions should be postponed. *Doc. 285*. Consequently, the Court extended the deadline for depositions of all witnesses until August 3, 2020 and the deadline for dispositive pretrial motions until September 2, 2020. *Doc. 297* at 4. The public health crisis was still developing at that time, and the Court anticipated that further extensions and requests for relief may be necessary as the situation developed. *Id*. More than four months later, the public health crisis is nowhere near resolved. Defendants now seek leave to conduct a remote deposition of one of Plaintiff's experts, Ms. Merrifield.[1] *Doc. 350* at 4.

The Federal Rules grant courts the discretion to permit depositions by remote means. Fed. R. Civ. P. 30(b)(4). Courts "retain substantial discretion to determine the site of a deposition," including whether to allow a remote deposition. *Alpha Capital Anstalt v. Real Goods Solar, Inc.*, 323 F.R.D. 177, 178–79 (S.D.N.Y. 2017). "Courts are beginning to recognize that a 'new normal' has taken hold throughout the country in

---

[1] The only request for a remote deposition properly before the Court is that of Ms. Merrifield. In their "Repsonse" [sic] to Plaintiff's Motion, Defendants state: "As to Dr. Lopez's request that the deposition be conducted by telephone, Defendants do not oppose this request." *Doc. 358* at 4. No request by Dr. Lopez has been made to the Court, and the Court has received no facts on which to decide such a request. *See id.* at n.2 ("Undersigned counsel sought additional, detailed information from Dr. Lopez concerning the reasons for his self-quarantine. At the time of filing, such information had not been provided.").

2

the wake of the COVID-19 pandemic that may necessitate the taking of remote depositions . . . ." *In re Broiler Chicken Antitrust Litig.*, 2020 WL 3469166, at *5 (N.D. Ill. June 25, 2020). However, whether to permit a remote deposition is a "heavily fact dependent" inquiry. *Id.* at *6.

Because Ms. Merrifield lives in California, Defendants seek leave to conduct her deposition remotely so that Defendants' counsel will not be required to quarantine for fourteen days following out-of-state travel, as mandated by state order. A mandatory quarantine will interfere with Defendants' counsel's ability to attend any of the in-person depositions pending in this case. In light of the difficulties that the parties have already experienced with scheduling depositions, ensuring the availability of all parties is paramount. Plaintiff's sole argument for disallowing a remote deposition is that "Defendants should have to do the same" as him. *Doc. 360* at 7. However, the concerns that motivated the Court's first two refusals to allow remote depositions are not present here. There is no indication that the deposition of Ms. Merrifield would be too complex to proceed remotely. Furthermore, it is the Court's understanding that Plaintiff regularly travels to New Mexico notwithstanding the mandatory quarantine requirement. *Doc. 204* at 5; *doc. 366-1* at 1. The burden on Defendants to travel to California is much higher than the burden on Plaintiff to travel to New Mexico. The Court finds good cause to allow the deposition of Ms. Merrifield to proceed remotely.

## II.     Depositions Deadline

Defendants seek a 60-day extension of the deposition deadline in order to depose Plaintiff's disclosed experts, Ms. Merrifield and Professor Nakotte. *Doc. 350* at 3. Plaintiff opposes any such extension. *See doc. 360* at 5. Plaintiff seeks a 60-day extension of the deposition deadline in order to depose non-party fact witness Dr. Lopez. *Doc. 354* at 1. Defendants, while they object to and refute Plaintiff's basis for the extension, do not oppose it. *See doc. 358* at 1. The Court finds good cause to grant each of these requests. *See* Fed. R. Civ. P. 16(b)(4). Therefore, the Court will grant a 60-day extension to the discovery deadline for the limited purpose of permitting the depositions of Ms. Merrifield, Professor Nakotte, and Dr. Lopez.

## III.    Dispositive Motion Deadline

The parties also seek an extension to the substantive motions deadline. Defendants originally sought only an extension for "motions addressed to proposed expert testimony" while Plaintiff argued the extension should apply to all substantive motions. *See doc. 350* at 1; *doc. 360* at 5-7; *see also doc. 354* at 1. In their reply, Defendants have withdrawn their objection that such an extension be limited. *See doc. 366* at 3. The Court agrees that, given the extension for the three depositions listed above and the lack

of a trial date, the substantive motions deadline will be extended sixty days for all purposes.

## IV. Deadline for Dates of Availability

The Court is cognizant that the deposition deadline sought by both parties is fast approaching. In light of the parties' apparent difficulties in conferring in a timely manner, the Court finds it prudent to impose a deadline for each party to provide dates of availability for the other party's depositions. Defendants have indicated that they have been in contact with Dr. Lopez to coordinate a time to schedule his deposition. *Doc. 358* at 2–3. Plaintiff has stated that, as of August 12, 2020, he and his expert witnesses have availability in late September and early October. *Doc. 360* at 4; *doc. 354* at 5. In reliance on the parties' representations, the Court trusts that they will have no difficulty settling on dates for these depositions within a week.

## V. Conclusion

IT IS HEREBY ORDERED that the parties' motions for extensions (*docs. 350, 354*) are GRANTED and the discovery deadlines in this case are EXTENDED as follows:

(1) Fact and expert witness deposition deadline: **October 2, 2020**;[2]

(2) Dispositive pretrial motions deadline: **November 1, 2020**.

---

[2] The Court is aware that several motions concerning depositions are currently pending before the Court. *See docs. 344, 348, 359*. To the extent that the Court's ruling on any of those motions may require an extended deadline, the Court will set a deadline specific to the deposition at issue.

IT IS FURTHER ORDERED that Defendants are permitted to conduct the deposition of Ms. Merrifield remotely.

IT IS FURTHER ORDERED that Plaintiff is required to provide dates of availability for Ms. Merrifield and Professor Nakotte and Defendants are required to provide dates of availability for Dr. Lopez **no later than August 31, 2020.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE