IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LINDSAY O'BRIEN QUARRIE,

      Plaintiff,

v.                                  Civ. No. 17-350 MV/GBW

STEPHEN WELLS, *et al.*,

      Defendants.

## ORDER GRANTING MOTION TO QUASH SUBPOENA AND GRANTING IN PART MOTION FOR PROTECTIVE ORDER

THIS MATTER comes before the Court on Defendants' Motion to Quash Subpoena and for Protective Order and Notice of Non-Appearance. *Doc. 344.* Having reviewed the Motion and the attendant briefing (*docs. 349, 361*), the Court GRANTS the Defendants' motion to quash the subpoena of Ms. Goble and GRANTS IN PART Defendants' motion for protective order.

### I.    FACTUAL BACKGROUND

On June 10, 2020, Plaintiff contacted Defendants' counsel to confer on deposition dates for several witnesses, including Robin Goble, a former attorney at the firm of Conklin, Woodcock & Ziegler, P.C. who was involved in the representation of Defendants in this matter. *Doc. 344-3* at 4–5; *see also doc. 344-2* at ¶ 5 (noting that Ms. Goble retired in May or June 2018). On June 24, 2020, Defendants' counsel, Ms. Wigley-

DeLara, informed Plaintiff that she would "not make Ms. Goble available for deposition." *Doc. 344-3* at 3.  On June 25, 2020, Plaintiff responded by insisting on deposing Ms. Goble "because she may have relevant and valuable factual information concerning my academic and administrative files at NMT." *Id.* at 2.  Plaintiff added that, "depending on how litigation unfolds in this case over the course of the next two to three weeks, I may need to depose you and Christa Hazlett[1] as well.  So consider yourselves apprised." *Id.*  In response, Ms. Wigley-DeLara reiterated Defendants' objection to the deposition of Ms. Goble and any other attorney associated with Conklin, Woodcock & Ziegler, P.C., encouraged Plaintiff to review the applicable case law concerning depositions of opposing counsel, and informed Plaintiff that Defendants would seek attorney fees in the event of any motions practice on this issue.  *Id.* at 1.

On July 1, 2020, Plaintiff emailed Ms. Wigley-DeLara a "third and final request" for deposition dates for Ms. Goble.  *Doc. 349-1* at 2.  Plaintiff explained that he believed that the requirements to depose opposing counsel were met because

> Defendant NMT and its administrators, employees, and agents have certified under oath that they don't know when the termination letter (all twenty-four copies) and related correspondence were transferred to a legal file at NMT pursuant to the terms of the Settlement Agreement.  As the author of the memorandum, Robin Goble would very likely have that information, which is not protected by attorney-client privilege since it is a factual matter and highly relevant to the instant case.

*Id.* at 2–3.  The termination letter and the memorandum referenced by Plaintiff have

---

[1] Ms. Hazlett is the other attorney of record for Defendants in this case.

been the subject of multiple discovery motions by Plaintiff, including a motion for sanctions that was being briefed when Plaintiff sent this email.  *See doc. 325*.

On July 7, 2020, Plaintiff served a subpoena and notice of deposition on Ms. Goble by delivering it to the offices of Conklin, Woodcock & Ziegler, P.C.  *Doc. 344-1*. The subpoena commanded Ms. Goble to appear for a deposition on July 21, 2020.  *Id*. Defendants filed the present motion and notice of non-appearance on July 16, 2020. *Doc. 344*.  Plaintiff proceeded with the deposition, at which Ms. Goble did not appear. *Doc. 349-6*.

