**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LINDSAY O'BRIEN QUARRIE,

     Plaintiff,

v.                                   Civ. No. 17-350 MV/GBW

STEPHEN WELLS, *et al.*,

     Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT NMT'S**
**MOTION FOR PROTECTIVE ORDER AND DENYING PLAINTIFF'S MOTION**
**FOR LEAVE TO CONDUCT REMOTE DEPOSITIONS**

THIS MATTER comes before the Court on Defendant NMT's Second Motion for Protective Order to Plaintiff's Notices to Take Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) and Notices of Non-Appearance (*doc. 388*) and Plaintiff's Motion for Leave to Conduct Remote Depositions via Zoom and Request for Expedited Briefing Schedule (*doc. 398*). Having read the Motions and the briefing on Defendant NMT's Motion (*docs. 395, 396*), the Court GRANTS IN PART and DENIES IN PART Defendant NMT's Motion and DENIES Plaintiff's Motion.

## I.    BACKGROUND

On July 23, 2020, Defendant New Mexico Institute of Mining and Technology ("NMT") sought a protective order limiting the topics of Plaintiff's deposition of Defendant NMT's corporate representatives pursuant to Fed. R. Civ. P. 30(b)(6). *Doc. 348*. Defendant NMT objected to several of Plaintiff's topics as vague, overbroad, and

seeking improper legal opinions and/or matters protected by attorney-client privilege. *See generally id*. On September 4, 2020, the Court granted a protective order preventing the deposition on some (but not all) of the topics to which Defendant NMT objected. *Doc. 382*. To facilitate a timely completion of the depositions, the Court ordered Defendant NMT to provide dates of availability for its designated representatives no later than September 14, 2020. *Id*. at 17.

On September 14, 2020, Defendant NMT designated four individuals for the 30(b)(6) deposition and provided dates of availability for each of them. *Doc. 388-1*. For three of the designees, Defendant NMT provided four or five dates of availability with no restrictions on timing. For the fourth designee, Ms. Liebrock, Defendant NMT provided three dates with availability no later than 11:00 am on any day. Defendant NMT stated, "As you are aware, the 30b6 deposition must be completed in one day of 7 hours." *Id*. Defendant NMT added that the witnesses objected to traveling to Lemitar, New Mexico, and would make themselves available in Socorro, New Mexico. *Id*.

On September 15, 2020, Plaintiff sent notices to take the depositions of the designees in half-day sessions on October 1 and October 2. *Doc. 388-2*. For reasons that have not been explained, Plaintiff sent revised notices on the same day, scheduling each designee for full-day sessions from October 2 through October 14. *Doc. 388-3*. All depositions were scheduled to proceed in Lemitar at Plaintiff's place of business. *Id.*; *doc. 388* at 2.

On September 17, 2020, Defendant NMT notified Plaintiff of its objections to the location and duration of the depositions. *Doc. 388-5 at 4–5.* Defendant NMT asked Plaintiff to change the location of the depositions to its principal place of business, Socorro, and to reduce the time allocated for the depositions. *Id.* Defendant NMT stated that it would file a motion for protective order if the changes were not made. *Id.* at 5. Plaintiff refused to make the requested changes. *Id.* at 3–4. Plaintiff objected to Defendant NMT's suggestion of using a conference room on NMT's campus and stated that if Defendant NMT preferred a neutral location in Socorro, Defendant NMT would have to pay the costs. *Id.* After further emails, Plaintiff maintained his refusal to make any changes and confirmed his opposition to Defendant NMT's motion for protective order. *Id.* at 1. Defendant NMT's motion was filed September 18, 2020, and fully briefed on September 30, 2020.

On September 30, 2020, Plaintiff filed a third opposed motion for leave to conduct remote depositions. *Doc. 398*; *see also docs. 204, 277.* Plaintiff's previous two motions were denied on the basis of Defendant NMT's objections. *Docs. 231, 297.* Plaintiff requests expedited briefing on his motion in light of the October 17, 2020 deadline for the completion of the 30(b)(6) depositions. *Doc. 398.*

## II.   LEGAL STANDARDS

The Federal Rules of Civil Procedure provide:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of

> the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  Evidence is relevant if it has any tendency to make a material fact more or less probable.  Fed. R. Evid. 401.  Information "need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1).  However, "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly."  *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)).  The Court, on a motion or *sua sponte*, "must limit the frequency or extent of discovery" if the discovery sought is "unreasonably cumulative or duplicative" or beyond the scope permitted by Rule 26(b)(1).  Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

