IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LINDSAY O'BRIEN QUARRIE,

    Plaintiff,

v.                                                    Civ. No. 17-350 MV/GBW

STEPHEN WELLS, *et al.*,

    Defendants.

**ORDER DENYING MOTION FOR CONTEMPT AND OTHER SANCTIONS**

THIS MATTER comes before the Court on Plaintiff's Motion for Contempt and Other Sanctions Against Robin Goble and Daniel Lopez for Nonappearance at Depositions. *Doc. 359*. Having reviewed the Motion and the attendant briefing (*docs. 372, 386*), the Court finds that Ms. Goble and Dr. Lopez were not properly served with subpoenas to attend their depositions. Consequently, the Court DENIES the Motion.

**I.**     **FACTUAL BACKGROUND**

On June 10, 2020, Plaintiff contacted Defendants' counsel to obtain dates of availability to depose several party and non-party witnesses, including Robin Goble and Daniel Lopez. *Doc. 359-1* at 8. Defendants' counsel informed Plaintiff on June 24, 2020 that Defendants would not make Ms. Goble available for deposition and that dates of availability were pending for Dr. Lopez. *Doc. 359-1* at 6. On July 1, 2020, Plaintiff sent a "third and final request" for dates of availability for Ms. Goble and Dr. Lopez.

*Doc. 359-1*.  On July 7, 2020, Plaintiff delivered to the offices of Conklin, Woodcock & Zeigler, P.C. notice and subpoenas for the depositions of Ms. Goble and Dr. Lopez to take place on July 21, 2020.  *Docs. 359-4, 359-5, 359-6, 359-7*.

On July 15, 2020, Defendants' counsel informed Plaintiff of Defendants' intention to file a motion for protective order regarding the deposition of Ms. Goble and provided alternate dates of availability for the deposition of Dr. Lopez.  *Doc. 359-9* at 3.  Plaintiff stated that the motion for protective order was opposed and refused to reschedule Dr. Lopez's deposition.  *Doc. 359-9* at 2–3.  The next day, Defendants filed their motion for protective order and to quash the subpoena of Ms. Goble on the grounds that any relevant information possessed by Ms. Goble is protected by attorney-client privilege.  *Doc. 344*.  On July 20, 2020, Plaintiff informed Defendants' counsel that he would move forward with the depositions scheduled for the next day, arguing that Defendants' notices of non-appearance filed five days beforehand "d[id] not stay" the depositions.  *Doc. 359-13*.  Plaintiff proceeded with the depositions and recorded the nonappearances of Ms. Goble and Dr. Lopez.  *Docs. 359-14, 359-15*.

On August 24, 2020, the Court issued an order (hereinafter, "August 24 Order"), granting Defendants' motion for protective order and to quash the subpoena of Ms. Goble, finding that Plaintiff had not met his burden of establishing a need to depose Defendants' former counsel.  *Doc. 371* at 5–6, 8.  The Court rejected Plaintiff's argument that the motion could not be granted because it was not filed at least seven days before

2

the scheduled deposition as required by Local Rule 30.2. *Id.* at 6–8. The Court found that Ms. Goble was not properly served with the subpoena, thus the Court could not hold Ms. Goble in contempt pursuant to Rule 45(g), rendering Local Rule 30.2 inapplicable. *Id.*

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 37 governs discovery disputes between parties. *See NLRB v. Midwest Heating & Air Conditioning, Inc.*, 528 F. Supp. 2d 1172, 1181 (D. Kan. 2007). Under Rule 37(d), sanctions may be imposed against a party (or a party's officer, director, or managing agent) who fails to appear at his or her own deposition. Fed. R. Civ. P. 37(d)(3). Such sanctions may include entering default judgment against the party, holding the party in contempt of court, and/or ordering payment of attorney's fees. *Id.*; Fed. R. Civ. P. 37(b)(2)(A).

Federal Rule of Civil Procedure 45 governs the procedure for obtaining discovery from a nonparty. *See Simon v. Taylor*, 2014 WL 6633917, at *14 (D.N.M. Nov. 18, 2014) (unpublished). Under Rule 45(g), the Court has the authority to "hold in contempt a person who, *having been served*, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(g) (emphasis added).

Local Rule 30.2 provides that the failure of a deponent to appear at his or her deposition "may be regarded as a willful failure to appear pursuant to Fed. R. Civ. P. 37(d) or contemptible conduct pursuant to Fed. R. Civ. P. 45(e), unless a motion for

protective order and a notice of non-appearance are served at least seven (7) days before the scheduled deposition . . . ." D.N.M.LR-Civ. 30.2.

### III.    ANALYSIS

Plaintiff's motion seeks sanctions against Ms. Goble and Dr. Lopez for their failure to appear at their depositions. Plaintiff cites both Rule 37 and Rule 45. *Doc. 359* at 11. However, both Ms. Goble and Dr. Lopez are nonparties. Ms. Goble is a former attorney with the law firm of Conklin, Woodcock & Ziegler, P.C., which represents Defendants in this case. *Doc. 344-2* at 2. Dr. Lopez is the former president of Defendant New Mexico Institute of Mining and Technology ("NMT"), who retired from his position in 2016. *Doc. 372* at 2. Therefore, only Rule 45, which addresses subpoenas to non-parties, is applicable to the present motion.

In its August 24 Order, the Court held that Ms. Goble could not be held in contempt pursuant to Rule 45. As the Court explained:

> Service of a subpoena on a non-party is accomplished by "delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). At a minimum, service must be made "in a manner which reasonably insures actual receipt of the subpoena by the witness." *E.A. Renfroe & Co. v. Moran*, 2008 WL 1815535, at *5 (D. Colo. Apr. 18, 2008) (citing *King v. Crown Plastering Corp.*, 170 F.R.D. 355, 356 (E.D.N.Y. 1997)). Service here was made on Ms. Goble's former employer, two years after her employment there ended. *Doc. 344-2* at 2. As Defendants explain, the subpoena was delivered in an envelope addressed to Conklin, Woodcock & Ziegler, P.C., together with several other subpoenas for party and non-party witnesses. *Doc. 361* at 2 n.1; *doc. 361-1*. Plaintiff's own process server attests that these depositions were delivered "in care of Irene Salazar at the law firm of Conklin, Woodcock, & Ziegler, P.C." *Doc. 349-4* at 2. Plainly, the subpoena of Ms.

> Goble was not delivered "to the named person." It was Plaintiff's responsibility to ensure that Ms. Goble would receive the subpoena, and he did not do so. Because Ms. Goble was not properly served, the Court could not validly hold Ms. Goble in contempt under Rule 45 for her failure to appear.

*Doc. 371* at 7–8 (footnotes omitted). The Court finds no basis to depart from this reasoning.[1] Plaintiff's motion for contempt and/or sanctions against Ms. Goble is DENIED.

The Court arrives at the same conclusion concerning Dr. Lopez. The Court assumes *arguendo* that service on Defendants' counsel could have been proper if Dr. Lopez were still affiliated with Defendant NMT. However, because Dr. Lopez is not so affiliated, and because there is no other basis to believe that Defendants' counsel had the authority to accept service on Dr. Lopez's behalf,[2] Dr. Lopez was not properly served by service on Defendants' counsel. To reiterate: Personal service under Rule 45 requires, at a minimum, that service is made "in a manner which reasonably insures *actual receipt* of the subpoena by the witness." *Doc. 371* at 7 (quoting *Moran*, 2008 WL 1815535, at *5) (emphasis added). "It was Plaintiff's responsibility to ensure that [Dr. Lopez] would receive the subpoena, and he did not do so." *Id.* at 8. Plaintiff cannot

---

[1] In his reply in support of the present Motion, Plaintiff raises several arguments in response to the Court's August 24 Order. *See* doc. 386 at 2–5. These arguments are duplicated in a motion for reconsideration filed by Plaintiff on the same day. *See* doc. 385 at 4–9, 14–16. The Court will not address these arguments here, as Defendants have not had an opportunity to respond to them in the context of this motion. *See M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 767 n.7 (10th Cir. 2009) (arguments raised for the first time in a reply brief are deemed waived).

[2] Dr. Lopez authorized Defendants' counsel to accept service on his behalf effective July 15, 2020, *after* Plaintiff served the subpoena on Defendants' counsel. *Doc. 350-3* at 2.

5

evade this responsibility by conscripting his opposing party's counsel into effecting service for him. Because Dr. Lopez was not properly served with the subpoena for his deposition, Plaintiff's motion for contempt and/or sanctions against Dr. Lopez is DENIED.

### IV.    DEFENDANTS' REQUEST FOR FEES

Defendants ask this Court for an award of its fees associated with responding to this motion pursuant to Rule 37(a)(5)(B). *Doc. 372* at 4. Defendants' cited authority is inapposite to the present motion. Subsection (a) of Rule 37 addresses motions to compel discovery or disclosures. The fee provisions set forth in Rule 37(a)(5)(B) also apply to motions for protective orders. *See* Fed. R. Civ. P. 26(c)(3). There is no authority for awarding fees under Rule 37(a)(5)(B) for the denial of a motion for sanctions. Under subsection (d), a party who *prevails* on a motion for sanctions may be awarded fees, but there is no provision for the award of fees to a party who successfully *defeats* a motion for sanctions. *See* Fed. R. Civ. P. 37(d)(3) (providing for the award of fees against "the party failing to act" and/or that party's attorney). Nor is an award of fees authorized by Rule 45. *See Midwest Heating & Air Conditioning*, 528 F. Supp. 2d at 1181.

Moreover, the Court finds that Defendants were not significantly inconvenienced by the present Motion. According to correspondence between the parties, Defendants did not begin drafting their response until the morning it was filed. *Doc. 372-1* at 1. The resulting brief is five pages long and devoid of citations to case law. *See doc. 372*.

6

Defendants rely primarily on this Court's August 24 Order to argue that Plaintiff's Motion should be denied. While their reliance is quite reasonable, it leads the Court to conclude that Defendants' burden in responding to this Motion was minimal. For these reasons, the Court will not award Defendants' their fees at this time.

V.     **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Contempt and Other Sanctions Against Robin Goble and Daniel Lopez for Nonappearance at Depositions (*doc. 359*) is DENIED. Both parties' requests for fee awards are also DENIED.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE