IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LINDSAY O'BRIEN QUARRIE,

    Plaintiff,

v.                                                         Civ. No. 17-350 MV/GBW

STEPHEN WELLS, *et al.*,

    Defendants.

## ORDER GRANTING EXTENSION OF TIME

THIS MATTER comes before the Court on Plaintiff's Emergency Motion for a One (1) Day Extension of Time to File Responses to Defendants' Motions to Strike Expert Witness Testimonies.  *Doc. 420*.  Plaintiff's responses to Defendants' Motion to Strike Disclosed Expert Kerrie Merrifield (*doc. 411*) and Defendants' Motion to Strike Expert Heinz Nakotte (*doc. 412*) were due on December 18, 2020.  *See doc. 416*.  The present motion was filed on December 19, 2020, as was Plaintiff's consolidated response to Defendants' motions to strike Plaintiffs' expert witnesses.  *See doc. 421*.

Rule 6(b) of the Federal Rules of Civil Procedure provides the general standard for extending time of "an act [that] may or must be done within a specified time."  Fed. R. Civ. P 6(b)(1).  It reads as follows:

> When an act may or must be done within a specified time, the court may, *for good cause*, extend the time:

    (A) With or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
    (B) On motion made after the time has expired if the party failed to act because of *excusable neglect*.

Fed. R. Civ. P. 6(b)(1) (emphasis added). The applicable standard for extension under Rule 6(b) therefore depends on whether the request is made before or after the deadline. In either case, a showing of good cause is required. *See Utah Republican Party v. Herbert*, 678 F. App'x 697, 700 (10th Cir. 2017) (unpublished). However, if the request is made after the deadline has already passed, the moving party must also satisfy the excusable neglect standard. *See id.* (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 873 (1990)). Excusable neglect requires "some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified." *Broitman v. Kirkland* (*In re Kirkland*), 86 F.3d 172, 175 (10th Cir. 1996). (citation and internal quotation marks omitted). Whether to grant or deny an extension of time is within the discretion of the district court, *see Eller v. TransUnion, LLC*, 739 F.3d 467, 478 n.10 (10th Cir. 2013), but the Tenth Circuit has advised that Rule 6(b) "should be liberally construed to advance the goal of trying each case on the merits." *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016).

    Plaintiff states that he experienced "extenuating circumstances" in the form of "delays while traveling," which prevented him from finalizing his response before the deadline. *Doc. 420* at 2. In their response, Defendants note that they received Plaintiff's request for concurrence at midnight on Saturday, December 19, 2020. *Doc. 423* at 2–3;

*doc. 423-1*.  In reply, Plaintiff points out that he sent out his request for concurrence at 10:59 p.m. on Friday, December 18, 2020.  *Doc. 426-1*.

Although Plaintiff's motion is unhelpfully vague concerning the reason for his delay, and although Plaintiff's literal eleventh-hour email to Defendants is inadequate to constitute a "good-faith request for concurrence," D.N.M.LR-Civ. 7.1(a), the Court will GRANT the Motion.  Given Plaintiff's *pro se* status, the Court does not necessarily agree with Defendants that Plaintiff's failure to respond to three[1] separate dispositive motions within thirty-two days was a product of "poor time management," *doc. 423* at 2.  Additionally, the Court finds no prejudice to Defendants as a result of the one-day delay, especially as Plaintiff has consented to a corresponding one-day extension to Defendants' reply deadline.  *Doc. 420* at 2; *see Palzer v. CoxCom, LLC*, 2020 WL 6226904, at *3 (10th Cir. Oct. 23, 2020) (unpublished) (listing prejudice to the opposing party as a relevant factor for determining excusable neglect).  Moreover, given that Plaintiff's requested extension falls on a Saturday, the Court will further extend Defendants' deadline to the following Monday, January 18, 2021, in accordance with Rule 6(a)(1)(C).

IT IS THEREFORE ORDERED that the deadline for Plaintiff to file responses to Defendants' Motion to Strike Disclosed Expert Kerrie Merrifield (*doc. 411*) and

---

[1] Plaintiff filed a timely response to one of the three motions filed concurrently by Defendants.  *See doc. 419*.  Whatever the reason for Plaintiff's failure to timely respond to the other two motions, it appears that it was not due to inattention.

Defendants' Motion to Strike Expert Heinz Nakotte (*doc. 412*) is extended to **December 19, 2020**.

IT IS FURTHER ORDERED that the deadline for Defendants to file replies to Plaintiffs' responses is extended to **January 18, 2021**.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE