IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LINDSAY O'BRIEN QUARRIE,

    Plaintiff,

v.                                          Civ. No. 17-350 MV/GBW

STEPHEN WELLS, *et al.*,

    Defendants.

## ORDER DENYING IN PART MOTION FOR PAYMENT PLAN

THIS MATTER comes before the Court on Plaintiff's Emergency Motion for a 3-Week Extension of Time, to January 22nd, 2021 to Pay NMT Defendant's Attorneys Fees by Monthly Payment Plan (Propose $500/Month) Due to Unemployment. *Doc. 428*. Having reviewed the Motion and the attendant briefing (*docs. 433, 438*), the Court will DENY Plaintiff's motion as to the fee award ordered by the undersigned.[1]

On December 18, 2020, pursuant to the Court's order (*doc. 371*) granting Defendants' Motion to Quash Subpoena and for Protective Order (*doc. 344*), Plaintiff was ordered to pay a fee award to Defendant New Mexico Institute of Mining and Technology ("NMT") in the amount of $2,169.71 no later than January 4, 2021.[2] *Doc.*

---

[1] Plaintiff's motion also requests a payment plan with respect to the sanctions ordered by Judge Vázquez pursuant to an order filed December 16, 2020 (*doc. 417*). *See doc. 428* at 1. Because those sanctions are in the purview of Judge Vázquez, the undersigned will defer to her for a final ruling on this motion.
[2] Specifically, Plaintiff was ordered to pay the expense award within fourteen days of the Court's order. *Doc. 418* at 3. Pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), the payment was due on the Monday following New Year's Day.

*418*.  On December 29, 2020, Plaintiff filed the instant motion, seeking to pay the fee award in monthly installments of $500.00.  *Doc. 428*.  On December 31, 2020, Plaintiff sent Defendant NMT a partial payment of $169.71 to show his intention "in good faith" to pay the full amount.  *Doc. 432* at 1.  On January 26 and February 9, 2021, Plaintiff sent additional partial payments of $500.00 each.  *Doc. 438* at 3; *doc. 441*.  Plaintiff has stated an intention to pay the remaining $1,000.00 in two additional installments to be sent on March 22 and April 22.  *Doc. 441* at 1.  However, to date, Plaintiff has not confirmed that any further payments have been sent.

    Inability to pay sanctions is "treated like an affirmative defense, with the burden upon the parties being sanctioned to come forward with evidence of their financial status."  *Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1160 (10th Cir. 1991) (internal quotation marks and citation omitted).  General assertions of inability to pay do not suffice to merit relief from sanctions.  *White v. Gen. Motors Corp.*, 908 F.2d 675, 685 (10th Cir. 1990) (contention that plaintiffs "would be forced into bankruptcy" by sanctions is insufficient).  Moreover, even proof that a party is "totally impecunious" will not relieve him from the imposition of "modest" monetary sanctions.  *Id*.

    Plaintiff contends that the applicable standard for his request is Rule 6(b)(1) because he is not seeking to be relieved of the requirement to pay entirely[3] but only to

---

[3] Contradictorily, Plaintiff also contends that Rule 60(b)(1) supports relieving him from payment because he was "surprised" by the sanctions.  *Doc. 438* at 2.  The Court's order granting sanctions under Rule 37 was filed August 24, 2020.  *Doc. 371*.  The Court trusts that the shock of surprise has dulled these seven

2

extend the time required to pay. *Doc. 438* at 2. Federal Rule of Civil Procedure 6(b)(1) requires a showing of good cause to extend the time for any act that must be done within a specified time. "It requires the moving party to show the deadline 'cannot be met despite the movant's diligent efforts.'" *Utah Republican Party v. Herbert*, 678 F. App'x 697, 701 (10th Cir. 2017) (unpublished) (quoting *Gorsuch, Ltd. V. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)). Thus, even under Rule 6, Plaintiff must show that he is *unable* to pay.

In support of his motion, Plaintiff states that he has been unemployed since September 28, 2020 and produces in evidence a "Monetary Determination" letter from the New Mexico Department of Workforce Solutions, confirming Plaintiff's eligibility for unemployment benefits effective November 15, 2020. *Doc. 429-1* at 1. Plaintiff also states that he has not yet received any unemployment benefits as they are "still being processed due to the heavy backlog owing to [the] COVID-19 pandemic." *Doc. 428* at 2; *see also doc. 438* at 3 (asserting that his receipt of unemployment benefits is still pending "as the State of New Mexico is still waiting on the federal government's pandemic relief"). The only evidence Plaintiff produces to support this assertion is a screenshot ostensibly from the New Mexico Department of Workforce Solutions website showing

---

months later, especially given that this is not the first occasion on which Plaintiff has been sanctioned for his conduct in discovery. *See docs. 142, 342*. Indeed, the present case is not the first in which Plaintiff has been sanctioned in this district. *See Quarrie v. N.M. Inst. of Mining & Tech.*, 621 F. App'x 928, 930 (10th Cir. 2015). No one should be less surprised by the imposition of sanctions than Plaintiff.

that Plaintiff's benefits payments are on "Hold." *Doc. 438-2*. This evidence does not establish that any delay in Plaintiff's receipt of unemployment benefits is due to circumstances beyond his control.

Plaintiff may be presently unemployed. However, the bare fact of Plaintiff's unemployment does not establish that he is totally lacking in financial resources with which to satisfy his obligations. The burden is on Plaintiff to prove an *inability* to pay in the time required. He has failed to meet this burden. In consideration of Plaintiff's unemployment, the Court will decline to impose additional sanctions for Plaintiff's failure to pay the full amount to date. Having received a grace period of over three months, Plaintiff must now pay the remaining balance owed.[4]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion is DENIED IN PART as to the fee award assessed by this Court and DEFERRED as to any sanctions assessed by the presiding judge. Plaintiff shall pay Defendant NMT the outstanding balance of $1,000.00 **within seven (7) days** of this Order. Failure to comply with this Order shall constitute an independent basis for dismissal. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court notes that, despite the denial of his motion, Plaintiff has received the benefit of nearly all his requested delay.