IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LINDSAY O'BRIEN QUARRIE,

    Plaintiff,

v.                                                                         Civ. No. 17-350 MV/GBW

STEPHEN WELLS, *et al.*,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before me on Defendants' Motion to Tax Costs (*doc. 455*) pursuant to the Court's Order of Reference (*doc. 85*). Having reviewed the Motion and the attendant briefing (*docs. 460, 461*), I recommend that the Court award Defendants costs in the amount of $5,032.81.

    I.        Procedural Posture

On July 7, 2021, the Court granted Defendants' Motion for Summary Judgment and dismissed all of Plaintiff's claims with prejudice. *Doc. 453*. On July 22, 2021, Defendants filed their Motion to Tax Costs pursuant to Federal Rule of Civil Procedure 54(d), seeking taxation of expenses necessary to the litigation as the prevailing party. *Doc. 455*. In accordance with Local Rule 54.1, Defendants attached an itemized cost bill and an affidavit by Defendants' counsel declaring that the itemized costs are allowable by law, correctly stated, and necessary to the litigation. *Docs. 455-1, 455-2*. Defendants

request taxation of $5,602.34 in deposition costs. *Doc. 455* at 4. On August 5, 2021, Plaintiff filed a response in opposition. *Doc. 460*. Defendants filed a reply on August 19, 2021. *Doc. 461*.

Meanwhile, on August 3, 2021, Plaintiff filed a notice of appeal. *Doc. 456*. This Court retains jurisdiction over the present Motion as a collateral matter. *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." The decision to award costs rests within the district court's discretion; however, its discretion to deny costs is limited in two respects. *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009). First, Rule 54 creates a presumption in favor of awarding costs. *Cantrell v. Int'l Brotherhood of Elec. Workers*, 69 F.3d 456, 458–59 (10th Cir. 1995). Second, a denial is "in the nature of a severe penalty," such that a court denying costs must state its reasons. *Debord v. Mercy Health Sys. of Kan., Inc.*, 737 F.3d 642, 659 (10th Cir. 2013) (quoting *Marx v. Gen. Revenue Corp.*, 668 F.3d 1174, 1182 (10th Cir. 2011)). Permissible reasons to deny costs include: (1) the prevailing party is only partially successful, (2) the prevailing party was obstructive or acted in bad faith in the course of litigation, (3) damages are only nominal, (4) the non-prevailing party is indigent, (5) the costs are unreasonably high, or (6) the issues were close and difficult. *Id*. at 659–60.

The prevailing party has the burden of proving that the itemized costs are taxable and that the amounts are reasonable. *In re Williams Sec. Litig.*, 558 F.3d at 1148. When that burden is met, the non-prevailing party has the burden of overcoming the presumption in favor of awarding costs. *Id*.

### III.   ANALYSIS

Plaintiff argues that the Court should deny Defendants' motion pursuant to Local Rule 7.1 or, in the alternative, reduce their taxable costs pursuant to Local Rule 54.2. *Doc. 460* at 7.

#### A.  Local Rule 7.1

As Plaintiff points out, Defendants' motion does not state that Defendants attempted to confer with Plaintiff to determine whether the motion is opposed. *See generally doc. 455*. In their reply, Defendants contend that they were not required to confer with Plaintiff because a cost bill "is not a typical Motion seeking relief from the Court" and thus "cannot [be] 'oppose[d].'" *Doc. 461* at 1–2. Defendants' position is unsupported and erroneous. Local Rule 54.1 is clear that the submission of a cost bill must be in the form of a motion, which must comply with the requirements of Local Rule 7. D.N.M.LR-Civ. 54.1.

I do not recommend denying Defendants' motion on this basis. Local Rule 7.1 provides that a motion "*may* be summarily denied" if it does not include a "recitation of a good-faith request for concurrence." D.N.M.LR-Civ. 7.1(a) (emphasis added). The

3

permissive "may" signals that the decision to deny a motion on this basis is within the Court's discretion. *See Long v. United States*, 2007 WL 9698264, at *5 (D.N.M. Aug. 31, 2007) (unpublished). In light of the contentious history of this case, I do not find any prejudice to Plaintiff or disruption to the Court in Defendants' failure to confirm that the motion for costs was opposed.

### B. Local Rule 54.2

Under Local Rule 54.2, the prevailing party may tax the cost of a deposition transcript when it is "reasonably necessary to the litigation." D.N.M.LR-Civ. 54.2(b)(1). A deposition is reasonably necessary to the litigation when:

(A) a substantial portion of the deposition is admitted into evidence or used at trial for impeachment purposes;
(B) the deposition is used by the Court in ruling on a motion for summary judgment; or
(C) the Court so determines.

D.N.M.LR-Civ. 54.2(b)(2). Plaintiff argues that, under this standard, the Court should deny costs for depositions that (1) were neither cited by the parties nor used by the Court in deciding the motion for summary judgment, and (2) were cited by the parties and/or used by the Court but not in substantial portions. *Doc. 460* at 3–8.

The following depositions were not cited by the parties or used by the Court in resolving Defendants' motion for summary judgment: Plaintiff; Sara Grijalva (as an individual); Defendant Stephen Wells (as an individual); Lorie Liebrock (as an individual); Kenneth Minschwaner (as an individual); David Hostutler; and Daniel

4

Lopez. *Doc. 455* at 3; *doc. 460* at 3–6. With the exception of Plaintiff and Dr. Hostutler, these depositions were taken by Plaintiff. *Doc. 455* at 3. Defendants argue that these deposition costs should be allowed because "[e]ach of these witnesses had a substantial connection to this case and their testimony was necessary to defend the litigation." *Id.* at 4. Defendant cites to an out-of-circuit district court case for the "substantial connection" standard. *Id.* at 3 (citing *Soler v. McHenry*, 771 F. Supp. 252, 255–56 (N.D. Ill. 1991)). I find no support for applying such a standard in the Tenth Circuit.

While "actual use" of a deposition by counsel or the Court is the "most direct evidence of 'necessity,'" the Court "is nonetheless empowered to find necessity" even if the deposition is not ultimately used. *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998). The Tenth Circuit has explained that "caution and proper advocacy may make it incumbent on counsel to prepare for all contingencies which may arise during the course of litigation which include the possibility of trial." *Id*. Therefore, the Court must not "employ the benefit of hindsight" but rather consider the "particular facts and circumstances at the time the expense was incurred." *Id*. Where a deposition "appeared to be reasonably necessary at the time it was taken," the associated costs should be allowed. *Allison v. Bank One-Denver*, 289 F.3d 1223, 1249 (10th Cir. 2002). On the other hand, costs are not recoverable if they "merely added to the convenience of counsel." *In re Williams Sec. Litig.*, 558 F.3d at 1147 (citation and internal quotation marks omitted).

In *Callicrate*, the Tenth Circuit found that depositions taken by the non-prevailing party were taxable, especially those taken of the prevailing party's employees and representatives. 139 F.3d at 1341. Because it would have appeared reasonably necessary to Defendants to review depositions taken by Plaintiff to prepare for litigation, I recommend allowing costs for the following depositions taken by Plaintiff: Ms. Grijalva (as an individual); Defendant Wells (as an individual); Dr. Liebrock (as an individual); Dr. Minschwaner; and Dr. Lopez.

As to the deposition of Plaintiff, Plaintiff objects that "the only purpose for this deposition was discovery." *Doc. 460* at 6 n.3. There is some authority in this circuit for denying costs for depositions taken "solely for discovery." *Furr v. AT&T Techs., Inc.*, 824 F.2d 1537, 1550 (10th Cir. 1987). However, I do not recommend applying this rule to Plaintiff's deposition. The deposition of a party is unmistakably necessary to the litigation. *Perry v. Taser Int'l Corp.*, 2008 WL 4829850, at *1 (D. Colo. Nov. 4, 2008) (unpublished) ("[I]t would strain credulity to conclude that a deposition of the plaintiff is not necessary in this case, or, indeed, most cases."); *Mitchell v. City of Moore*, 218 F.3d 1190, 1204 (10th Cir. 2000) ("If the depositions of the three named individual defendants in the case are not necessary to the litigation, we fail to see how any deposition would qualify as a recoverable cost."). The cost of Plaintiff's deposition is taxable.

Plaintiff also objects to the cost of his deposition. *Doc. 460* at 6 n.3. The cost of Plaintiff's deposition is quite high in comparison to all other depositions in this case.

6

*Doc. 455-1* at 1 (itemized cost bill showing $1,383.66 for Plaintiff's deposition and amounts below $600 for all other depositions).  However, this discrepancy may be explained by the fact that Plaintiff's deposition was longer and involved more exhibits than the others.  *Compare, e.g.*, *doc. 455-1* at 4 (invoice for Dr. Hostutler's deposition consisting of 109 pages and 36 exhibits) *with id.* at 11 (invoice for Plaintiff's deposition consisting of 275 pages and 108 exhibits).  While the Tenth Circuit has noted that the amount of the costs awarded must be reasonable, the burden falls on the non-prevailing party to establish the unreasonableness of any amount.  *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988), *overruled on other grounds as recognized by Anixter v. Home–Stake Prod. Co.*, 77 F.3d 1215, 1231 (10th Cir. 1996).  Plaintiff does not provide any evidence that the amount charged by the court reporter was so unreasonable as to justify overcoming the presumption in favor of awarding costs.[1]

As to Dr. Hostutler's deposition, Defendants' argument for taxing the cost is that "at the time when Plaintiff was a PhD candidate, Dr. Hostutler, Dr. Minschwaner, Dr. Bhaskar, and Dr. Teare served on Plaintiff's advisory committee."  *Doc. 455* at 3–4.  While it is reasonable that Defendants found it necessary to prepare to litigate Plaintiff's history as a PhD candidate, the mere fact of Dr. Hostutler's presence on Plaintiff's advisory committee fails to establish the reasonable necessity of his deposition in

---

[1] Plaintiff speculates that the high cost of his deposition may have been due to the fact that it was videotaped.  *Doc. 460* at 6 n.3.  Defendants confirm that they are not seeking to tax the costs associated with videotaping the deposition.  *Doc. 461* at 2–3 n.1.

particular. As the three other members of Plaintiff's advisory committee were also deposed (and one member twice), Dr. Hostutler's deposition would seem to be redundant. Because Defendants have not carried their burden of establishing the reasonable necessity of Dr. Hostutler's deposition, I recommend that the cost of this deposition be excluded from the final cost bill.

The following depositions were cited by the parties in their briefing of the motion for summary judgment: Defendant Wells (as corporate representative); Dr. Liebrock (as corporate representative); Scott Teare; Bhaskar Majumdar (as corporate representative); Dr. Majumdar (as an individual); and Ms. Grijalva (as corporate representative). *Doc. 455* at 2–3. Plaintiff argues that these costs are not recoverable because the portions used were "not substantial." *Doc. 460* at 3–6. With this argument, Plaintiff conflates two different standards under Local Rule 54.2. While depositions admitted into evidence or used at trial must be of "a substantial portion," no such qualification applies to depositions used on a motion for summary judgment. D.N.M.LR-Civ. 54.2(b)(2)(A)–(B). Because these depositions were cited in the parties' summary judgment briefing, they are fully taxable under Local Rule 54.2(b)(2)(B).

### IV. CONCLUSION

For the foregoing reasons, I RECOMMEND granting in part Defendants' Motion to Tax Costs (*doc. 455*) and reducing the total taxable cost by the cost of Dr. Hostutler's

deposition ($569.53). I therefore RECOMMEND awarding Defendants costs in the amount of $5,032.81.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**