IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LINDSAY O'BRIEN QUARRIE,

     Plaintiff,

v.                                                    Civ. No. 17-350 MV/GBW

STEPHEN WELLS, *et al.*,

     Defendants.

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, AND GRANTING IN PART DEFENDANTS' MOTION TO TAX COSTS

**THIS MATTER** comes before the Court on Plaintiff's Objections (Doc. 464) to

Magistrate Judge Wormuth's Proposed Findings and Recommended Disposition

("PFRD") (Doc. 463), recommending that the Court award Defendants costs in the

amount of $5,032.81.  Having conducted an independent, *de novo* review of this Matter,

the Court OVERRULES Plaintiff's objections, ADOPTS the PFRD, GRANTS Defendants'

Motion to Tax Costs IN PART, and AWARDS Defendants $5,032.81 in costs.

## BACKGROUND

On July 7, 2021, the Court granted Defendants' Motion for Summary Judgment

(Doc. 410) and dismissed with prejudice all of Plaintiff's claims against them.  *See* Doc.

453 at 18.  Approximately two weeks later, Defendants moved the Court to award them

the costs arising from thirteen depositions pursuant to Federal Rule of Civil Procedure

54(d).  *See* Doc. 455 ("Motion"); Doc. 455-1.  Plaintiff responded in opposition on August

5, 2021.  *See* Doc. 460.  Briefing was complete on this Motion on August 19, 2021, *see*

Doc. 462, with the filing of Defendants' reply, *see* Doc. 461.

On August 30, 2021, Magistrate Judge Wormuth entered a PFRD recommending

"that the Court award Defendants costs in the amount of $5,032.81."  *See* Doc. 463 at 1.

He found that the Court should not deny Defendants' costs pursuant to Local Rule 7.1

for failing to meet and confer with Plaintiff about their requested cost award before

filing their Motion since this failure did not prejudice Plaintiff or the Court.  *See id.* at 3-

4.  He also found that the costs arising from twelve of the thirteen depositions were

taxable: five because Plaintiff had noticed the depositions, six because they were

reasonably necessary for the litigation, and one because it was of Plaintiff, a named

party.  *See id.* at 4-7.  He further found that the thirteenth deposition—that of Dr. David

Hostutler—was redundant and recommended that the Court not award costs arising

from it.  *See id.* at 7-8.  Fifteen days later, Plaintiff filed untimely objections.  *See id.* at 9

(notifying Plaintiff that objections must be filed by September 13, 2021); Doc. 464 (filed

on September 14, 2021).

## LEGAL STANDARD

The Court may assign a magistrate judge "duties as are not inconsistent with the

Constitution and laws of the United States."  28 U.S.C. § 636(b)(3).  These duties include

post-judgment matters, such as cost awards.  *See Colo. Bldg. & Constr. Trades Council v.*

*B.B. Andersen Constr. Co.*, 879 F.2d 809, 811 (10th Cir. 1989); *Tilghman v. Kirby*, Case No. CIV-13-73-D, 2016 WL 11473558, at *1 n.1 (W.D. Okla. June 21, 2016).  Findings and recommendations by magistrate judges on these matters are subject to *de novo review* upon the filing of timely objections.  *See Colo. Bldg.*, 879 F.2d at 811 ("[A] magistrate exercising additional duties jurisdiction remains constantly subject to the inherent supervisory power of the district judge and the judge retains the ultimate responsibility for decision making in every instance." (internal quotation marks and citation omitted)); *cf. Ins. Co. of N. Am. v. Bath*, 968 F.2d 20, 1992 WL 113746, at *2 (10th Cir. 1992) (unpublished table decision) (holding that a magistrate judge's resolution of post-judgment motion for attorney's fees is subject to *de novo* review).

When conducting a *de novo* review of a magistrate judge's PFRD, the Court "may accept, reject, or modify [it], in whole or in part, … receive further evidence[,] or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1)(C).  The Court need not "make any specific findings" when conducting its review.  *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000).  "[A] brief order expressly stating the court conducted de novo review is sufficient."  *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996); *see also Garcia*, 232 F.3d at 766 (finding sufficient a "terse" order containing one sentence for each of the party's "substantive claims," which did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion"); *Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42*, 8 F.3d 722,

724 (10th Cir. 1993) ("[E]xpress references to de novo review in [a district court's] order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise.").

**ANALYSIS**

Plaintiff disputes Defendants' entitlement to costs on three grounds: (i) Defendants failed to meet and confer with him about these costs as required by Local Rule 7.1 before moving the Court to award them; (ii) eleven of the depositions for which Defendant seek costs were not reasonably necessary to litigation; and (iii) the costs that Defendants claim for his deposition are excessive.  *See* Doc. 464 at 2-5; Doc. 460 at 1-7. None of these arguments is convincing.

## I.   Noncompliance with Local Rule 7.1

Summarily denying Defendants' costs for not complying with Local Rule 7.1 is inappropriate.  Local Rules 7 and 54 require prevailing parties to determine whether other parties oppose their motion to tax costs and include a "recitation of a good-faith request for concurrence" in their motion.  D.N.M.LR-Civ. 7.1(a), 54.1.  "[A] motion that omits [this] recitation … *may* be summarily denied."  *Id.* 7.1(a) (emphasis added); *see also Smith v. Auto-Owners Ins. Co.*, Case No. 15-cv-1153 SMV/GBW, 2016 WL 11117291, at *2 (D.N.M. Oct. 5, 2016) ("[S]ummary denial of [a] motion due to an omission of a recitation of a good-faith request for concurrence is discretionary." (citing *United States v. 16 Mounts, Rugs & Horns Protected by the Endangered Species Act*, 124 F. Supp. 3d 1174,

4

1176 (D.N.M. 2015), and *Young v. Nationstar Mortg. (In re Young),* Bankruptcy Nos. 13-12166-t11, 1:14-CV-01143-JB-LF, 2015 WL 11718113, at *1 (D.N.M. Oct. 28, 2015), *report and recommendation adopted sub nom. In re Young,* 546 B.R. 218 (D.N.M. 2015))).  Local Rules, though, should not be used to perpetuate injustice.  *See* D.N.M.LR-Civ. 1.7 (allowing the Court to waive local rules to avoid injustice).

Here, denying Defendants costs for not requesting in advance Plaintiff's concurrence on their Motion to Tax Costs would be unjust.  The purpose of Local Rule 7.1(a) is for parties "to work together to prevent the filing of a needless motion." *Sanders v. USAA Cas. Ins. Co.,* No. 19-cv-0895 KWR/SMV, 2020 WL 486978, at *4 (D.N.M. Jan. 30, 2020); *see also New Mexico ex rel. Balderas v. Valley Meat Co., LLC,* No. CIV 14-1100 JB/KBM, 2015 WL 3544288, at *20 (D.N.M. May 20, 2015) (holding that the Rule "is designed to encourage parties to contact each other … and work out mutually agreeable solutions").  Meeting and conferring about taxable costs would not have resolved or otherwise narrowed the parties' dispute, as they fundamentally disagree about which depositions' costs are awardable for being reasonably necessary to this litigation.  *See doc. 455* at 2-4 (seeking costs from thirteen depositions); *doc. 460* at 3-7 (opposing awarding the cost of each deposition).  Therefore, Defendants' noncompliance with the Local Rules, while not condoned, amounts to a procedural technicality with no substantive effect.  Imposing the "severe penalty" of denying the prevailing party its

costs, *see Debord v. Mercy Health Sys. of Kan., Inc.*, 737 F.3d 642, 659 (10th Cir. 2013), based on this technicality is unwarranted.

## II.    Depositions Reasonably Necessary to Litigation

Costs arising from the claimed depositions, except that of Dr. Hostutler, are awardable.  Deposition costs should be awarded under Federal Rule of Civil Procedure 54(d)(1) if the deposition was "reasonably necessary to the litigation of the case."  *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009) (quoting *Mitchell v. City of Moore*, 218 F.3d 1190, 1204 (10th Cir. 2000)).  The Tenth Circuit has advised that depositions taken "'solely for discovery'" do not meet this threshold.  *See id.* (quoting *Furr v. AT&T Techs., Inc.*, 824 F.2d 1537, 1550 (10th Cir. 1987)).  It has also admonished, though, that awarding "costs only for depositions received in evidence or used by the court in ruling upon a motion for summary judgment" is too restrictive.  *See Merrick v. N. Nat. Gas Co.*, 911 F.2d 426, 434 (10th Cir. 1990).

Local Rule 54.2(b)(2) reflects this caselaw.  It provides that "[a] deposition is reasonably necessary to the litigation when: (A) a substantial portion of the deposition is admitted into evidence or used at trial for impeachment purposes; (B) the deposition is used by the Court in ruling on a motion for summary judgment; or (C) the Court so determines."  D.N.M.LR-Civ 54.2(b)(2).  When assessing whether a deposition falls into the latter category, the Court must "not employ the benefit of hindsight."  *In re Williams Sec. Litig.*, 558 F.3d at 1148 (internal quotation marks and citation omitted) ("[C]aution

and proper advocacy may make it incumbent on counsel to prepare for all contingencies which may arise during the course of litigation." (quoting *Furr*, 824 F.2d at 1550)).

The following six depositions' costs are awardable pursuant to Local Rule 54.2(b)(2)(B) because the Court considered portions of them cited in the parties' briefing when ruling on Defendants' Motion for Summary Judgment: Defendant Stephen Wells (Rule 30(b)(6)); Dr. Lorie Liebrock (Rule 30(b)(6)); Dr. Scott Teare (individual); Dr. Bhaskar Majumdar (Rule 30(b)(6) and individual); Dr. Sara Grijalva (Rule 30(b)(6)).  *Cf. Dullmaier v. Xanterra Parks & Resorts*, 883 F.3d 1278, 1296 (10th Cir. 2018) (holding that a district court did not abuse its discretion in awarding, pursuant to a local rule in the U.S. District Court for the District of Wyoming analogous to Local Rule 54.2(b)(2), the costs of depositions associated with the parties' summary-judgment briefing and considered by it when adjudicating that briefing).  Admittedly, neither Magistrate Judge Wormuth's PFRD nor the Court's Order Overruling Plaintiff's Objections and Adopting Magistrate Judge's Proposed Findings and Recommended Disposition cite to any of these six depositions.  *See generally* Doc. 445; Doc. 453.  But the parties' briefing on the matter does.  *See* Doc. 455 at 2-3 (listing the briefing's citation to these depositions).  Therefore, the depositions' costs are taxable.

The following five depositions' costs are awardable pursuant to Local Rule 54.2(b)(2)(C) as depositions of Defendants' employees noticed by and taken by Plaintiff:

Dr. Sara Grijalva (individual); Dr. Liebrock (individual); Dr. Kenneth Minschwaner (individual); Dr. Daniel Lopez (individual); and Defendant Stephen Wells (individual). *See* Doc. 455 at 3.  In *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1341 (10th Cir. 1998), the Tenth Circuit held that a district court did not abuse its discretion by awarding the prevailing party costs to obtain copies of depositions that a non-prevailing party noticed and took of its employees even though no party used these depositions in connection with a dispositive motion.  Plaintiff took the depositions of Dr. Grijalva, Dr. Liebrock, Dr. Kenneth Minschwaner, Dr. Lopez, and Defendant Wells from July through September 2020.  Given the procedural posture of the case at the time, it was reasonable for Defendants to obtain copies of these depositions' transcripts to prepare for Plaintiff's possible use of them at a future point in the litigation.  *See Callicrate*, 139 F.3d at 1341.

Finally, Defendants' deposition of Plaintiff is taxable pursuant to Local Rule 54.2(b)(2)(C).  Depositions of named parties are reasonably necessary to the litigation even if they are not ultimately used at trial or in dispositive motions.  *See Mitchell*, 218 F.3d at 1204 (failing to see how any deposition would qualify as a recoverable cost "[i]f the depositions of … named [parties] are not necessary to the litigation"); *Murphy v. City of Farmington*, No. CIV 19-0639 RB/JFR, 2021 WL 4989924, *4 (D.N.M. Oct. 27, 2021) ("The Court would be hard-pressed to find that depositions of parties to a lawsuit were not 'reasonably necessary' to the litigation.").

Plaintiff insists that only the depositions of Dr. Majumdar were reasonably necessary to the litigation because the parties did not use substantial portions of the other depositions in their briefing. *See* Doc. 464 at 4; Doc. 460 at 3-7. This argument ignores the plain text of Local Rule 54.2(b) and binding Tenth Circuit precedent. Local Rule 54.2(b) imposes a substantiality requirement only as to the depositions used at trial. *See* D.N.M.LR-Civ 54.2(b)(2)(A). No such requirement exists for depositions that are used by the Court in ruling on a motion for summary judgment or otherwise determined to be reasonably necessary. *See id.* (B), (C). As noted earlier, the Tenth Circuit has also rejected limiting depositions costs to just those arising from depositions used by the Court to rule on a motion for summary judgment. *See, e.g., Merrick*, 911 F.2d at 434.

## III.     Reasonableness of Claimed Costs

The costs that Defendants seek for the twelve depositions are reasonable. The Court's cost award "must be reasonable." *In re Williams Secs. Litig.*, 558 F.3d at 1148 (quoting *Callicrate*, 139 F.3d at 1339). Plaintiff objects to the costs that Defendants claim for his deposition, noting that the reporting company that transcribed his deposition charged $4.35/page, while the reporting company that transcribed the other depositions charged between $2.65/page and $2.75/page. *See* Doc. 464 at 5; Doc. 460 at 6 n.3; Doc. 455-1. The Court disagrees that $4.35/page is an unreasonable rate for a reporting company in New Mexico to charge to transcribe Plaintiff's deposition. *Cf. Anderson v.*

*Van Pelt*, Civil Action No. 09-cv-00704-CMA-KMT, 2013 WL 856508, at *8 (D. Colo. Mar. 7, 2013) (finding over eight years ago that $4.50/page was a reasonable transcription rate for depositions taken in Louisiana, Florida, and California).

**CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** as follows:

(i)     Plaintiff's Objections (Doc. 464) are **OVERRULED**;

(ii)    Magistrate Judge's PFRD (Doc. 463) is **ADOPTED**;

(iii)   Defendants Motion to Tax Costs (Doc. 455) is **GRANTED IN PART**; and

(iv)    Defendants are **AWARDED** costs in the amount of $5,032.81, collectable

immediately.

   **IT IS SO ORDERED.**

_____
MARTHA VAZQUEZ
Senior United States District Judge