After these events transpired, the Court issued an order on Plaintiff's motion for sanctions.  *Doc. 353*.  The Court will not recite the precise details of the parties' dispute surrounding the termination letter and memorandum, as they may be found in prior orders.  *See docs. 308, 353*.  For present purposes, it suffices to say that the Court found that, by July 2, 2020 at the latest, Plaintiff had received all the relevant, nonprivileged discovery he could reasonably require regarding the date of transfer of the termination letter.  *Doc. 353* at 11–12.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 45 governs the procedure for obtaining discovery from a nonparty.  *See Simon v. Taylor*, 2014 WL 6633917, at *14 (D.N.M. Nov. 18, 2014) (unpublished).  "A subpoena to a third party under Rule 45 is subject to the same discovery limitations as those set out in Rule 26."  *W. Convenience Stores, Inc. v. Suncor*

*Energy (U.S.A.), Inc.*, 2014 WL 1257762, at *21 (D. Colo. Mar. 27, 2014) (unpublished) (internal quotations omitted).  Rule 26(b) outlines the general standard for discoverability:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

"While the court has considerable discretion with regard to regulating discovery which is exchanged in a lawsuit, discovery from third-parties in particular must, under most circumstances, be closely regulated."  *Premier Election Sol., Inc. v. Systest Labs, Inc.*, 2009 WL 3075597, at *3 (D. Colo. Sept. 22, 2009) (unpublished).  "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter . . . ."  Fed. R. Civ. P. 45(d)(3)(A).  Additionally, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."  Fed. R. Civ. P. 26(c)(1).

"The party seeking a protective order or moving to quash a subpoena has the burden to demonstrate good cause and/or the privilege to be protected."  *Morales v. E.D. Etnyre & Co.*, 228 F.R.D. 694, 696 (D.N.M. 2005).  "Barring extraordinary circumstances, courts rarely will grant a protective order which totally prohibits a deposition."

4

*Simmons Foods, Inc. v. Willis*, 191 F.R.D. 625, 630 (D. Kan. 2000) (citation omitted).

However, a party seeking to depose opposing counsel has the burden to show that "(1)

no other means exist to obtain the information than to depose opposing counsel; (2) the

information sought is relevant and nonprivileged; and (3) the information is crucial to

the preparation of the case." *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir.

1986) (citation omitted); *Boughton v. Cotter Corp.*, 65 F.3d 823, 829 (10th Cir. 1995); *see also*

*Desert Orchid Partners, L.L.C. v. Transaction Sys. Architects, Inc.*, 237 F.R.D. 215, 220 (D.

Neb. 2006) (applying the same test to the deposition of former counsel).

### III.   MOTION TO QUASH SUBPOENA

Defendants ask this Court to quash the subpoena on Ms. Goble because the only

relevant information Ms. Goble possesses is subject to attorney-client privilege.[2]

Plaintiff asserts that he has met all the requirements for deposing counsel under *Shelton*.

*Doc. 349* at 7–9.  The information Plaintiff seeks from Ms. Goble is "the exact transfer

date" of the termination letter from Plaintiff's file, which Defendants have been unable

to provide.  *Doc. 349* at 8.  Plaintiff reasons that, "[b]eing the author of the

memorandum cited in Defendant NMT's Amended Privilege Log, Robin Goble would

very likely know the exact transfer date of the termination letter."  *Id*.  The Court does

not share Plaintiff's certainty that Ms. Goble would have any information concerning

---

[2] Plaintiff construes Defendants' motion as also invoking improper service as a basis to quash.  *See doc.
349* at 4–6.  Although Defendants include details concerning service of the subpoena, *see doc. 344* at 1–2,
the basis of their motion to quash is an assertion of privilege.  *Id*. at 4–6.

the transfer date. It is well established that the transfer was made by the former Registrar Sara Grijalva. *Doc. 353* at 11. If Ms. Grijalva cannot recall the exact date of transfer, there is no reason to expect better recall from Ms. Goble. Moreover, the Court disagrees with Plaintiff that this information is "crucial," for the same reason it denied his motion for sanctions. To reiterate:

> Defendant NMT has admitted and acknowledged, under oath and in several different contexts, that at least one copy of the termination letter was in Plaintiff's academic and/or administrative file more than five business days after execution of the Settlement Agreement. If, as Plaintiff believes, the presence of the termination letter in his file after that time voided the Settlement Agreement, then no further evidence is needed to support his theory.

*Id.* at 12. Finally, Plaintiff's discussion of the second *Shelton* element completely elides the requirement that the information must be nonprivileged. *See doc. 349* at 8.

Plaintiff has not carried his burden of establishing that Ms. Goble possesses any relevant, nonprivileged information that is crucial to his case. Defendants' motion to quash the subpoena of Ms. Goble is GRANTED.

## IV.   MOTION FOR PROTECTIVE ORDER

Defendants seek a protective order to prevent Plaintiff from deposing Ms. Goble, Ms. Wigley-DeLara, or Ms. Hazlett in this case. Plaintiff argues that Defendant's motion should be denied as untimely pursuant to Local Rule 30.2. *Doc. 349* at 7. Local Rule 30.2 provides that the failure of a deponent to appear at the deposition "may be regarded" as contemptible conduct "unless a motion for protective order and a notice of

non-appearance are served at least seven (7) days before the scheduled deposition."

D.N.M.LR-Civ. 30.2.  By its literal terms, Local Rule 30.2 does not require the Court to

deny a belated motion for protective order.  In fact, Local Rule 30.2 does not require any

particular action by the Court at all.  Rather, it warns parties that they may be held in

contempt under the Federal Rules for failing to appear at a deposition.  Under Rule 45,

the Court has the authority to "hold in contempt a person who, *having been served*, fails

without adequate excuse to obey the subpoena."  Fed. R. Civ. P. 45(g) (emphasis

added).

Although failure to comply with Local Rule 30.2 does not necessitate denying a

protective order, judges have considered it as a relevant factor.  *Angel v. Martinez*, Case

No. CIV-13-0499 RHS/LAM, Doc. No. 65, at *3–4 (D.N.M. Mar. 7, 2014) (unpublished).

However, Local Rule 30.2 is only relevant where it applies, and it is inapplicable here.

Regarding Ms. Goble, Plaintiff failed to effect proper service.  Service of a subpoena on

a non-party is accomplished by "delivering a copy to the named person."  Fed. R. Civ.

P. 45(b)(1).  At a minimum, service must be made "in a manner which reasonably

insures actual receipt of the subpoena by the witness."  *E.A. Renfroe & Co. v. Moran*, 2008

WL 1815535, at *5 (D. Colo. Apr. 18, 2008) (citing *King v. Crown Plastering Corp.*, 170

F.R.D. 355, 356 (E.D.N.Y. 1997)).  Service here was made on Ms. Goble's former

employer, two years after her employment there ended.  *Doc. 344-2* at 2.  As Defendants

explain, the subpoena was delivered in an envelope addressed to Conklin, Woodcock &

Ziegler, P.C., together with several other subpoenas for party and non-party witnesses. *Doc. 361* at 2 n.1; *doc. 361-1.* Plaintiff's own process server attests that these depositions were delivered "in care of Irene Salazar at the law firm of Conklin, Woodcock, & Ziegler, P.C." *Doc. 349-4* at 2.[3] Plainly, the subpoena of Ms. Goble was not delivered "to the named person." It was Plaintiff's responsibility to ensure that Ms. Goble would receive the subpoena, and he did not do so. Because Ms. Goble was not properly served, the Court could not validly hold Ms. Goble in contempt under Rule 45 for her failure to appear.[4] Additionally, regarding Ms. Wigley-DeLara and Ms. Hazlett, Plaintiff has not scheduled any deposition. Therefore, there is no deadline that Defendants failed to meet in seeking a protective order on their counsel's behalf. For these reasons, Local Rule 30.2 is inapplicable to the present motion and thus provides no basis to deny Defendants' requested relief.

Turning to the merits, as discussed previously, Plaintiff has failed to establish grounds under *Shelton*, 805 F.2d at 1327, to take the deposition of Ms. Goble. Defendants' motion for protective order is therefore GRANTED as to Ms. Goble.

---

[3] Notably, Plaintiff's process server refers to Ms. Goble as one of "nine parties," *doc. 349-4* at 2, suggesting that the process server may have thought that Ms. Goble was a Defendant and thus capable of being served through Defendants' counsel.

[4] In light of the Court's holding, Plaintiff may wish to reconsider his pending Motion for Contempt and Other Sanctions Against Robin Goble and Daniel Lopez for Nonappearance at Depositions (*doc. 359*). The Court directs Plaintiff's attention to Local Rule 7.7, which permits a party to withdraw a motion, upon consent of the parties or approval of the Court, by filing a notice of withdrawal. *See* D.N.M.LR-Civ. 7.7.

Plaintiff does not specifically address his reasons for potentially deposing

Defendants' present counsel, although it appears that the purpose would be to obtain

the same information that he attempted to obtain from Ms. Goble.  *See doc. 349* at 1.

Insofar as Defendants' motion is limited to the subject of the transfer of the termination

letter, it is also GRANTED as to Ms. Wigley-DeLara and Ms. Hazlett.  However, if

Defendants intended to seek a global protective order preventing Plaintiff from ever

deposing opposing counsel, the motion is DENIED.  The inquiry under *Shelton* depends

on the precise information being sought, and the Court cannot conclusively say that

Plaintiff will never have cause to depose opposing counsel regarding relevant,

nonprivileged information at any time in the future.[5]

## V.   SANCTIONS

If the Court grants a motion for protective order, the movant must be awarded

expenses, including attorney's fees.  Fed. R. Civ. P. 26(c)(3); Fed. R. Civ. P. 37(a)(5).  If

the motion is granted in part, the Court may award expenses at its discretion.  Fed. R.

Civ. P. 37(a)(5)(C).  However, the Court must not award expenses if (1) the motion was

filed before attempting in good faith to resolve the matter without court action, (2) the

nonmovant's position was substantially justified, or (3) "other circumstances make an

award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A).  "Substantially justified" means

---

[5] Admittedly, the Court is skeptical that any circumstance will arise within the handful of weeks remaining for discovery that would meet the high burden set forth in *Shelton*.

that there is a "genuine dispute" on which "reasonable people could differ." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

Defendants' motion was meritorious in all aspects pertinent to the parties' primary dispute. Although the Court has declined to enter a blanket protective order against the taking of any deposition of Ms. Wigley-DeLara and Ms. Hazlett, it appears that Defendants' primary motivation for seeking the protective order was to protect Defendants' present counsel on the same basis as Ms. Goble. Furthermore, Defendants attempted in good faith to resolve this matter informally before turning to the Court. Defendants' counsel explained its position multiple times and warned Plaintiff that Defendants would seek attorney's fees in the event of motion practice.

Additionally, Plaintiff's position was not substantially justified. By July 2, 2020—before this Motion was filed and before Plaintiff served the subpoena on Ms. Goble—Plaintiff had received all the information he could require concerning the transfer date of the termination letter. It is beyond the Court's understanding what difference it could make to Plaintiff if the termination letter was transferred in August 2017 or September 2017 (or any date in 2017 for that matter). In the absence of any real need for further information regarding the transfer date, the Court is inclined to agree with Defendants that Plaintiff's purpose in attempting or threatening to depose opposing counsel was "nothing more than to harass counsel and interfere with the attorney-client relationship" between Defendants and their counsel. *Doc. 361* at 5. Finally, the Court is

unaware of any circumstances that would make an award of expenses unjust.

Accordingly, the Court GRANTS Defendants an award of their expenses in briefing this

motion.

### VI.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Quash Subpoena and for

Protective Order and Notice of Non-Appearance (*doc. 344*) is GRANTED IN PART.

IT IS HEREBY ORDERED that the subpoena of Ms. Goble is QUASHED and that

Plaintiff is prohibited from deposing Ms. Goble, Ms. Wigley-DeLara, and Ms. Hazlett

on the topic of the termination letter, the date of its transfer, and/or the related

memorandum.

Finally, IT IS ORDERED that, within **ten (10) days** of the filing of this Order,

Defendants shall submit an affidavit detailing their reasonable expenses including

attorney's fees expended in briefing this motion.  Plaintiff's objections to the amounts

claimed, if any, shall be filed within **five (5) days** of the filing of the affidavit.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

11