Federal Rule of Civil Procedure 26(c) permits the Court, with good cause, "to issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  "Issuing a protective order is required when the party seeking discovery attempts to obtain information outside the scope of discovery."  *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 202 F. Supp. 3d 1, 6 (D.D.C. 2016) (citation omitted).  The Court may issue a protective order to limit the topics of a deposition conducted pursuant to Rule 30(b)(6).  *See, e.g., Bhasker v. Fin. Indem. Co.*, No. CIV 17-260 JB/JHR, 2018 WL 4773363, at *4 (D.N.M. Oct. 3, 2018)

(unpublished).  The burden is on the moving party to demonstrate good cause for the

requested protective order.  *Benavidez v. Sandia Nat'l Labs.*, 319 F.R.D. 696, 721 (D.N.M.

2017) (citations omitted).  *See also Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

### III.  ANALYSIS

#### A.  <u>Remote Depositions</u>

The Court finds that additional briefing on Plaintiff's motion for leave to conduct

remote depositions is unnecessary.  On the two previous occasions that Plaintiff sought

leave to conduct remote depositions, Defendant NMT strenuously objected for reasons

including Plaintiff's lack of experience with conducting depositions and the complexity

of the testimony involved.  *Docs. 212, 282.*  The Court assumes that Defendant NMT's

opposition to the present motion is on largely the same grounds.  Plaintiff argues that

his lack of experience is no longer a concern due to the seven depositions he has

conducted and the three depositions in which he has participated in this case thus far.

*Doc. 398* at 4.  The Court disagrees.  As evidenced by its motion for protective order and

the attached affidavits from several witnesses Plaintiff has deposed, *see docs. 388-6, 388-*

*7, 388-8, 388-9,* Defendant NMT clearly has more concerns than ever regarding

Plaintiff's ability to conduct depositions in a proficient and professional manner.

When the Court allowed Defendant NMT to conduct the deposition of Plaintiff's

expert witness remotely, it did so because the factual circumstances of that deposition

were distinguishable.  *Doc. 370* at 1–3.  With respect to the depositions to be conducted

by Plaintiff, the reasons for Defendants' objections have not changed.  Consistent with

its ruling on Plaintiff's previous motions, the Court will DENY Plaintiff leave to conduct

his depositions remotely.

    **B.  <u>Location of the Depositions</u>**

    "The deposition of a corporation by its agents and officers should ordinarily be

taken at its principal place of business."  8A Wright & Miller, Federal Practice and

Procedure § 2112 (3d ed. 2002); *Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 483 (10th Cir.

1995); *Magnus Elecs., Inc. v. Masco Corp. of Ind.*, 871 F.2d 626, 630–31 (7th Cir. 1989).  The

presumption in favor of the corporation's place of business may be overcome if justice

so requires, based on considerations of cost, convenience, and efficiency.  8A Wright &

Miller, Federal Practice and Procedure § 2112; *Barnhill v. BMW of N. Am.*, No. 10-634

BB/ACT, 2011 U.S. Dist. LEXIS 174365, at *3–4 (D.N.M. July 22, 2011) (unpublished).

"As a general policy, the Court encourages parties to set depositions in mutually

agreeable locations."  *Begay v. United States*, No. CIV 15-0358 JB/SCY, 2018 WL 443325,

at *2 (D.N.M. Jan. 15, 2018) (unpublished) (quoting *Tequila Centinela, S.A. de C.V. v.

Bacardi & Co.*, 242 F.R.D. 1, 5 (D.D.C. 2007)).

    As Plaintiff points out, the distance between Lemitar and Socorro is roughly nine

miles.  *Doc. 395-2.*  Thus, concerns of cost, convenience, and efficiency are not seriously

at issue here.  As the parties' briefs make clear, the real issue is each party's

unwillingness to proceed at the other's place of business.  *See doc. 388* at 4–6; *doc. 388-5*

at 1.  To resolve this issue, Defendant NMT has offered to meet Plaintiff on neutral

territory in Socorro.  *Doc. 396* at 1.

Defendant NMT's request to have the depositions conducted in Socorro, New

Mexico is GRANTED.  Proceeding in Socorro is consistent with the presumption in

favor of Defendant NMT's principal place of business, which Plaintiff has not attempted

to rebut.  Plaintiff shall be permitted to select a neutral location within the Socorro city

limits.  Plaintiff shall bear his own costs for these depositions.

C.  **Duration of the Depositions**

Despite its statement to Plaintiff that "the 30b6 deposition must be completed in

one day of 7 hours," *doc. 388-1*, Defendant NMT now concedes that Plaintiff is

permitted to depose each 30(b)(6) witness for up to seven hours.  *Doc. 388* at 7. *See also*

Fed. R. Civ. P. 30 advisory committee's notes to 2000 amendment ("For purposes of this

durational limit, the deposition of each person designated under Rule 30(b)(6) should

be considered a separate deposition.").  Defendant argues that the depositions should

nonetheless be limited because Plaintiff's intention in scheduling each deposition for a

full seven hours is to harass Defendant NMT and increase litigation expenses.  *Doc. 388*

at 6–8.  Plaintiff asserts that he will require the full seven hours for the deposition of Ms.

Liebrock (who has been designated to speak on eleven topics) and at least four to five

hours for the other 30(b)(6) witnesses.  *Doc. 395* at 4–5.

To support the assertion of improper motives by Plaintiff, Defendant NMT argues that the information he is seeking is duplicative of information previously obtained through written discovery and/or depositions of witnesses in their individual capacity. *Doc. 388* at 7; *doc. 396* at 3. Defendant NMT does not articulate which of Plaintiff's eighteen deposition topics are duplicative, leaving the Court to assume that Defendant NMT's objection relates to all of them. This is the first time that Defendant NMT has raised any objection of duplication or cumulativeness against Plaintiff's 30(b)(6) deposition. In ruling on Defendant NMT's first motion for protective order, the Court carefully considered the objections raised, reduced the number of topics Plaintiff proposed by five, and limited the permissible questioning on several remaining topics. *See generally doc. 382*. Had Defendant NMT included objections of cumulativeness in the first instance, the Court might have imposed further restrictions on the permissible topics. At this late stage, with the deadline to complete the 30(b)(6) depositions fast approaching, the Court will not permit Defendant NMT a second bite of the apple concerning the scope of the 30(b)(6) deposition.

Furthermore, the Court considers Defendant NMT's request for a durational limitation an incoherent and impracticable solution to its objections of harassment and cumulativeness. Defendant NMT does not provide any indication of how much time it believes should be allocated to these depositions, leaving it entirely to the Court to attempt to predict the hour at which Plaintiff's questioning will become harassing

and/or unreasonably cumulative. *See doc. 388* at 4–6.  The Court is not unsympathetic to

Defendant NMT's complaints concerning Plaintiff's manner of conducting

depositions—particularly regarding his entirely unproductive tendency to accuse every

deponent of lying. *See docs. 388-7* at 2 *388-8* at 2, *388-9* at 2.  Nonetheless, it will not

devise an arbitrary limitation on the time required for an unrepresented party with little

experience conducting depositions to ask questions on eighteen permitted topics.

Defendant NMT's request for a durational limit is DENIED.

In light of the Court's holding, Defendant NMT will be required to provide

additional periods of availability for Ms. Liebrock.  The Court is inclined to agree with

Plaintiff that Defendant NMT's unexplained refusal to provide more than a handful of

hours of availability for Ms. Liebrock was unreasonable.[1]  If Ms. Liebrock has

obligations that prevent her from sitting for a full deposition in a single day, then

Defendant NMT should so inform Plaintiff and provide sufficient periods of availability

for the parties to extend her deposition across multiple days.  *See* Fed. R. Civ. P. 30

advisory committee's note to 2000 amendment (noting that the limitation to one day of

seven hours "is phrased in terms of a single day on the assumption that ordinarily a

single day would be preferable" but that the parties may make alternate arrangements).

---

[1] The Court does not, however, agree that Defendant NMT violated this Court's Order dated September 4, 2020, as the Court did not express any opinion therein regarding how much time should be allocated to each deposition.

9

IV.   CONCLUSION

For the aforementioned reasons, Plaintiff's Motion for Leave to Conduct Remote Depositions via Zoom and Request for Expedited Briefing Schedule (*doc. 398*) is DENIED.  Defendant NMT's Second Motion for Protective Order to Plaintiff's Notices to Take Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) and Notices of Non-Appearance (*doc. 348*) is GRANTED IN PART and DENIED IN PART.

Defendant NMT shall provide Plaintiff with additional dates of availability for Ms. Liebrock **no later than October 5, 2020**.  The previously extended deadline of October 17, 2020 for the completion of these depositions remains in effect.

Plaintiff shall send new notices of depositions for the 30(b)(6) deponents **no later than October 6, 2020**, providing for the depositions to proceed in a mutually agreeable location within the city of Socorro, New Mexico.

Finally, the Court declines to award attorney fees or other expenses to either party.  Pursuant to Fed. R. Civ. P. 37(a)(5)(C), it is within the Court's discretion to grant expenses when a motion is granted in part and denied in part.  The Court does not find that an award of expenses is merited.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE